# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| KAIST IP US LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD.;<br>SAMSUNG ELECTRONICS AMERICA, INC.;<br>SAMSUNG SEMICONDUCTOR, INC.;<br>SAMSUNG AUSTIN SEMICONDUCTOR, LLC;<br>GLOBALFOUNDRIES, INC.;<br>GLOBALFOUNDRIES U.S. INC.; and<br>QUALCOMM INC.,<br><br>    Defendants. | Civil Action No.: _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff KAIST IP US LLC ("KAIST IP US") hereby alleges patent infringement against Defendants Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), Samsung Semiconductor, Inc. ("SSI"), and Samsung Austin Semiconductor LLC ("SAS") (collectively, "Samsung"); Defendants GlobalFoundries, Inc. ("GloFo Inc.") and GlobalFoundries US, Inc. ("GloFo US") (collectively, "GloFo"); and Qualcomm Inc. ("Qualcomm") (all the defendants together, "Defendants") as follows:

## THE PARTIES

1. Plaintiff KAIST IP US is a corporation organized and existing under the laws of the State of Texas, having a principal place of business at 2591 Dallas Parkway, Frisco, Texas 75034.

2. Defendant SEC is a corporation organized and existing under the laws of the Republic of Korea, and located at 129 Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, Republic of Korea.

3. Defendant SEA is a corporation organized and existing under the laws of the state of New York, with corporate offices in the Eastern District of Texas at 1301 E. Lookout Drive, Richardson, Texas 75082, and 2800 Technology Drive, Suite 200, Plano, Texas 75074, and is believed to be a wholly-owned subsidiary of SEC.  Defendant SEA may be served with process through its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

4. Defendant SSI is a corporation organized and existing under the laws of the State of California, and is located at 3655 North First Street, San Jose, California 95134, and is believed to be a wholly-owned subsidiary of SEA.  Defendant SSI may be served with process through its registered agent National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

5. Defendant SAS is a limited liability company organized and existing under the laws of the State of Delaware, and is located at 12100 Samsung Boulevard, Austin, Texas 78754, and is believed to be a wholly owned subsidiary of SSI.  Defendant SAS operates the semiconductor fabrication plant known as the "S2-Line" in Austin, Texas, which manufactures semiconductors pertinent to this Complaint.  Defendant SAS may be served with process through its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

6. Defendants SEC and SEA have "Authorized Resellers" (*e.g.*, Fry's Electronics at 700 E. Plano Parkway, Plano, Texas 75074; OfficeMax Store #6569 at 5361 S. Broadway, Tyler, Texas 75703; Best Buy Store #238 at 5885 Eastex Freeway, Beaumont, Texas 77706; and Rent-

A-Center at 111 State Highway 64 W, Henderson, Texas 75652), and "Authorized Internet Resellers" (*e.g.*, Amazon.com and CDW.com), which sell products pertinent to this Complaint to consumers throughout this District.

7. Defendant SSI has sales representatives throughout this District, including West Associates, LLC, at 2745 Dallas Parkway, Suite 460, Plano, Texas 75093, which sell products pertinent to this Complaint.

8. Defendant GloFo Inc. is a company organized and existing under the laws of the Cayman Islands, having an address at P.O. Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands.

9. Defendant GloFo US is a corporation organized and existing under the laws of the State of Delaware, and located at 2600 Great America Way, Santa Clara, California 95054. Defendant GloFo operates the semiconductor fabrication plant known as "Fab 8" in Malta, New York, which manufactures semiconductors pertinent to this Complaint. Defendant GloFo US may be served with process through its registered agent Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

10. Defendant GloFo manufactures and sells semiconductors pertinent to this Complaint, including under license from and on behalf of Defendant Samsung, which are used in products that are sold throughout the United States, the State of Texas, and the Eastern District of Texas.

11. Defendant Qualcomm is a corporation organized and existing under the laws of the State of Delaware, with a corporate office located at 5775 Morehouse Drive, San Diego, California 92121. Defendant Qualcomm may be served with process through its registered agent Prentice Hall Corp System, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

1239678

## JURISDICTION; VENUE; JOINDER

12. This action arises under the patent laws of the United States, Title 35 of the United States Code ("U.S.C.") § 101 *et seq*.

13. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338(a).

14. Each Defendant is subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the Texas Long Arm Statute.

15. Personal jurisdiction exists generally over the Defendants because each Defendant has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and the Eastern District of Texas, and Defendants SEA, SSI, SAS, GloFo US, and Qualcomm are registered with the Secretary of State to do business in the State of Texas. Personal jurisdiction also exists over each Defendant because it, directly or through subsidiaries or intermediaries, makes, uses, sells, offers for sale, imports, advertises, makes available, and/or markets products within the State of Texas and the Eastern District of Texas that infringe one or more claims of patent asserted in this Complaint, as alleged more particularly below.

16. Venue in this District is proper under 28 U.S.C. §§ 1400(b) and 1391(b) and (c) because each Defendant is subject to personal jurisdiction in this District and has committed acts of infringement in this District.  Each Defendant makes, uses, sells, and/or offers to sell infringing products within this District, has a continuing presence within the District, and has the requisite minimum contacts with the District such that this venue is a fair and reasonable one. Upon information and belief, each Defendant has transacted, and at the time of the filing of the Complaint, is continuing to transact business within this District.

4

1239678

17.     Defendants are properly joined under 35 U.S.C. § 299(a)(1) because, as set forth in greater detail below, Defendants Samsung, GloFo, and Qualcomm commonly and/or jointly manufacture semiconductors and/or sell infringing application processor chips, such that at least one right to relief is asserted against Defendants jointly, severally, and in the alternative with respect to the same transactions, occurrences, or series of transactions or occurrences relating to the making, using, selling, and/or offering to sell in, and/or importing into the United States the same accused products.

18.     Defendants are properly joined under 35 U.S.C. § 299(a)(2) because, as set forth in greater detail below, the Defendants make, use, sell and/or offer to sell in, and/or import into the United States the same or similar accused application processor chips for use in the same or similar accused products, such that questions of fact will arise that are common to all Defendants.

## BACKGROUND

19.     United States Patent No. 6,885,055, entitled "Double-Gate FinFET Device And Fabricating Method Thereof" (the "'055 Patent"), issued on April 26, 2005.  A Certificate of Correction for the '055 Patent issued on September 13, 2016.  A true and correct copy of the '055 Patent is attached hereto as Exhibit A.

20.     KAIST IP US owns by assignment all right, title, and interest in and to the '055 Patent, including the right to all remedies for past and ongoing infringement thereof.  KAIST IP US is the international branch of KAIST IP Co., Ltd. ("KAIST IP"), which is an entity formed to promote the intellectual property of and technology developed by the Korea Advanced Institute of Science and Technology ("KAIST"), one of South Korea's premiere research universities.

21. KAIST was founded in 1971 as Korea's first research-oriented science and engineering institution, has over 9,000 students and 1,100 faculty researchers today, and holds more than 3,300 registered patents worldwide. KAIST has ranked 1st in Korea and 21st in the world for engineering and information technologies. In 2015, Thomson Reuters named KAIST as the 10th most innovative institution in the world, and the Times Higher Education ranked KAIST as the 3rd best university in the world under 50 years old.

22. The sole inventor of the '055 Patent is Jong-Ho Lee, who is currently a Vice Dean of the College of Engineering and a Professor in the Department of Electrical and Computer Engineering, at Seoul National University ("SNU"). Prof. Lee is the inventor on over 80 patents worldwide, the author of over 500 technical publications, and has served on committees for technology advancement and education in the Korean Ministry of Science & Technology.

23. Prof. Lee is also an Institute of Electrical and Electronics Engineers ("IEEE") Fellow, which is a distinction reserved for select IEEE members with extraordinary accomplishments, and a committee member of the IEEE International Electron Devices Meeting, which is the preeminent forum for technological breakthroughs in the areas of semiconductor and electronic device technology, design, manufacturing, physics, and modeling.

**SAMSUNG COPIES THE PATENTED WORK OF PROFESSOR LEE**

24. The '055 Patent is directed towards "FinFET" devices, a type of field-effect transistor. It has been cited by or against over 180 patents and patent applications, including numerous patents and applications owned by Defendants Samsung and GloFo.

25. Since the 1950s, the two-dimensional planar transistor has been the fundamental building block of modern integrated circuits or chips. Transistors are semiconductor devices that are formed on wafers. Wafers contain multiple, identical chips. Individual chips are cut from

6

1239678

the wafers and packaged.  For decades, the industry was able to shrink the features of these transistors, building more transistors into a given area with each new generation of process technology.  This trend is commonly referred to as Moore's Law.  However, the planar transistor neared its limits as the scale of certain elements in the transistor became so small that it affected performance and functionality.

26.     Prof. Lee started researching semiconductor technologies in the 1980s.  By the late 1990s, Prof. Lee focused his research in the novel direction of "bulk" three-dimensional ("3D") or non-planar structures, such as FinFET devices.  During the course of this research, Prof. Lee discovered his bulk FinFET invention, which is claimed in the '055 Patent.  The '055 Patent invention enables, among other things, dramatically greater performance and lower power consumption, with down-scaling of the area, as compared to the previous planar technology.

27.     After inventing the subject matter in the '055 Patent, Prof. Lee invited Defendant Samsung to collaborate with him on his FinFET research and design.  However, executives at Defendant Samsung were dismissive of Prof. Lee, who was a professor at a small university at the time, and rejected his invention, under the mistaken belief that planar transistor technology was irreplaceable, and that FinFET technology was just a fad.

28.     Prof. Lee's pioneering vision would, however, prove to be an incredibly important advancement in semiconductor technology.  As its competitors in the industry turned to FinFET technology, Defendant Samsung found itself at a significant commercial disadvantage.

29.     Although Defendant Samsung as a company refused to take the importance and value of FinFET technology seriously, individual Samsung engineers recognized the importance of Prof. Lee.  For example, in January 2006, Samsung engineers invited Prof. Lee to present on the application of his bulk FinFETs.  By this time, not only did Defendant Samsung have access

to the issued '055 Patent, Prof. Lee provided a technology roadmap for 3-D transistors to Defendant Samsung.

30. Samsung engineers also sought to collaborate with Prof. Lee on experimental FinFET designs and processes that built on his original work. Despite having dismissed Prof. Lee's original bulk FinFET invention, Defendant Samsung considered the new designs based on Prof. Lee's work to be important enough that it filed for patent protection in Korea and the United States on the improvements to Prof. Lee's original work.

31. Unlike Defendant Samsung, Intel Corporation ("Intel") saw the promise in Prof. Lee's work early on. In 2011, Intel announced "a fundamentally different technology for future microprocessor families: 3D transistors manufactured at 22 nm," and subsequently licensed Prof. Lee's invention, as publicly disclosed in the assignment record of Korean Patent No. 10-0458288.

32. By 2014, Intel chips based on a 3D transistor were in mass production. Intel also announced its "2nd generation 3D tri-gate transistors for 14 nm technology," at a time when Defendants Samsung and GloFo, were still grappling with 28 nm and 20 nm planar technology.

33. By this time, Defendant Samsung recognized that it had made a significant strategic error, and squandered a golden opportunity, by refusing to collaborate with Prof. Lee. Thus, shortly after Intel's announcement, Defendant Samsung contacted Prof. Lee and asked him to educate its engineers on bulk FinFETs for 14 nm logic applications.

34. In February, April and September 2012, Prof. Lee gave additional presentations and a series of lectures to Defendant Samsung and its engineers on bulk FinFETs for the 14 nm logic technology node.

35. Prof. Lee offered Defendant Samsung yet another chance to license his invention. However, Defendant Samsung balked again. Although Defendant Samsung could no longer dismiss the importance and value of the technology, it still refused to respect Prof. Lee's patent rights. By copying Prof. Lee's invention without paying for a license, Defendant Samsung was able to leap-frog development time and cost, continuing a pattern of appropriating Prof. Lee's work without attribution or fair compensation.

36. In December 2012, after Prof. Lee provided a technology tutorial on his work to Samsung engineers, Defendant Samsung suddenly announced that it had reached a "milestone in the development of 14-nanometer (nm) FinFET process technology."

