# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| KAIST IP US LLC,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD.;<br>SAMSUNG ELECTRONICS AMERICA, INC.;<br>SAMSUNG SEMICONDUCTOR, INC.;<br>SAMSUNG AUSTIN SEMICONDUCTOR, LLC;<br>GLOBALFOUNDRIES, INC.;<br>GLOBALFOUNDRIES U.S. INC.; and<br>QUALCOMM INC.,<br><br>    Defendants and Counterclaim-Plaintiffs. | Case No.:  2:16-cv-01314-JRG-RSP<br><br>JURY TRIAL DEMANDED<br><br>Honorable Rodney Gilstrap |

**RESPONSE BY PLAINTIFF KAIST IP US LLC IN OPPOSITION TO
MOTION BY GLOBALFOUNDRIES U.S. INC. TO DISMISS OR, IN THE
ALTERNATIVE, TRANSFER VENUE**

1388876

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ....................................................................................................................2

    A. Procedural History ...........................................................................................................2

    B. Venue In This District.......................................................................................................3

III. VENUE IS PROPER IN THIS DISTRICT .............................................................................5

    A. Glofo US Waived Its Objection To Venue .......................................................................5

    B. Glofo US Has A Regular And Established Place Of Business In This District...............7

        1. Glofo US's Richardson Office Is A Physical Place In This District ..........9

        2. Glofo US's Richardson Office Conducts Regular And Established Business ..9

        3. Glofo US's Richardson Office Is Glofo US's Office ...............................10

IV. GLOFO US HAS FAILED TO JUSTIFY TRANSFER OF ITS CASE ...........................10

    A. Transfer Is Not Convenient For Witnesses.....................................................................11

    B. Access To Sources Of Proof Is More Convenient In This District.................................11

    C. Transfer Would Result In Immense Inefficiency............................................................12

    D. Local Interests Weigh Against Transfer ........................................................................13

V. CONCLUSION.....................................................................................................................14

## TABLE OF AUTHORITIES

### Cases

*Abstrax, Inc. v. Hewlett-Packard Co.*,
  No. 2:14-cv-158-JRG, 2014 WL 5677834 (E.D. Tex. Nov. 4, 2014) ....................................... 8

*Cellular Commc'ns Equip. LLC v. HTC Corp.*,
  No. 6:13-cv-507, 2015 WL 11118110 (E.D. Tex. Mar. 27, 2015) ........................................... 12

*ColorQuick, L.L.C. v. Vistaprint Ltd.*,
  No. 6:09-cv-323, 2010 WL 5261198 (E.D. Tex. Mar. 23, 2010) ............................................. 13

*Hoffman v. Blaski*,
  363 U.S. 335 (1960) ................................................................................................................ 5

*In re Cray, Inc.*,
  No. 2017-129, slip op. (Fed. Cir. Sept. 21, 2017) ......................................................... 7, 9, 10

*In re Google*,
  No. 2017-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017) ...................................................... 11

*In re Volkswagen of Am., Inc.* ("*Volkswagen II*"),
  545 F.3d 304 (5th Cir. 2008) (en banc) .................................................................................. 10

*Intravisual, Inc. v. Fujitsu Ltd.*,
  No. 2:10-cv-90-TJW, 2011 WL 4378080 (E.D. Tex. Sept. 20, 2011) ..................................... 10

*Konami Digital Entm't Co. v. Harmonix Music Sys., Inc.*,
  No. 6:08cv286, 2009 WL 781134 (E.D. Tex. Mar. 23, 2009) .................................................. 12

*Koninklijke Philips N.V. v. ASUSTeK Comp. Inc.*,
  No. C.A. 15-1125, 2017 WL 3055517 (D. Del. July 19, 2017) ............................................ 5, 6

*Nixon v. Warner Commc'ns, Inc.*,
  435 U.S. 599 (1978) ................................................................................................................. 2

*S.E.C. v. Van Waeyenberghe et al.*,
  990 F.2d 845 (5th Cir. 1993) .................................................................................................... 2

*Secure Axcess, LLC v. Trustmark Nat'l Bank*,
  No. 6:13-cv-00788, 2014 WL 3884258 (E.D. Tex. Aug. 7, 2014) ............................................ 8

