**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| KAIST IP US LLC, <br><br> Plaintiff and Counterclaim-Defendant, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD.; <br> SAMSUNG ELECTRONICS AMERICA, INC.; <br> SAMSUNG SEMICONDUCTOR, INC.; <br> SAMSUNG AUSTIN SEMICONDUCTOR, LLC; <br> GLOBALFOUNDRIES, INC.; <br> GLOBALFOUNDRIES U.S. INC.; and <br> QUALCOMM INC., <br><br> Defendants and Counterclaim-Plaintiffs. | Case No.:  2:16-cv-01314-JRG-RSP <br><br> JURY TRIAL DEMANDED <br><br> Honorable Rodney Gilstrap |

**RESPONSE BY PLAINTIFF KAIST IP US LLC IN OPPOSITION TO
DEFENDANT QUALCOMM INCORPORATED'S MOTION TO
DISMISS OR, IN THE ALTERNATIVE, TRANSFER VENUE**

**TABLE OF CONTENTS**

I.      INTRODUCTION ..............................................................................................1

II.     BACKGROUND ...............................................................................................1

        A.      Procedural History .................................................................................1

        B.      Venue In This District............................................................................3

III.    QUALCOMM WAIVED ITS OBJECTION TO VENUE ................................3

IV.     QUALCOMM HAS FAILED TO JUSTIFY TRANSFER OF ITS CASE........6

        A.      Transfer Is Not Convenient For Witnesses ............................................6

        B.      Access To Sources Of Proof Is More Convenient In This District.........7

        C.      Transfer Would Result In Immense Inefficiency....................................7

        D.      Local Interests Weigh Against Transfer .................................................9

V.      CONCLUSION..................................................................................................9

1411267

# TABLE OF AUTHORITIES

## Cases

*Cellular Commc'ns Equip. LLC v. HTC Corp.*,
   No. 6:13-cv-507, 2015 WL 11118110 (E.D. Tex. Mar. 27, 2015) ............................................ 8

*ColorQuick, L.L.C. v. Vistaprint Ltd.*,
   No. 6:09-cv-323, 2010 WL 5261198 (E.D. Tex. Mar. 23, 2010) .............................................. 8

*Hoffman v. Blaski*,
   363 U.S. 335 (1960) .................................................................................................................... 4

*In re Cray*,
   871 F.3d 1355 (Fed. Cir. 2017) ................................................................................................. 5

*In re Google*,
   No. 2017-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017) ...................................................... 6

*In re Volkswagen of Am., Inc.* ("*Volkswagen II*"),
   545 F.3d 304 (5th Cir. 2008) (en banc) ..................................................................................... 6

*Intravisual, Inc. v. Fujitsu Ltd.*,
   No. 2:10-cv-90-TJW, 2011 WL 4378080 (E.D. Tex. Sept. 20, 2011) ...................................... 6

*Konami Digital Entm't Co. v. Harmonix Music Sys., Inc.*,
   No. 6:08cv286, 2009 WL 781134 (E.D. Tex. Mar. 23, 2009) .................................................. 8

*Koninklijke Philips N.V. v. ASUSTeK Comp. Inc.*,
   No. C.A. 15-1125, 2017 WL 3055517 (D. Del. July 19, 2017) ........................................... 4, 5

*Liaw Su Teng v. Skaarup Shipping Corp.*,
   743 F.2d 1140 (5th Cir. 1984) ............................................................................................... 5, 8

*Nixon v. Warner Commc'ns, Inc.*,
   435 U.S. 599 (1978) .................................................................................................................... 1

*S.E.C. v. Van Waeyenberghe*,
   990 F.2d 845 (5th Cir. 1993) ..................................................................................................... 1

*Skky, LLC v. Facebook, Inc.*,
   191 F. Supp. 3d 977 (D. Minn. 2016) ........................................................................................ 1

*Sunbelt Corp. v. Noble, Denton & Assocs.*,
   5 F.3d 28 (3d Cir. 1993) ........................................................................................................ 5, 8

*ThinkTank One Research, LLC v. Energizer Holdings, Inc.*,
   No. M-15-0389, 2015 WL 4116888 (E.D. Tex. July 7, 2015) .................................................. 9

*United States v. Holy Land Found. for Relief & Dev.*,
   624 F.3d 685 (5th Cir. 2010) ..................................................................................................... 1

KAIST IP US'S OPPOSITION TO QUALCOMM'S MOTION TO DISMISS

Plaintiff and Counterclaim-Defendant KAIST IP US LLC ("KAIST IP US") hereby opposes the Motion to Dismiss or, in the Alternative, Transfer Venue ("Motion"), filed under seal at Dkt. No. 97 by Defendant and Counterclaim-Plaintiff Qualcomm Incorporated ("Qualcomm").

