# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| KAIST IP US LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 2:16-cv-01314-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR, INC.; SAMSUNG AUSTIN SEMICONDUCTOR, LLC; GLOBALFOUNDRIES INC.; GLOBALFOUNDRIES U.S. INC.; and QUALCOMM INC., | § § § § § § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**QUALCOMM INCORPORATED'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER VENUE**

## I. INTRODUCTION

KAIST IP's arguments in opposition confirm that dismissal for improper venue is required. KAIST IP does not dispute that venue is not proper here in light of the Federal Circuit's *In re Cray* decision. Instead, KAIST IP incorrectly argues that Qualcomm waived its venue defense by actively litigating this case and not moving for dismissal earlier. KAIST IP, however, asked Qualcomm to not file this motion, proposing instead that the parties agree to transfer this case to other forums. Only after lengthy negotiations did it become clear that KAIST IP did not have a legitimate, good faith interest in an agreed transfer to a proper venue and was merely delaying this motion. KAIST IP should not now be heard to argue that its self-created delay, and Qualcomm's compliance with the Court's required deadlines in the meantime, somehow resulted in waiver. KAIST IP's own cited authority confirms that there has been no waiver, and the Court should be unmoved by KAIST IP's arguments. KAIST IP also asserts that convenience factors weigh against transfer. But Qualcomm's motion is based on improper venue under 28 U.S.C. § 1406, not § 1404(a), and thus the convenience factors do not apply here. Accordingly, the claims against Qualcomm should be dismissed or, alternatively, transferred to the Northern District of California.

## II. VENUE IS NOT PROPER IN THIS DISTRICT

As explained in Qualcomm's opening brief and supporting exhibits, venue is not proper in the Eastern District of Texas because (1) Qualcomm does not reside in this district and (2) Qualcomm does not have a regular and established place of business under the standard articulated in *In re Cray, Inc.*, 871 F.3d 1355, 1360, 1362 (Fed. Cir. 2017). Dkt. No. 97 at 5–6. KAIST IP does not dispute that venue is improper, but only asserts that Qualcomm somehow waived its venue objection, which is wrong.

### III.   QUALCOMM DID NOT WAIVE ITS DEFENSE OF IMPROPER VENUE

KAIST IP erroneously argues that Qualcomm waived its venue challenge "by actively litigating the suit," mischaracterizing *Koninklijke Philips N.V. v. ASUSTeK Computer Inc.*, No. C.A. 15-1125, 2017 WL 3055517 (D. Del. July 19, 2017). Dkt. No. 104 at 4. *Philips* is clearly distinguishable. In *Philips*, the case had been pending for eighteen months, and the plaintiff had amended its complaint twice before the subject motion to dismiss was filed. *Philips*, 2017 WL 3055517, at *1. The defendants in *Philips* had filed prior motions to dismiss for improper venue under Rule 12(b)(3) in response to the plaintiff's complaints against them, but later voluntarily withdrew their respective motions. *Id.* The abandonment of these prior venue motions was critical to the court's determination that defendants waived their venue defense. *Id*. at *3. ("The onus is on defendants to preserve all arguments on behalf of their clients, and ***voluntary withdrawal of the original improper venue motion is inconsistent with that burden***.") (emphasis added). Thus, contrary to KAIST IP's mischaracterization, the court did not find waiver merely because the parties participated in a scheduling conference, conducted discovery, entered into a protective order, and moved for out of state counsel to appear *pro hac vice*. Dkt. No. 104 at 4. Instead, the court merely found "that such conduct ***coupled with withdrawing their motion*** establishes waiver." *Philips*, 2017 WL 3055517, at *3 (emphasis added).

In contrast, this case had been pending for only six months when Qualcomm raised the issue of venue to KAIST IP, after the Supreme Court issued its decision in *TC Heartland*. And Qualcomm had not previously brought or abandoned a venue motion before filing the present motion.

KAIST IP also complains that Qualcomm delayed filing this motion, but it is KAIST IP that caused the delay. During the weeks in which KAIST IP and Qualcomm conferred about venue, KAIST IP stated that it "may be open to a compromise," and that the parties "should meet

and confer again" to "try to reach an agreement" or to ensure a conclusive impasse. Dkt. No. 75, Ex. 1 at 5. KAIST IP asked Qualcomm again to "consider whether or not there is a way for the parties to avoid unnecessary motion practice . . . ." *Id*. at 4. KAIST IP continued to make representations about a potential agreement by presenting various conditions before KAIST IP "would be willing to stipulate to any transfer." *Id*. at 1. KAIST IP's attempt to delay this motion is further illustrated by the fact that when Qualcomm e-mailed KAIST IP to confirm its position following the *In re Cray* decision, KAIST IP never responded. *See* Dkt. No. 97, Ex. 5.

