IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KAIST IP US LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 2:16-CV-01314-JRG-RSP |
| | § | |
| SAMSUNG ELECTRONICS CO., | § | |
| LTD. et al., | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses two motions. First, Defendants Globalfoundries, Inc. and Globalfoundries US Inc. (collectively, "Globalfoundries") move the Court to dismiss this case because of improper venue or, alternatively, transfer this case to the Northern District of California. Globalfoundries Motion to Dismiss [Dkt. # 75]. Second, Qualcomm moves for the same relief for the same reasons. Qualcomm's Motion to Dismiss [Dkt. # 97]. But because Defendants have forfeited any right to challenge venue based on the untimeliness of their challenges, the motions should be **DENIED**.

## I.   BACKGROUND

KAIST filed this patent lawsuit in November 2016. Compl. [Dkt. # 1]. In March 2017, Defendants answered, denied that venue is proper in this District, and "reserved" a right to challenge venue following the Supreme Court's then-forthcoming decision in *TC Heartland*. Globalfoundries's Answer, Affirmative Defenses & Counterclaims to Pl.'s

Compl. [Dkt. # 27] ¶ 16; Qualcomm Inc.'s Answer, Affirmative Defenses & Counterclaims to Pl.'s Compl. [Dkt. # 29] ¶ 16.

The Supreme Court decided *TC Heartland* in May 2017. Globalfoundries filed its motion to dismiss in mid-September, and Qualcomm filed its motion near the end of October. Other than the present motions, Defendants took no action before the Court relating to venue.

## II.  APPLICABLE LAW

A defendant may waive the defense of improper venue under three circumstances. First, a defendant may waive the defense by failing to move under Rule 12. Fed. R. Civ. P. 12(h)(1)(B)(i). Second, the defendant may waive the defense by failing to object "in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(h)(1)(B)(ii). Finally, the defendant may waive the defense by moving under Rule 12 for reasons other than venue without also objecting to venue. Fed. R. Civ. P. 12(h)(1)(A); Fed. R. Civ. P. 12(g)(2). To summarize the waiver rule stemming from these circumstances, a party must raise an adequate venue defense during its first defensive move. *Golden v. Cox Furniture Mfg. Co.*, 683 F. 2d 115, 118 (5th Cir. 1982).

The rules, however, only establish the minimum steps a party must take to preserve an improper-venue defense. A defendant may also waive the defense by litigating a case without actually contesting venue. *See generally, e.g.*, *Navico, Inc. v. Garmin Int'l, Inc.*, No. 2:16-CV-00190, 2017 WL 2957882 (E.D. Tex. July 11, 2017); *Infogation Corp. v. HTC Corp.*, No. 16-CV-01902-H-JLB, 2017 WL 2869717 (S.D. Cal. July 5, 2017); *Amax,*

*Inc. v. ACCO Brands Corp.*, No. 16-10695-NMG, 2017 WL 2818986 (D. Mass. June 29, 2017); *Restoration Hardware, Inc. v. Haynes Furniture Co.*, No. 16 C 10665, 2017 WL 2152438 (N.D. Ill. May 17, 2017). Thus, noting an initial venue objection, without more action, does not necessarily preclude subsequent waiver of the objection. *See In re Micron Tech., Inc.*, 875 F.3d 1091, 1101 (Fed. Cir. 2017) (citing cases).

Although this Court previously denied venue challenges when, as here, a defendant attempted to reserve a right to challenge venue pending the outcome of *TC Heartland*, the Federal Circuit has since decided a challenge based on the interpretation of § 1400(b) in *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 229 (1957) was not sufficiently "available" to expect defendants to assert such a challenge. *In re Micron Tech., Inc.*, 875 F.3d at 1096. Importantly, however, the Federal Circuit affirmed that district courts have inherent power to find a venue objection forfeited based on conduct or other circumstances. *Id.* at 1102 ("[W]e think it clear that, apart from Rule 12(g)(2) and (h)(1)(A), district courts have authority to find forfeiture of a venue objection."). Moreover, a court's forfeiture inquiry is not confined to the moment when a new defense becomes available. *Id.* at 1101–02 ("[W]hereas the waiver rule of Rule 12(g)(2) and (h)(1)(A) requires a focus on the time the *TC Heartland* venue objection was 'available' for the district court to adopt (i.e., on or after May 22, 2017), the non-Rule authority's general concern with timeliness is not necessarily so limited."). Still, the Federal Circuit has suggested the proper inquiry should start by considering the "time from when the defense becomes available to when it is asserted,

including factors such as how near is the trial, which may implicate efficiency or other interests of the judicial system and of the other participants in the case." *Id.* at 1102.

