# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| KAIST IP US LLC,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD.;<br>SAMSUNG ELECTRONICS AMERICA, INC.;<br>SAMSUNG SEMICONDUCTOR, INC.;<br>SAMSUNG AUSTIN SEMICONDUCTOR, LLC;<br>GLOBALFOUNDRIES INC.;<br>GLOBALFOUNDRIES U.S. INC.; and<br>QUALCOMM INC.,<br><br>    Defendants and Counterclaim-Plaintiffs. | Case No.:  2:16-cv-01314-JRG-RSP<br><br>JURY TRIAL DEMANDED<br><br>Honorable Rodney Gilstrap |

## DECLARATION OF ANDREW Y. CHOUNG IN SUPPORT OF OPPOSITION BY KAIST IP US TO DEFENDANTS' MOTION TO ENFORCE THE PATENT RULES OR, ALTERNATIVELY, STRIKE PLAINTIFF'S SUPPLEMENTAL INFRINGEMENT CONTENTIONS

I, Andrew Y. Choung, declare as follows:

1.      I am a partner at Glaser Weil Fink Howard Avchen & Shapiro, LLP, and counsel for Plaintiff and Counterclaim-Defendant KIPB LLC (formerly known as KAIST IP US LLC) ("KAIST IP US").  I submit this declaration based on my personal knowledge in support of KAIST IP US's Opposition to Defendants' Motion to Enforce the Patent Rules or, Alternatively, Strike Plaintiff's Supplemental Infringement Contentions.  If called to testify under oath in court, I could and would testify competently to the facts stated herein.

2.      Attached hereto as **Exhibit 1** is a true and correct copy of a letter from Guy Rodgers to Allan Soobert, dated November 4, 2017.

3.      During a telephonic conference on November 20, 2017, I explained to counsel for Defendants that the purpose of sending the proposed supplemental infringement contentions to Defendants was to determine if they would oppose a motion for leave to supplement.  If Defendants indicated that they would oppose, KAIST IP US intended to amend its infringement contentions after the Court issued its claim construction ruling.

4.      Attached hereto as **Exhibit 2** is a true and correct copy of an email from Jeffrey Comeau to Andrew Choung, dated November 22, 2017.

5.      Attached hereto as **Exhibit 3** is a true and correct copy of KAIST IP US's Supplemental Disclosure of Asserted Claims and Infringement Contentions, served on counsel for Defendants on November 4, 2017.

6.      Attached hereto as **Exhibit 4** is a true and correct copy of Defendants' Preliminary Proposed Claim Constructions and Preliminary Identification of Extrinsic Evidence, served on counsel for KAIST IP US on September 6, 2017.

7.      Attached hereto as **Exhibit 5** is a true and correct copy of the Declaration of

Vivek Subramanian, Ph.D., served on counsel for KAIST IP US on October 11, 2017.

8.      Attached hereto as **Exhibit 6** is a true and correct copy of KAIST IP US's Disclosure of Asserted Claims and Infringement Contentions, served on counsel for Defendants on March 13, 2017.

9.      **Exhibit 7** is a true and correct copy of excerpts from the deposition of Dongwon Kim, Vol. 2, taken on November 16, 2017.  It has been designated CONFIDENTIAL – ATTORNEYS' EYES ONLY and is being filed under seal concurrently herewith.

10.     Attached hereto as **Exhibit 8** is a true and correct copy of Plaintiff KAIST IP US LLC's Second Set of Common Interrogatories to All Defendants, served on counsel for Defendants on September 15, 2017.

11.     **Exhibit 9** is a true and correct copy of Samsung Defendants' Objections and Responses to KAIST IP US LLC's Second Set of Common Interrogatories, served on counsel for KAIST IP US on October 19, 2017.  It has been designated CONFIDENTIAL – ATTORNEYS' EYES ONLY and is being filed under seal concurrently herewith.

12.     **Exhibit 10** is a true and correct copy of Defendant Qualcomm's Objections and Responses to KAIST IP US LLC's Second Set of Common Interrogatories, served on counsel for KAIST IP US on October 19, 2017.  It has been designated CONFIDENTIAL – ATTORNEYS' EYES ONLY and is being filed under seal concurrently herewith.

13.     Each of the documents identified in Samsung's and Qualcomm's Responses to Common Interrogatory No. 5 were designated "RESTRICTED – ATTORNEYS' EYES ONLY" under the operative Protective Order.  In these documents, a total of fifteen chips were identified.

14.     **Exhibit 11** is a true and correct copy of Globalfoundries Defendants' Objections and Responses to KAIST IP US LLC's Second Set of Common Interrogatories, served on

3

1431592

counsel for KAIST IP US on October 19, 2017.  It has been designated CONFIDENTIAL – ATTORNEYS' EYES ONLY and is being filed under seal concurrently herewith.

15.     Attached hereto as **Exhibit 12** is a true and correct copy of a letter from Andrew Choung to Allan Soobert, dated December 1, 2017.

16.     Attached hereto as **Exhibit 13** is a true and correct copy of an email from Allan Soobert to Andrew Choung, dated December 4, 2017.

17.     **Exhibit 14** is a true and correct copy of Defendants' First Supplemental Objections and Responses to Plaintiff KAIST IP US LLC's First Set of Common Interrogatories, served on counsel for KAIST IP US on November 28, 2017.  It has been designated RESTRICTED – ATTORNEYS' EYES ONLY and is being filed under seal concurrently herewith.

18.     I am sufficiently fluent in Korean to translate Korean to English.  In the phrase "Tri-gate (14nm FinFET) 관련특허" from the email filed under seal by Defendants, Dkt. No. 125-1, "related patent" is a true and accurate translation of the Korean portion.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 18th day of December, 2017, in Los Angeles, California.


                                        */s/ Andrew Y. Choung*
                                        Andrew Y. Choung