37. By February 2014, Defendant Samsung announced its first generation FinFET technology, Low-Power Early or Enhanced ("LPE"), for 14 nm bulk FinFET chips.

38. In February 2015, Defendant Samsung announced mass production of its 14 nm FinFET mobile application processor, which takes place at several foundries, including the Texas S2-Line.

39. In March 2015, Defendant Samsung announced its first smartphones to incorporate its 14 nm FinFET processors, the Samsung Galaxy S6 and the Samsung Galaxy S6 Edge, which went on sale in the United States in April 2015. Other products that use Samsung's first generation 14 nm FinFET processors include, but are not limited to, the Samsung Galaxy S6 Active, Galaxy S6 Edge+, and Galaxy Note 5.

40. In January 2016, Defendant Samsung announced mass production of its second generation FinFET technology for 14 nm chips, Low-Power Plus ("LPP"). These second generation 14 nm FinFET processors are incorporated into at least the Samsung Galaxy S7 and

9

Galaxy S7 Edge. Defendant Samsung also manufactures Defendant Qualcomm's Snapdragon 820 chip with its 14 nm bulk FinFET technology.

41. In April 2016, Defendant Samsung announced a third generation 14 nm bulk FinFET technology.

42. In less than four years, after copying Prof. Lee's patented bulk FinFET invention, Defendant Samsung went from using virtually no FinFET technology to being one of the industry leaders in FinFET production.

## JOINT VENTURE BETWEEN SAMSUNG AND GLOFO

43. In April 2014, Defendants Samsung and GloFo announced "a new strategic collaboration to deliver global capacity for 14 nanometer (nm) FinFET process technology." The announcement further stated that "[f]or the first time, the industry's most advanced 14nm FinFET technology will be available at both Samsung and GLOBALFOUNDRIES [*sic*], giving customers the assurance of supply that can only come from true design compatibility at multiple sources across the globe. The new collaboration will leverage the companies' worldwide leading-edge semiconductor manufacturing capabilities, with volume production at Samsung's fabs in Hwaseong, Korea and Austin, Texas, as well as GLOBALFOUNDRIES' [*sic*] fab in Saratoga, New York."

44. According to Defendants Samsung and GloFo, their 14 nm FinFET platform "taps the benefits of three-dimensional, fully depleted FinFET transistors to overcome the limitations of planar transistor technology, enabling up to 20 percent higher speed, 35 percent less power and 15 percent area scaling over industry 20nm planar technology."

10

45. In April 2015, Defendant GloFo announced that it had begun production of 14 nm chips for its customers. Defendant GloFo's manufacturing takes place at several foundries, including Fab 8 in Malta, New York.

46. In November 2015, Defendant GloFo announced "the availability of FX-14, an application-specific integrated circuit (ASIC) offering built on the company's next-generation 14nm FinFET process technology."

47. None of Defendants Samsung, GloFo, or Qualcomm has been or is currently licensed to make, use, sell, and/or offer to sell in, and/or import into the United States, or otherwise practice, the '055 Patent invention.

48. On information and belief, Defendants Samsung, GloFo, and Qualcomm have reaped and will continue to reap billions of dollars in chip and smartphone revenues based on utilizing Prof. Lee's patented invention without a license.

## THE ACCUSED INSTRUMENTALITIES

49. Defendant Samsung makes, uses, sells, and/or offers to sell in, and/or imports into the United States semiconductor devices, processor chips incorporating such semiconductor devices, and/or consumer products incorporating such processor chips that infringe at least Claims 1-7, 9-17, and 19 of the '055 Patent ("Samsung Infringing Instrumentalities").

50. Samsung Infringing Instrumentalities include, but are not limited to, Defendant Samsung's bulk FinFET technologies, such as its 14 nm bulk FinFET technologies ("Samsung FinFET Technology"); processor chips that are manufactured using Samsung FinFET Technology ("Samsung Chips"), such as Defendant Samsung's Exynos series of chips, *e.g.*, Exynos 7 Octa 7420, Exynos 7 Quad 7570, Exynos 7 Octa 7870, Exynos 8 Octa 8890, and Exynos 8895, and Defendant Qualcomm's Snapdragon series of chips, *e.g.*, 820 and 821 chips

11

("Qualcomm Chips"); and Defendant Samsung's Galaxy line of mobile devices, *e.g.*, Galaxy S6, Galaxy S6 Edge, Galaxy S6 Active, Galaxy S6 Edge+, Galaxy Note 5, Galaxy Tab A 10.1, Galaxy J7, Galaxy S7, and Galaxy S7 Edge ("Samsung Products").

51. Defendant GloFo makes, uses, sells, and/or offers to sell in, and/or imports into the United States semiconductor devices and/or processor chips incorporating such semiconductor devices that infringe at least Claims 1-7, 9-17, and 19 of the '055 Patent ("GloFo Infringing Instrumentalities").

52. GloFo Infringing Instrumentalities include, but are not limited to, Defendant GloFo's bulk FinFET technologies, such as its 14 nm bulk FinFET technologies, including but not limited to the licensed Samsung FinFET Technology, part of Defendant GloFo's FX-14 ASIC system, and processor chips that are manufactured using that technology ("GloFo Chips").

53. Defendant Qualcomm makes, uses, sells, and/or offers to sell in, and/or imports into the United States processor chips incorporating Samsung and/or GloFo Chips and/or consumer products incorporating such processor chips that infringe at least Claims 1-7, 9-17, and 19 of the '055 Patent ("Qualcomm Infringing Instrumentalities").

54. Qualcomm Infringing Instrumentalities include, but are not limited to, processor chips that are manufactured using Samsung FinFET Technology, such as Qualcomm Chips.

## COUNT 1

55. Each Defendant has committed and continues to commit acts of direct infringement by making, using, selling, offering to sell, and/or importing Samsung, GloFo, and/or Qualcomm Infringing Instrumentalities, respectively, including but not limited to Samsung FinFET Technology, Chips, and Products; GloFo Chips; and Qualcomm Chips (collectively, the "Accused Instrumentalities").

56. Exhibit B details the manner in which the Accused Instrumentalities infringe the '055 Patent by way of a representative example of Samsung FinFET Technology. For illustrative purposes, Exhibit B charts the Exynos 7 Octa 7420 processor, which is a 64-bit octa-core processor that is fabricated using Samsung FinFET Technology. This particular processor is incorporated into the Samsung Galaxy S6 smartphone, among other products. Upon information and belief, the Samsung, GloFo, and Qualcomm Chips utilize the same or substantially similar FinFET architecture as in the Exynos 7420 processors.

57. Each of Defendants Samsung and GloFo has actual notice of the '055 Patent and its infringing activities relating to the '055 Patent.

58. For example, Defendant Samsung has been aware of the '055 Patent since at least November 6, 2006, when the '055 Patent was cited by or against its own patent applications and patents, including but not limited to U.S. Patent Nos. 7,459,359; 7,148,541; 7,176,067; 7,288,823; 7,394,117; 7,538,386; 7,759,203; and 9,209,177, as well as U.S. Patent Application Nos. 11/316,307; 11/556,804; 11/622,103; and 12/423,404 ("Samsung Patents"). Additionally, in December 2014 through August 2015, Defendant Samsung was put on notice of and/or offered a license to the '055 Patent.

59. For example, Defendant GloFo has been aware of the '055 Patent since at least October 28, 2014, when the '055 Patent was cited by or against its own patent applications and patents, including but not limited to U.S. Patent Nos. 9,318,578; 9,337,315; and 9,337,317 ("GloFo Patents"). Additionally, as early as September 2013, Defendant GloFo was put on notice of and/or offered a licensed to the '055 Patent.

60. Each of Defendants Samsung and GloFo has been and is indirectly infringing the '055 Patent by actively inducing or contributing to the direct infringement by others of the '055 Patent, in the United States, the State of Texas, and the Eastern District of Texas.

61. Each of Defendants Samsung and GloFo induced and continues to induce through affirmative acts, each other defendant and third parties, and the customers of each other defendant and third parties, such as fab-less chip designers and end-consumers of the Samsung Products, to directly infringe the '055 Patent by making, using, selling and/or importing the Accused Instrumentalities.

62. The affirmative acts of inducement by each of Defendants Samsung and GloFo include, but are not limited to, any one or a combination of: (i) designing infringing processors for manufacture according to specification; (ii) collaborating on and/or funding the development of the infringing processors and/or technology; (iii) soliciting and sourcing the manufacture of infringing processors; (iv) licensing and transferring technology and know-how to enable the manufacture of infringing processors; (v) enabling and encouraging the use, sale, or importation of infringing processors; (v) enabling and encouraging the use, sale, or importation of infringing processors by its customers; and (vi) advertising the infringing processors and/or technology.

63. Each of Defendants Samsung and GloFo knew that the conduct it induced would constitute infringement, and intended that infringement at the time it committed the aforementioned acts, such that it acts and conduct have been and continue to be committed with the specific intent to induce infringement, or deliberately avoiding learning of the infringing circumstances at the time it committed these acts so as to be willfully blind to the infringement it induced.

64. Each of Defendants Samsung and GloFo has contributed and continues to contribute to the direct infringement of the '055 Patent by each other defendant and third parties. Each of Defendants Samsung and GloFo imports, exports, makes or sells parts, components, or intermediate products to third parties that, once assembled, infringe upon the '055 Patent by the sale and/or use of the assembled processors and/or devices.

65. Each of Defendants Samsung and GloFo makes, uses, sells and/or offers to sell infringing semiconductor devices and/or processor chips, which are especially made to design and specification, and are not staple products or commodities with substantial noninfringing use.

66. Each of Defendants Samsung and GloFo knew of or was willfully blind to the specialized and non-commodity nature of the infringing semiconductor devices and/or processor chips, and the lack of substantial noninfringing uses.

67. Each of Defendants Samsung and GloFo failed to take adequate steps to determine whether or not it was infringing or would infringe the '055 Patent, despite having been on notice of and lacking permission to practice the '055 Patent.

68. Therefore, each Defendant is liable for infringement of the '055 Patent and each of Defendants Samsung and GloFo's infringement has been and continues to be willful in nature.

69. Plaintiff KAIST IP US has incurred and will continue to incur substantial damages, including monetary damages.

70. Plaintiff KAIST IP US has been and continues to be irreparably harmed by each Defendant's infringement of the '055 Patent.

71. Therefore, Plaintiff KAIST IP US is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

## **REQUEST FOR RELIEF**

72.     WHEREFORE, Plaintiff KAIST IP US respectfully requests that this Court:

a.)     Enter judgment in favor of Plaintiff KAIST IP US that the '055 Patent is valid and enforceable;

b.)     Enter judgment in favor of Plaintiff KAIST IP US that each Defendant has infringed and continues to infringe the '055 Patent, and finding that such infringement is willful;

c.)     Award Plaintiff KAIST IP US all monetary relief available under the patent laws of the United States, including but not limited to actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs pursuant to 35 U.S.C. § 284;

d.)     Order each Defendant to pay ongoing royalties in an amount to be determined for any continued infringement after the date that judgment is entered;

e.)     Declare this case exceptional and award Plaintiff KAIST IP US its reasonable attorney fees pursuant to 35 U.S.C. § 285;

f.)     Enjoin each Defendant, its officers, subsidiaries, agents, servants, and employees, and all persons in active concert with any of the foregoing, from further infringement of the '055 Patent; and

g.)     Grant Plaintiff KAIST IP US all such other relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff KAIST IP US demands a jury trial on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Date: November 29, 2016

Respectfully submitted,

*/s/ Elizabeth L. DeRieux*

Elizabeth L. DeRieux
State Bar No. 05770585
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903) 845-5770
Facsimile: (903) 236-8787
Email: ederieux@capshawlaw.com

Andrew Y. Choung - **LEAD COUNSEL**
Cal. Bar No. 203192 (admitted in E.D. Texas)
Rex Hwang
Cal. Bar No. 221079 (admitted in E.D. Texas)
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Blvd, 19th Fl.
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920
Email: achoung@glaserweil.com
Email: rhwang@glaserweil.com

Jason Sheasby
Cal. Bar No. 205455 (to appear *pro hac vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920
Email: jsheasby@irell.com

*Attorneys for Plaintiff KAIST IP US LLC*

1239678