*Skky, LLC v. Facebook, Inc.*,
  191 F. Supp. 3d 977 (D. Minn. 2016) ....................................................................................... 2

*Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*,
  5 F.3d 28 (3d Cir. 1993) .................................................................................................... 7, 12

*Texas Marine & Brokerage, Inc. v. Euton*,
    120 F. Supp. 2d 611 (E.D. Tex. 2000) ........................................................................................ 7

*ThinkTank One Research, LLC v. Energizer Holdings, Inc.*,
    No. M-15-0389, 2015 WL 4116888 (E.D. Tex. July 7, 2015) .................................................. 13

*Tinnus Enters., LLC v. Telebrands Corp.*,
    No. 6:17-cv-00170-RWS, 2017 WL 3381343 (E.D. Tex. June 21, 2017) ................................. 8

*United States v. Holy Land Found. For Relief & Dev.*,
    624 F.3d 685 (5th Cir. 2010) ...................................................................................................... 2

Plaintiff and Counterclaim-Defendant KAIST IP US LLC ("KAIST IP US") hereby opposes the Motion to Dismiss or, in the Alternative, Transfer Venue ("Motion"), filed under seal at Dkt. No. 75, by Globalfoundries U.S. Inc. ("Glofo US").

## I. INTRODUCTION

The sum total of Glofo US's Motion is based on a conclusory declaration of a few choice "facts." Because these were selected for obviously self-serving reasons and Glofo US refused KAIST IP US's request for venue discovery, they cannot suffice to meet Glofo US's burden to establish improper venue. Indeed, contrary to Glofo US's entire premise, it does have a regular and established place of business that makes venue in this District proper.

Neither Glofo US nor its declarant address the fact that Glofo US has a corporate office in Richardson, Texas. This office represents a regular and established place of business and Glofo US offers no evidence to the contrary. Although the postal address of this office is listed as being in Dallas County, the office is *physically and geographically* in Collin County, which is part of this District. The location of this office is not random. It is essentially down the road from Samsung's own corporate office in this District, which makes sense given that Glofo US is a licensee of and partner with Samsung for the infringing technology in this case.

Additionally, Glofo US also fails to mention that it had the chance to challenge venue months ago. Apparently, after losing the support of the other defendants, Glofo US decided not to file a motion. Only now, after having already litigated extensively in this case, with trial only eight months out, and the Patent Trial and Appeal Board ("PTAB") decision on whether or not to institute *Inter Partes* Review ("IPR") about to issue,[1] Glofo US suddenly wants to challenge venue. This Motion is too little and too late.

---

[1] The PTAB's deadline to issue its institution decision is October 4, 2017.

1
KAIST IP US LLC'S OPPOSITION TO GLOBALFOUNDRIES U.S. INC.'S MOTION TO DISMISS
1388876

In effect, Glofo US is seeking a restart of the litigation just for itself. Given Glofo US's presence in and ties to this District and the other defendants in this case, its conduct in this case, and the untimeliness of its Motion, this should not be permitted. It would make very little sense to dismiss Glofo US when it has tacitly accepted jurisdiction by actively litigating this case, or to sever just Glofo US's portion of the case. Therefore, KAIST IP US respectfully requests that the Court deny Glofo US's Motion in its entirety.[2]

## II. BACKGROUND

### A. Procedural History

On November 29, 2016, KAIST IP US filed this action alleging infringement of U.S. Patent No. 6,885,055 ("'055 Patent") against Defendants Samsung Electronics Co., Ltd. and its U.S. subsidiaries (collectively, "Samsung"); Globalfoundries, Inc. ("Glofo Inc.") and its U.S. subsidiary, Glofo US (collectively, "Glofo"); and Qualcomm Inc. ("Qualcomm"). Dkt. No. 1. On March 6, 2017, each Defendant, including Glofo, filed a substantive answer, including affirmative defenses and counterclaims. Dkt. Nos. 25, 27, and 29. On April 11, 2017, the Court issued its Docket Control Order and set *trial for May 2018*. Dkt. No. 46.

On March 13, 2017, KAIST IP US served its infringement contentions pursuant to the Court's Docket Control Order and the patent local rules. Dkt. No. 46. On May 8, 2017, Defendants, including Glofo US, served their invalidity contentions. Dkt. No. 58. The parties

---

[2] KAIST IP US submits that the sealing of this Motion is improper. Courts have long recognized that the public has a common law right of access to judicial proceedings and records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 599, 597 (1978); *S.E.C. v. Van Waeyenberghe et al.*, 990 F.2d 845, 848 (5th Cir. 1993); *see also United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (holding that there is a "strong presumption that all trial proceedings should be subject to scrutiny by the public"). A motion regarding venue implicates the public interest. *See, e.g.*, *Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 980-81 (D. Minn. 2016). Glofo US has not justified why this Motion should be sealed.

have been engaged in discovery since at least April 2017.

On August 16, 2017, pursuant to the Court's Docket Control Order and the patent local rules, the parties began the claim construction phase of this case. On September 27, 2017, the parties submitted their Joint Claim Construction Statement. Dkt. No. 76. The parties are currently in the midst of claim construction discovery. Claim construction briefing will start on October 25, 2017. Dkt. No. 46.

Defendants previously sought to stay this case based on IPR petitions that they had filed with the PTAB. But the Court denied that motion. Dkt. No. 56. The PTAB will be issuing its decision on whether or not to institute IPR shortly. The deadline to substantially complete document production is right around the corner on November 15, 2017. Dkt. No. 46. The *Markman* hearing follows shortly thereafter on December 20, 2017. *Id.* Trial is set for May 2018. *Id.*

### B. Venue In This District

On June 14, 2017, two of the Samsung defendants, Glofo US, and Qualcomm indicated that they intended to move to dismiss for improper venue. Declaration of Guy M. Rodgers ("Rodgers Decl."), Ex. 1 at 5. The parties met and conferred over the issue, during which KAIST IP US raised a number of alternative accommodations, including the possibility of transferring one or more of these Defendants to the Northern District of Texas. Declaration of Rex Hwang, ¶ 2. However, these Defendants never responded and, importantly, never filed a motion.

Then, on July 31, 2017, over a month and a half later, Glofo US suddenly indicated that it alone wanted to challenge venue. Rodgers Decl., Ex. 1 at 3. Again, KAIST IP US sought to meet and confer, and requested venue discovery from Glofo US. *Id.* at 1. In response, Glofo US

only provided the "Content Declaration," from its Director of Global Environmental Health & Safety & Corporate Social Responsibility, which attested in conclusory terms that Glofo US had no presence in this district. *See* Dkt. No. 75-3. But Glofo US refused to provide any actual evidence from which KAIST IP US could independently test Glofo US's assertion.[3]

However, Glofo US advertises a self-described "Design Center" in Richardson, Texas ("Richardson Office") as part of its "Global Presence" and "Local Support For an Expanding Global Customer Base." Rodgers Decl., Ex. 2. Although the postal address of Glofo US's Richardson Office is in Dallas County in the Northern District of Texas, the office itself straddles the county line with Collin County. Thus, the Richardson Office is *physically and geographically* in this District.

Yet neither Glofo US nor its declarant mention this office at all. Glofo US has not provided any discovery regarding this Richardson Office. For example, Glofo US has not disclosed any of the circumstances of the office's establishment, the nature of the business conducted at this "Design Center," or the relationship to the Samsung Defendants and the licensed technology at issue, any inventory or other relevant items that might be stored there, or the employees in this office and where they reside.

What is known is that this Richardson Office is physically and geographically in this District, and Glofo US has never disputed that the Richardson Office is a regular and established place of business. Rodgers Decl., Ex. 3. The available evidence shows that Samsung is a customer of Glofo US, and is located in this District. For example, since around 2014, Glofo has

---

[3] By sealing this Motion, Glofo US represents that the venue information it submitted therein, supposedly showing that venue is not proper, was confidential and not publicly accessible. Consequently, contrary to Glofo US's assertions, KAIST IP US obviously could not have known any such secret information.

been a licensee of Samsung for the accused FinFET device and operates in a partnership with Samsung to provide foundry capacity to Samsung. *See, e.g.*, *id.*, Ex. 4. Glofo US and Samsung have actively advertised and marketed this relationship with numerous promotional materials. *See, e.g.*, *id.*, Exs. 4-5. *See also* Dkt. No. 27, ¶¶ 43-44, 46 (in which Glofo admits press releases announcing "a new strategic collaboration to deliver global capacity for 14 nanometer (nm) FinFET process technology. For the first time, the industry's most advanced 14nm FinFET technology will be available at both Samsung and GLOBALFOUNDRIES").

In fact, Samsung's own corporate office in this District is less than a mile away. *See id.*, Ex. 6. Glofo US manufactures chips, including the accused chips in this case, for Qualcomm, which has been a customer for the past several years and also had a corporate office in this District. Rodgers Decl., Exs. 7-8. Thus, contrary to Mr. Content's declaration, Glofo US does in fact have customers in this District and does derive revenue from this District. The location of the Richardson Office is deliberate, such as to provide "local support" in this District.

## III.   VENUE IS PROPER IN THIS DISTRICT

### A.   Glofo US Waived Its Objection To Venue

"[V]enue, like jurisdiction over the person, may be waived. A defendant, properly served with process by a court having subject matter jurisdiction, waives venue by failing seasonably to assert it . . . ." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960), *superseded on other grounds by statute*, Pub. L. No. 112-63, 125 Stat. 758. A defense of improper venue may also be waived by actively litigating the suit, even where the defense is properly included in the defendant's answer. *See e.g.*, *Koninklijke Philips N.V. v. ASUSTeK Comp. Inc.*, No. C.A. 15-1125, 2017 WL 3055517, at *2 (D. Del. July 19, 2017) (finding waiver where defendants "(1) participated in a scheduling conference; (2) conducted discovery; (3) entered into a stipulation and protective

order with the plaintiff; and (4) moved the court to allow their out of state counsel to appear *pro hac vice*").

Here, Glofo US has waived venue because it failed to timely move to dismiss, and rather actively litigated this case. Instead of filing a motion back in June, Glofo US opted to continue, conducting significant litigation when its co-defendants apparently thought better of challenging venue. Filing this Motion now in September, four months later, is untimely as well as unexplained. Glofo US offers no excuse for why it waited so long. Indeed, Glofo US does not even attempt to justify why this Court should undo all the work that has gone into this case, and will have gone into this case by the time this Motion is heard and decided, to prepare for trial in early 2018.

Glofo US had ample opportunity to challenge venue early in the case. It just did not. Instead, Glofo US actively participated in the scheduling conference, served discovery requests and responses, produced documents, entered into a stipulated protective order, moved for appearance of its out of state counsel, and exchanged invalidity contentions. Notably, the parties have already engaged in claim construction. By the time the Court hears and decides this motion, the parties will have likely completed claim construction discovery and fully briefed claim construction. Indeed, the Court may even issue its claim construction order before it renders a decision on this motion.

Glofo US's delay in filing this motion and active litigating of this case rise above the threshold for waiver by conduct, and demonstrate that Glofo US has tacitly admitted that venue is in fact proper in the Eastern District of Texas. *See Koninklijke Philips*, No. C.A. 15-1125, 2017 WL 3055517, at *2. This motion is an improper attempt by Glofo US to restart the litigation, in another court, after it has already extensively participated in this case. *See Sunbelt*

*Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 33-34 (3d Cir. 1993) ("We agree with the Fifth Circuit . . . that '[the court] should not sever if the defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issues to be litigated in two places.'") (quoting *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir. 1984)). Therefore, KAIST IP US respectfully submits that Glofo US has waived venue and the Court should deny this Motion.

  **B.**   **Glofo US Has A Regular And Established Place Of Business In This District**

  Even if Glofo US is not deemed to have waived venue, this District is entirely proper because Glofo US has a regular and established place of business here. The Federal Circuit recently identified the standard for determining if a party has a "regular and established place of business" within the meaning of 28 U.S.C. § 1400 as: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray, Inc.*, No. 2017-129, slip op. at 8 (Fed. Cir. Sept. 21, 2017). "In deciding whether a defendant has a regular and established place of business in a district . . . . [t]he 'requirements' listed above and discussed below inform whether there exist the necessary elements, but do not supplant the statutory language." *Id.* at 10.[4] Glofo US's Richardson Office satisfies these jurisdiction requirements.

  In this District, a defendant bears the burden to establish improper venue. *See, e.g.*, *Texas Marine & Brokerage, Inc. v. Euton*, 120 F. Supp. 2d 611, 612 (E.D. Tex. 2000) ("The burden to demonstrate why venue is improper and why the forum should be changed lies with the movant.").

---

[4] Glofo US's Motion relied on this Court's prior *Raytheon* factors. The Federal Circuit's standard presents a higher threshold. Consequently, by meeting the Federal Circuit's standard, KAIST IP US necessarily satisfies this Court's test under the *Raytheon* factors.

Tellingly, Glofo US fails to discuss its Richardson Office at all in this Motion. Glofo US's motion is based entirely on a self-serving declaration that generally denies any presence in this District, without any supporting evidence. Mr. Content, who is located in California (not the Richardson Office), appears to have just ignored the Richardson Office. As the party bearing the burden, Glofo US should have brought to bear all its arguments in its Motion.

Glofo US has an obligation to accurately disclose the pertinent facts underlying this Motion, even if they are not favorable to Glofo US's position. *Abstrax, Inc. v. Hewlett-Packard Co.*, No. 2:14-cv-158-JRG, 2014 WL 5677834, at *3 (E.D. Tex. Nov. 4, 2014) ("The Court relies on defendants to accurately disclose the facts underlying the motions they file. . . . An incomplete recitation of those facts may be just as misleading as an inaccurate recitation."). In fact, it is even more important that Glofo US act with candor since "most, if not all, of the relevant facts are exclusively controlled by the defendant." *Id*. By failing to present any evidence to refute the Richardson Office in its opening brief, Glofo US has not met its burden on this Motion and may not present new arguments in this regard in a reply brief.

To the extent that Glofo US disputes any of the facts presented here, KAIST IP US is entitled to venue discovery. Venue discovery should be ordered where it may be unclear that venue is improper. *See Secure Axcess, LLC v. Trustmark Nat'l Bank*, No. 6:13-cv-00788, 2014 WL 3884258, at *2-3 (E.D. Tex. Aug. 7, 2014) (denying motion to dismiss without prejudice after concluding that "it is unclear whether venue is proper in this District," and ordering that venue-related discovery be conducted before a renewed motion to dismiss or transfer venue is filed); *Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:17-cv-00170-RWS, 2017 WL 3381343, at *1 (E.D. Tex. June 21, 2017) (concluding that venue-related discovery "is proper to give due consideration to the issues raised in Defendants' motion").

### 1.     Glofo US's Richardson Office Is A Physical Place In This District

"While the 'place' need not be a fixed or physical presence in the sense of a formal office or store, there must still be a physical, geographical location in the district from which the business of the defendant is carried out." *In re Cray*, No. 2017-129, slip op. at 11 (internal quotation marks omitted). Here, Glofo US's Richardson Office is actually a formal office from which Glofo US conducts business. Importantly, it is a physical and geographical presence in this District.

Glofo US does not cite any authority that the physical, geographical place is dictated solely by the postal address. Indeed, to hold otherwise would allow parties to play games with their corporate addresses by keeping one foot on the other side of the line, all the while effectively and for all intents and purposes *be in* this District. Thus, Glofo US should not be permitted to escape jurisdiction in this manner, especially since it conducts regular and established business here.

### 2.     Glofo US's Richardson Office Conducts Regular And Established Business

The few selective facts alleged by Glofo US's declarant, such as the alleged lack of inventory or employees "based" in this District, are not the determinative issue. The relevant inquiry is whether or not Glofo US's Richardson Office "operates in a steady, uniform, orderly, and methodical manner," and "for a meaningful time period be stable, established." *In re Cray, Inc.*, No. 2017-129, slip op. at 11-12 (internal citations and quotation marks omitted). Here, the determinative answer is yes. Glofo US's own website advertises the Richardson Office as an established design center and providing local support for Glofo US's business, which would include this and other districts in Texas. Rodgers Decl., Ex. 2.

There is no evidence to indicate that the Richardson Office is temporary, sporadic or

unstable. To the contrary, all indications are that the licensing and partnership relationship between Glofo US and Samsung, as well as the foundry and manufacturing services that Glofo US provides to Samsung and Qualcomm, are part of a long-term, stable, and continuing business for Glofo US. Again, it is not coincidence that Glofo US picked the Richardson Office location to be down the road from its partner and customer Samsung, *which is located in this District*. Consequently, Glofo US is clearly conducting regular business here with at least these companies if not others. It would be absurd to for Glofo US to argue that its Richardson Office is not a regular and established place of business.

### 3. Glofo US's Richardson Office Is Glofo US's Office

The available evidence indicates that Glofo US established the Richardson Office and the business there is that of Glofo US. Rodgers Decl., Ex. 2. KAIST IP US is unaware of any evidence that would indicate that the Richardson Office is being fraudulently or falsely advertised as Glofo US's business. Therefore, the Richardson Office satisfies the Federal Circuit's standard. *In re Cray*, No. 2017-129, slip op. at 13 ("[T]he defendant must establish or ratify the place of business.").

## IV. GLOFO US HAS FAILED TO JUSTIFY TRANSFER OF ITS CASE

Glofo US seeks to transfer this case, as just against itself, to the Northern District of California. "The moving party must show 'good cause,' and this burden is satisfied 'when the movant demonstrates that the transferee venue is clearly more convenient.'" *Intravisual, Inc. v. Fujitsu Ltd.*, No. 2:10-cv-90-TJW, 2011 WL 4378080, at *1 (E.D. Tex. Sept. 20, 2011) (citing *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304, 314 (5th Cir. 2008) (en banc)). Here, Glofo US has failed to meets its burden because there is no indication that the Northern District of California is more convenient than the Eastern District of Texas.

Notably, Glofo US fails to address any of the private or public factors relevant to this inquiry. Instead, Glofo US merely points to a single case, *In re Google*, No. 2017-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017), to justify its transfer request. However, that case is inapposite because it involved all the defendants seeking to transfer and the court concluded that all but one of the transfer factors were neutral. Here, Glofo US is the *only* defendant seeking transfer and the balance of private and public factors weighs against transfer.

### A. Transfer Is Not Convenient For Witnesses

Glofo US makes no argument that the Northern District of California would be more convenient to *any* relevant witness in this case. For example, neither of the two party witnesses identified in Glofo US's initial disclosure are even located in the Northern District of California. Instead, they are located in New York and Austin, Texas. Rodgers Decl., Exs. 9-10. The Northern District of California would not be more convenient for these witnesses, in terms of time, travel or location, and Glofo US does not even try to argue as such. To the contrary, this District is eminently more convenient for the witness located a short distance away in Austin, Texas and for any witnesses that may be called from the Richardson Office. Consequently, this factor weighs against transfer.

### B. Access To Sources Of Proof Is More Convenient In This District

Glofo US's infringement stems from, at least in part, its implementation of Samsung's 14 nm FinFET technology, whether for customers, such as Qualcomm, or as additional foundry capacity on behalf of Samsung. Glofo US has refused to disclose whether or not any of its other bulk FinFET technologies are implicated by this case. Consequently, a substantial part of the evidence in this case rests with Samsung or Qualcomm or both, which are here. Moreover, Glofo US fails to consider that its parent company, another source of potential evidence, would

still be in this case here. Thus, moving this case out of this District would move the Glofo US portion of the case *away* from sources of evidence.

Glofo US has not identified any sources of evidence that are uniquely in the Northern District of California. The mere fact that Glofo US claims that its headquarters are in the Northern District of California is not determinative. To the contrary, Glofo US's own materials show that the fabrication plant implicated in this case is the so-called "Fab 8," located in Malta, New York. *See, e.g.*, Rodgers Decl., Exs. 4-5. *See also* Dkt. No. 27, ¶ 45 (admitting "that manufacturing takes place at Fab 8 in Malta, New York"). Additionally, discovery into the Richardson Office is eminently more convenient from this District than California. Thus, this factor weighs against transfer.

### C.   Transfer Would Result In Immense Inefficiency

At this late stage in the proceedings, severing and transferring Glofo US would create duplicative discovery, motion practice, and trials. *Konami Digital Entm't Co. v. Harmonix Music Sys., Inc.*, No. 6:08cv286, 2009 WL 781134, at *7 (E.D. Tex. Mar. 23, 2009) (denying transfer due to defendants' failure to satisfy the requirement that "the Fifth Circuit has held that a motion to transfer . . . should be made with reasonable promptness" because the motion was filed over six months after the complaint was filed). The transferred case and this case would involve the same patent, largely the same technologies, and the same or similar issues of law. *See Sunbelt*, 5 F.3d at 33-34 ("[T]he defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issues to be litigated in two places.") (quoting *Liaw Su Teng*, 743 F.2d at 1148); *Cellular Commc'ns Equip. LLC v. HTC Corp.*, No. 6:13-cv-507, 2015 WL 11118110, at *12 (E.D. Tex. Mar. 27, 2015) ("Particularly, the existence of duplicative suits involving the same or similar issues may create

practical difficulties that will weigh heavily in favor of or against transfer. Further, the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interests of justice.") (internal citations and quotation marks omitted). Indeed, given the intertwined licensee, partnership and customer relationship between and among Glofo US, Samsung, and Qualcomm, severing and transferring would necessarily entrain Samsung and Qualcomm into Glofo US's separate case. Samsung and Qualcomm would effectively be tried twice.

Thus, proceeding simultaneously in different courts would be inefficient and potentially lead to conflicting results. *See ColorQuick, L.L.C. v. Vistaprint Ltd.*, No. 6:09-cv-323, 2010 WL 5261198, at *2 (E.D. Tex. Mar. 23, 2010) (finding that denial of transfer would "increase judicial economy and decrease the risk of inconsistent claim constructions. . . . by retaining the case"). In its Motion, Glofo US does not even try to argue to the contrary in this regard. Instead, Glofo US merely notes in passing that the Court would risk appellate reversal by not transferring. That is hardly sufficient to meet its burden on this Motion. Thus, this factor weighs against transfer.

### D.   Local Interests Weigh Against Transfer

Although Glofo US does not mention this factor, the Eastern District of Texas "has a significant interest in protecting the intellectual property rights of its residents." *ThinkTank One Research, LLC v. Energizer Holdings, Inc.*, No. M-15-0389, 2015 WL 4116888, at *3 (E.D. Tex. July 7, 2015). Since KAIST IP US is a resident of this District, this factor weighs against transfer. This factor also applies to the Samsung and Qualcomm defendants, who do *not* seek to transfer and have their own regular and established places of business in Texas and particularly, this District. Indeed, given Glofo US's Richardson Office and the proximity of its regional office in Austin, Texas, this factor weighs against transfer.

In sum, four of the convenience factors weight against transfer. The remaining factors are neutral. Thus, Glofo US has not met is burden to justify severing and transferring its case. However, in the alternative, should the Court deem venue in this District improper or inconvenient, KAIST IP US respectfully submits that the case should be transferred to the Northern District of Texas, where jurisdiction is undeniably proper and the proximity to this District would permit easier coordination and management of the separate cases.

## V.  CONCLUSION

For the reasons set forth above, KAIST IP US respectfully requests that the Court deny this Motion.

Date:  September 29, 2017

Respectfully submitted,

*/s/ Guy M. Rodgers*

Andrew Y. Choung
Cal. Bar No. 203192 (admitted in E.D. Texas)
Rex Hwang
Cal. Bar No. 221079 (admitted in E.D. Texas)
Guy M. Rodgers
Cal. Bar No. 303229 (admitted in E.D. Texas)
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, California  90067
Telephone: (310) 553-3000
Facsimile:  (310) 556-2920
Email: achoung@glaserweil.com
Email: rhwang@glaserweil.com
Email: grodgers@glaserweil.com

Jason Sheasby
Cal. Bar No. 205455 (admitted *pro hac vice*)
IRELL & MANELLA LLP

14
KAIST IP US LLC'S OPPOSITION TO GLOBALFOUNDRIES U.S. INC.'S MOTION TO DISMISS
1388876

        1800 Avenue of the Stars
        Los Angeles, California  90067
        Telephone: (310) 553-3000
        Facsimile:  (310) 556-2920
        Email: jsheasby@irell.com

        Charles Ainsworth
        Texas Bar No. 00783521
        Robert Christopher Bunt
        Texas Bar No. 00787165
        PARKER, BUNT & AINSWORTH PC
        100 E. Ferguson St., Suite 1114
        Tyler, Texas  75702
        Telephone: (903) 531-3535
        Facsimile:  (903) 533-9687
        Email: charley@pbatyler.com
        Email: rcbunt@pbatyler.com

        *Attorneys for Plaintiff and Counterclaim-*
         *Defendant KAIST IP US LLC*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on September 29, 2017.

                   */s/ Guy M. Rodgers*
                   Guy M. Rodgers

1388876