## I.      INTRODUCTION

Qualcomm brings this Motion months too late.  It could have filed this Motion in June 2017, but Qualcomm and the other Defendants waited, in the hopes that the Patent Trial and Appeal Board ("PTAB") would institute on their petitions for *inter partes* review ("IPR").  But PTAB conclusively rejected Defendants IPR petitions on October 3 and 4, 2017.  In the meantime, Qualcomm has litigated this case extensively *for nearly a year*.

Trial starts in six months.  The claim construction hearing is next month.  It would make very little sense to grant this Motion when Qualcomm has tacitly accepted jurisdiction by actively litigating this case, or to sever just Qualcomm's portion of the case.  Doing so would literally require a restart of the litigation.  This Motion by Qualcomm is the second in a string of piecemeal motions by Defendants brought purely for tactical purposes.  KAIST IP US respectfully requests that the Court deny Qualcomm's Motion in its entirety.[1]

## II.     BACKGROUND

### A.      Procedural History

On November 29, 2016, KAIST IP US filed this action alleging infringement of U.S.

---

[1] KAIST IP US submits that the sealing of this Motion is improper.  Courts have long recognized that the public has a common law right of access to judicial proceedings and records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 599, 597 (1978); *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *see also United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (holding that there is a "strong presumption that all trial proceedings should be subject to scrutiny by the public").  A motion regarding venue implicates the public interest. *See, e.g.*, *Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 980-81 (D. Minn. 2016).  Qualcomm has not justified why this Motion should be sealed.

Patent No. 6,885,055 ("'055 Patent") against Defendants Samsung Electronics Co., Ltd. and its U.S. subsidiaries (collectively, "Samsung"); Globalfoundries, Inc. ("Glofo Inc.") and its U.S. subsidiary, Globalfoundries U.S., Inc. ("Glofo US") (collectively, "Glofo"); and Qualcomm. Dkt. No. 1.  On March 6, 2017, Qualcomm filed a substantive answer, including affirmative defenses and counterclaims.  Dkt. No. 29.  On April 11, 2017, the Court issued its original Docket Control Order and set *trial for May 2018*.  Dkt. No. 46.

On March 13, 2017, KAIST IP US served its infringement contentions against Qualcomm pursuant to the Court's Docket Control Order and the patent local rules.  Dkt. No. 46. On May 8, 2017, Qualcomm served its invalidity contentions.  Dkt. No. 58.  The parties have been engaged in discovery since at least April 2017.  The period for substantially completing document production is over and fact discovery concludes in January 2018.

On August 16, 2017, pursuant to the Court's Docket Control Order and the patent local rules, the parties began the claim construction phase of this case.  On September 27, 2017, the parties submitted their Joint Claim Construction Statement.  Dkt. No. 76.  On October 23, 2017, KAIST IP US deposed Qualcomm's claim construction expert.  Declaration of Guy M. Rodgers ("Rodgers Decl."), ¶ 2.  On November 2, 2017, Qualcomm deposed KAIST IP US's claim construction expert.  *Id.*, ¶ 3.  On October 26, 2017, KAIST IP US filed its opening claim construction brief.  Dkt. No. 93.  Qualcomm's responsive claim construction brief is due November 16, 2017, and the claim construction hearing is scheduled for December 13, 2017. Dkt. No. 99.

Qualcomm previously sought to stay this case based on IPR petitions that it, along with the other Defendants, had filed with the PTAB.  But the Court denied that motion.  Dkt. No. 56. PTAB denied institution of Qualcomm's IPR petitions on October 3 and 4, 2017.  Dkt. No. 79.

KAIST IP US'S OPPOSITION TO QUALCOMM'S MOTION TO DISMISS

1411267

Trial is set for May 2018.  Dkt. No. 99.

**B.      Venue In This District**

On June 14, 2017, two of the Samsung defendants, Glofo US, and Qualcomm indicated that they intended to move to dismiss for improper venue.  Dkt. No. 77-2, at 6.  The parties met and conferred over the issue, during which KAIST IP US raised a number of alternative accommodations, including the possibility of transferring one or more of these Defendants to the Northern District of Texas.  Dkt. No. 77-13, ¶ 2.  However, these Defendants never responded and, importantly, never filed a motion.

On July 31, 2017, over a month and a half later, Glofo US suddenly indicated that it wanted to challenge venue.  Dkt. No. 77-2, at 3.  Qualcomm said nothing.  On September 15, 2017, Glofo US filed its motion to challenge venue.  Dkt. No. 75.  Qualcomm again stood by and did nothing.

KAIST IP US filed its Opposition to Glofo US's motion to dismiss on September 29, 2017.  Dkt. No. 78.  Then, on October 17, 2017, after months of silence, Qualcomm suddenly indicated that it too would challenge venue after all.  Dkt. No. 97-7.  Qualcomm obviously waited for KAIST IP US to file its opposition to Glofo US's venue motion to see how KAIST IP US would respond before taking any actions of its own.

In an attempt to avoid unnecessary motion practice, KAIST IP US proposed that Qualcomm wait for the resolution of Glofo US's venue motion.  If the Court were to grant Glofo US's motion, KAIST IP US would agree to treat Qualcomm similarly.  Rodgers Decl., Ex. 1. Qualcomm refused KAIST IP US's proposal.  *Id*., at 1.

**III.   QUALCOMM WAIVED ITS OBJECTION TO VENUE**

"[V]enue, like jurisdiction over the person, may be waived.  A defendant, properly

served with process by a court having subject matter jurisdiction, waives venue by failing seasonably to assert it . . . ." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960), *superseded on other grounds by statute*, Pub. L. No. 112-63, 125 Stat. 758.  A defense of improper venue may also be waived by actively litigating the suit, even where the defense is properly included in the defendant's answer.  *See, e.g.*, *Koninklijke Philips N.V. v. ASUSTeK Comp. Inc.*, No. C.A. 15-1125, 2017 WL 3055517, at *2 (D. Del. July 19, 2017) (finding waiver where defendants "(1) participated in a scheduling conference; (2) conducted discovery; (3) entered into a stipulation and protective order with the plaintiff; and (4) moved the court to allow their out of state counsel to appear *pro hac vice*").

Here, Qualcomm has waived venue because it failed to timely move to dismiss, and rather actively litigated this case.  Instead of filing a motion back in June, Qualcomm opted to continue, conducting significant litigation.  Filing this Motion now at the end of October, nearly a year into the case and weeks after Glofo US filed its motion to dismiss, is untimely as well as unexplained.  Qualcomm offers no credible excuse for why it waited so long.  Indeed, Qualcomm does not even attempt to justify why this Court should undo all the work that has gone into this case, and will have gone into this case by the time this Motion is heard and decided, to prepare for trial in early 2018.

Qualcomm had ample opportunity to challenge venue early in the case.  It just did not. Instead, Qualcomm actively participated in the scheduling conference, served discovery requests and responses, produced documents, entered into a stipulated protective order, moved for appearance of its out of state counsel, and exchanged invalidity contentions.  Notably, the parties will have completed claim construction discovery and briefing (except for KAIST IP US's reply brief) days after this Opposition is filed.

Qualcomm's delay in filing this motion and active litigating of this case rise above the threshold for waiver by conduct, and demonstrate that Qualcomm has tacitly admitted that venue is in fact proper in the Eastern District of Texas.  *See Koninklijke Philips*, No. C.A. 15-1125, 2017 WL 3055517, at *2.  This motion is an improper attempt by Qualcomm to restart the litigation, in another court, after it has already extensively participated in this case.  *See Sunbelt Corp. v. Noble, Denton & Assocs.*, 5 F.3d 28, 33-34 (3d Cir. 1993) ("We agree with the Fifth Circuit . . . that '[the court] should not sever if the defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issues to be litigated in two places.'") (quoting *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir. 1984)).

Qualcomm also argues that no delay in bringing its motion occurred here because it needed to wait until the Federal Circuit clarified the ambiguities in the legal standard to be applied to venue disputes in this District, which did not occur until September 21, 2017 via *In re Cray*, 871 F.3d 1355 (Fed. Cir. 2017).  But that argument is directly contradicted by Glofo US's motion to dismiss, which was filed on September 15, 2017, six days *before Cray* was decided. Clearly, Qualcomm could have filed its motion to dismiss months ago, certainly before *Cray* was decided, but simply delayed filing for tactical reasons, which is precisely why waiver should apply here.

Further, Qualcomm implies that it was somehow KAIST IP US's fault that its motion was not filed sooner because KAIST IP US proposed alternative venues during the meet and confer process.  But that argument is nonsensical because the record shows that Defendants never once seriously considered the proposed alternatives.  And KAIST IP US certainly could not have *prevented* Qualcomm from timely filing its motion.

KAIST IP US'S OPPOSITION TO QUALCOMM'S MOTION TO DISMISS

Therefore, KAIST IP US respectfully submits that Qualcomm has waived venue and the Court should deny this Motion.

## IV.    QUALCOMM HAS FAILED TO JUSTIFY TRANSFER OF ITS CASE

Qualcomm argues that if not dismissed, it should be severed from this case and transferred to the Northern District of California.  "The moving party must show 'good cause,' and this burden is satisfied 'when the movant demonstrates that the transferee venue is clearly more convenient.'"  *Intravisual, Inc. v. Fujitsu Ltd.*, No. 2:10-cv-90-TJW, 2011 WL 4378080, at *1 (E.D. Tex. Sept. 20, 2011) (citing *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304, 314 (5th Cir. 2008) (en banc)).  Here, Qualcomm has failed to meet its burden because there is no indication that the Northern District of California is more convenient than the Eastern District of Texas.  Indeed, Qualcomm's request to seek transfer to the Northern District of California makes even less sense than Glofo US's similar request, since Qualcomm is headquartered in the Southern District of California.

Notably, Qualcomm fails to address any of the private or public factors relevant to this inquiry.  Instead, Qualcomm merely points to a single case, *In re Google*, No. 2017-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017), to justify its transfer request.  However, that case is inapposite because it involved all the defendants seeking to transfer and the court concluded that all but one of the transfer factors were neutral.  Here, most of the defendants will remain in this lawsuit, and the balance of private and public factors weighs against transfer.

### A.    Transfer Is Not Convenient For Witnesses

Qualcomm fails to argue, much less prove, that the Northern District of California would be more convenient to any relevant witness in this case.  In fact, Qualcomm is headquartered in San Diego, California, and the majority of its employees work in the Southern District of

California, not the Northern District of California.  Dkt. No. 97-1, ¶ 6.  Thus, Qualcomm's witnesses will likely have to fly to court proceedings and depositions regardless of whether this case is in the Eastern District of Texas or the Northern District of California.  Qualcomm also maintains two offices in Texas, one in Austin and one in Richardson.  Rodgers Decl., Ex. 2. Thus, this District would actually be more convenient for Qualcomm's witnesses coming from either of those two locations.  Consequently, this factor weighs against transfer.

### B.    Access To Sources Of Proof Is More Convenient In This District

Qualcomm's infringement stems from its implementation of Samsung's 14 nm FinFET technology.  Samsung is not seeking transfer, and will continue to litigate this case in this District.  Thus, sources of potential evidence would still be in this case here, and moving this case out of this District would move the Qualcomm portion of the case *away* from sources of evidence.

Further, Qualcomm has not identified any sources of evidence that are uniquely in the Northern District of California.  The mere fact that Qualcomm has offices in the Northern District of California is not determinative, especially since Qualcomm has two offices here in Texas as well.  Additionally, discovery into the Richardson Office is eminently more convenient from this District than the Northern District of California.  Thus, this factor weighs against transfer.

### C.    Transfer Would Result In Immense Inefficiency

At this late stage in the proceedings, severing and transferring Qualcomm would create duplicative discovery, motion practice, and trials.  *Konami Digital Entm't Co. v. Harmonix Music Sys., Inc.*, No. 6:08cv286, 2009 WL 781134, at *7 (E.D. Tex. Mar. 23, 2009) (denying transfer due to defendants' failure to satisfy the requirement that "the Fifth Circuit has held that a

1411267

motion to transfer . . . should be made with reasonable promptness," because the motion was filed over six months after the complaint was filed).  The transferred case and this case would involve the same patent, largely the same technologies, and the same or similar issues of law.  *See Sunbelt*, 5 F.3d at 33-34 ("[T]he defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issues to be litigated in two places.") (quoting *Liaw Su Teng*, 743 F.2d at 1148); *Cellular Commc'ns Equip. LLC v. HTC Corp.*, No. 6:13-cv-507, 2015 WL 11118110, at *12 (E.D. Tex. Mar. 27, 2015) ("Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor of or against transfer.  Further, the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interests of justice.") (internal citations and quotation marks omitted).  Indeed, given the intertwined licensee, partnership and customer relationships between and among Glofo, Samsung, and Qualcomm, severing and transferring would necessarily entrain Samsung and Glofo into Qualcomm's separate case.  Samsung and Glofo would effectively be tried twice.

Thus, proceeding simultaneously in different courts would be inefficient and potentially lead to conflicting results.  *See ColorQuick, L.L.C. v. Vistaprint Ltd.*, No. 6:09-cv-323, 2010 WL 5261198, at *2 (E.D. Tex. Mar. 23, 2010) (finding that denial of transfer would "increase judicial economy and decrease the risk of inconsistent claim constructions. . . . by retaining the case").  In its Motion, Qualcomm does not even try to argue to the contrary in this regard.  Instead, Qualcomm merely notes in passing that the Court would risk appellate reversal by not transferring.  That is hardly sufficient to meet its burden on this Motion.  Thus, this factor weighs against transfer.

### D.      Local Interests Weigh Against Transfer

Although Qualcomm does not mention this factor, the Eastern District of Texas "has a significant interest in protecting the intellectual property rights of its residents." *ThinkTank One Research, LLC v. Energizer Holdings, Inc.*, No. M-15-0389, 2015 WL 4116888, at *3 (E.D. Tex. July 7, 2015).  Since KAIST IP US is a resident of this District, this factor weighs against transfer.  This factor also applies to the Samsung and Glofo defendants, who have their own regular and established places of business in Texas and particularly, this District.  Indeed, given Qualcomm's Richardson Office and the proximity of its regional office in Austin, Texas, this factor weighs against transfer.

In sum, four of the convenience factors weight against transfer.  The remaining factors are neutral.  Thus, Qualcomm has not met is burden to justify severing and transferring its case.  However, in the alternative, if the Court deems venue in this District improper or inconvenient, KAIST IP US respectfully submits that the case should be transferred to the Northern District of Texas, where jurisdiction is undeniably proper and the proximity to this District would permit easier coordination and management of the separate cases.

## V.      CONCLUSION

For the reasons set forth above, KAIST IP US respectfully requests that the Court deny this Motion.

Date:  November 13, 2017                              Respectfully submitted,

                                                     */s/ Robert Christopher Bunt*
                                                     Andrew Y. Choung
                                                     Cal. Bar No. 203192 (admitted in E.D. Texas)
                                                     Rex Hwang
                                                     Cal. Bar No. 221079 (admitted in E.D. Texas)
                                                     Guy M. Rodgers
                                                     Cal. Bar No. 303229 (admitted in E.D. Texas)
                                                     GLASER WEIL FINK HOWARD

AVCHEN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, California  90067
Telephone: (310) 553-3000
Facsimile:  (310) 556-2920
Email: achoung@glaserweil.com
Email: rhwang@glaserweil.com
Email: grodgers@glaserweil.com

Jason Sheasby
Cal. Bar No. 205455 (admitted *pro hac vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars
Los Angeles, California  90067
Telephone: (310) 553-3000
Facsimile:  (310) 556-2920
Email: jsheasby@irell.com

Charles Ainsworth
Texas Bar No. 00783521
Robert Christopher Bunt
Texas Bar No. 00787165
PARKER, BUNT & AINSWORTH PC
100 E. Ferguson St., Suite 1114
Tyler, Texas  75702
Telephone: (903) 531-3535
Facsimile:  (903) 533-9687
Email: charley@pbatyler.com
Email: rcbunt@pbatyler.com

*Attorneys for Plaintiff and Counterclaim-
 Defendant KAIST IP US LLC*

KAIST IP US'S OPPOSITION TO QUALCOMM'S MOTION TO DISMISS
1411267

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on November 13, 2017 .

*/s/ Robert Christopher Bunt*
ROBERT CHRISTOPHER BUNT

1411267