Qualcomm in the meantime complied with the deadlines set by the Court and the local patent rules. The timing of this motion is thus justified, and the Court should not give any weight to KAIST IP's attempt to manufacture a waiver argument through its own delay.

**IV. CONVENIENCE FACTORS ARE IRRELEVANT TO QUALCOMM'S DEFENSE OF IMPROPER VENUE, BUT SUPPORT TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA OVER THE NORTHERN DISTRICT OF TEXAS**

KAIST IP alleges that Qualcomm failed to prove that the Northern District of California is more convenient than this District and that the convenience factors weigh against transfer. Dkt. No. 104 at 6. But the convenience factors have nothing to do with the fact that venue simply is not proper in this district, which KAIST IP does not dispute. Because this action never should have been brought in this District, Qualcomm moves to dismiss under 28 U.S.C. § 1406, and requests transfer to the Northern District of California only as an alternative to outright dismissal. While KAIST IP requests the Northern District of Texas as an alternative forum, it has not shown that venue is proper in that district or that any convenience factors favor it over the Northern District of California.

*First*, it is undisputed that Qualcomm has several offices in the Northern District of California and employs nearly 2000 people there. *See* Dkt. No. 97, Torpey Decl., ¶¶ 3–5. Moreover, the Northern District of California is plainly more convenient for witnesses located at

Qualcomm's headquarters in San Diego, CA. KAIST IP's assertion that this District is more convenient contradicts the facts.

*Second*, the mere possibility of witnesses at Qualcomm's Richardson or Austin offices does not make this District or the Northern District of Texas convenient. KAIST IP's reliance on hypothetical witnesses is pure speculation. KAIST IP's purported interest in the convenience of these potential witnesses, who may not even exist, rings hollow.

*Third*, KAIST IP has named half a dozen third parties in Berkeley and Santa Clara in its disclosures as having relevant information. Ex. 6 at 4–6. The Northern California location of these witnesses further favors transfer. In contrast, KAIST IP has not identified any witnesses in its disclosures from this District or the Northern District of Texas. *Id.*

*Fourth*, contrary to KAIST IP's assertion, transfer to the Northern District of California rather than the Northern District of Texas would promote efficiency. Notably, Globalfoundries US has also moved to dismiss for improper venue and requested, in the alternative, transfer to the Northern District of California, where it is headquartered. Dkt. No. 82.

*Finally*, given Qualcomm's significant presence in the Northern District of California, judicial economy and the local interest also favor litigating this action there. *See Sanger Ins. Agency, Inc. v. Hub Int'l, Ltd.*, No. 2:13-CV-528, 2014 U.S. Dist. LEXIS 153094, at *11–12 (E.D. Tex. Mar. 25, 2014) (Gilstrap, J.) (*quoting In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009)) (noting the importance of local interest because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation" and "[c]ommunities have the right to adjudicate disputes involving 'several individuals' who have had their 'work and reputation' called into question 'and who presumably conduct business in that community.'"). The local interest described is best served in the

community of the Northern District of California.

The Court should reject KAIST IP's attempt to convert Qualcomm's motion on improper venue into one on convenience. Nevertheless, the only reasonable conclusion to be drawn from the facts is that any transfer of this case should be to the Northern District of California, but only if the Court elects not to dismiss the claims against Qualcomm in the first instance.

## V.  CONCLUSION

For the foregoing reasons, Qualcomm respectfully requests that the Court grant its motion.

Dated: November 21, 2017                    Respectfully submitted,

    */s/ Allan M. Soobert*
Allan M. Soobert
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, DC 20005
Telephone: (202) 551-1822
Facsimile: (202) 551-0222
allansoobert@paulhastings.com

Christopher W. Kennerly
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900
chriskennerly@paulhastings.com

Jeffrey D. Comeau
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005
jeffreycomeau@paulhastings.com

Melissa R. Smith
Texas State Bar No. 24001351
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

COUNSEL FOR DEFENDANT
QUALCOMM INCORPORATED

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 21st day of November, 2017. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Allan M. Soobert*
Allan M. Soobert