## III. DISCUSSION

Applying these legal principles here, the Court concludes Defendants have waived their venue because of their untimely challenges combined with the inefficiencies a transfer would cause on the judicial system. Even after the Supreme Court's decision in *TC Heartland*, Globalfoundries waited nearly four months before raising the issue with the Court, and Qualcomm waited over five months. Given the allotted time for full motion briefing, the earliest the Court would decide the motions was mid-October and late November, respectively. But by then, the parties were to have been immersed in claim construction discovery, have exchanged proposed claim terms and preliminary constructions, and proffered a joint claim construction statement. Dkt. Control Order [Dkt. # 46] (setting August 16 as the deadline to exchanged proposed claim terms needing construction, September 6 as the deadline to exchange preliminary claim constructions, October 25 as the deadline for claim-construction discovery, and November 8 as the deadline for KAIST's filing of its opening claim construction brief).

Defendants blame their delay on KAIST. The parties, say Defendants, conferred about venue for weeks, and KAIST continued to proffer various venue alternatives for Defendants' consideration. Globalfoundries's Reply [Dkt. # 82] at 2–3; Qualcomm's Reply [Dkt. # 110] at 2 ("Only after lengthy negotiations did it become clear that KAIST IP did not have a legitimate, good faith interest in an agreed transfer to a proper venue and was

merely delaying this motion."); *see also* Globalfoundries's Motion [Dkt. # 75] at 9 (noting "counsel for Globalfoundries . . . met and conferred telephonically and through email with counsel for the Plaintiff on June 14, June 20, June 21, June 22, June 26, June 27, July 31, August 2, August 3, August 4, August 9, August 10, August 11, and August 15, 2017 in a good faith attempt to resolve the matters raised by this motion"); Qualcomm's Motion [Dkt. # 97] at 9 (noting that "counsel for Qualcomm Inc[.] met and conferred telephonically and through email with counsel for the Plaintiff on June 14, June 20, June 21, June 22, June 26, June 27, October 17, and October 27, 2017 in a good faith attempt to resolve the matters raised by this motion").

This argument is not persuasive. Regardless of any venue-related conversations between the parties, Defendants (not KAIST) chose to wait months before raising the issue with the Court. And given the similarity of the motions and Defendants' common counsel, the Court is particularly perplexed as to why Qualcomm waited six weeks longer than Globalfoundries to file its motion. Defendants could have filed their motions first and *then* discussed transfer to a mutually agreeable venue. Alternatively, Defendants could have filed their motions when it became clear the issues would not be promptly resolved and then continued discussions with KAIST.

But Defendants chose otherwise, and their attempt to blame KAIST for that choice is misplaced. While the Court commends Defendants' efforts to resolve the venue issue without court-intervention, a four- and five-month delay in filing their motions is unreasonable when the relief sought will then disrupt the efficiency of the judicial system.

Accordingly, Defendants' motions should be **DENIED**.

## IV. RECOMMENDATION

*In re Micron* affirms a district court's ability to find forfeiture when a party does not interpose timely objection to the venue. Here, even after *TC Heartland*, Defendants waited four and five months to raise their venue challenges with the Court, at a time when the Court and the parties were investing great effort in the proceedings. Granting such untimely motions at this stage of the proceeding would disrupt the efficiency of the judicial process, both here and in the proposed transferee district. Accordingly, both Globalfoundries's Mo-tion to Dismiss [Dkt. # 75] and Qualcomm's Motion to Dismiss [Dkt. # 97] should be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days after being served with a copy bars that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 18th day of December, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE