**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| KAIST IP US LLC, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO. 2:16-cv-01314-JRG-RSP |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD.; | § | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC.; SAMSUNG SEMICONDUCTOR, | § | |
| INC.; SAMSUNG AUSTIN | § | |
| SEMICONDUCTOR, LLC; | § | |
| GLOBALFOUNDRIES INC.; | § | |
| GLOBALFOUNDRIES U.S. INC.; and | § | |
| QUALCOMM INC., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' OMNIBUS MOTION *IN LIMINE***

# TABLE OF CONTENTS

**Page**

I.    MIL NO. 1 (OPPOSED):  DEFENDANTS' MARKET CAP, TOTAL ANNUAL REVENUE, TOTAL PROFITABILITY, OR ANY OTHER FINANCIAL METRICS NOT TIED TO THE ACCUSED CHIPS AT ISSUE IN THE CASE ............ 1

II.   MIL NO. 2 (OPPOSED):  THE FACT THAT ██████████████ HAS INVESTED IN GLOBALFOUNDRIES ................................................................. 2

III.  MIL NO. 3:  ANY REFERENCE TO IPR PROCEEDINGS ............................................. 3

IV.  MIL NO. 4 (OPPOSED):  DEFENDANTS' NON-RELIANCE ON AN OPINION OF COUNSEL DEFENSE ................................................................................. 4

V.   MIL NO. 5 (OPPOSED):  EVIDENCE OFFERED TO PAINT DEFENDANTS IN A NEGATIVE LIGHT ................................................................................. 4

VI.  MIL NO. 6 (OPPOSED):  CALCULATION OF A RUNNING ROYALTY BASED ON LICENSES THAT PLAINTIFF'S EXPERTS HAVE NOT CONTENDED ARE COMPARABLE ................................................................. 5

VII. MIL NO. 7 (OPPOSED):  LITIGATION INVOLVING THE DEFENDANTS OTHER THAN THE PRESENT CASE ................................................................. 6

VIII. MIL NO. 8 (OPPOSED):  RULE 408 SETTLEMENT DISCUSSIONS INVOLVING PARTIES TO THIS LAWSUIT, ████████████████████ ██████████████ ................................................................................. 6

IX.  MIL NO. 9 (OPPOSED):  ANY CHARACTERIZATION THAT PLAINTIFF'S DAMAGES CLAIM IS BASED ON "PROFITS" AS CONFUSING ............................ 7

X.   MIL NO. 10 (OPPOSED):  REFERENCE TO ALLEGED INFRINGEMENT BY ANY PRODUCTS NOT SPECIFICALLY IDENTIFIED IN PLAINTIFF'S OPERATIVE INFRINGEMENT CONTENTIONS ................................................. 7

XI.  MIL NO. 11:  ANYTHING EXCLUDED BY DAUBERT MOTIONS / MOTIONS TO STRIKE ................................................................................. 8

XII. MIL NO. 12 (OPPOSED):  MIL TO EXCLUDE ARGUMENT THAT SAMSUNG ACKNOWLEDGED THAT PROF. LEE WAS THE INVENTOR AND DISCLAIMED ANY ROLE IN THE DEVELOPMENTS OR OWNERSHIP OF THE 055 PATENT (OR THE KR PATENT) ..................................... 8

XIII. MIL NO. 13 (OPPOSED):  MIL TO EXCLUDE SUGGESTIONS THAT SAMSUNG HAD INTENT NOT SUPPORTED BY EVIDENCE ............................... 10

XIV. MIL NO. 14 (OPPOSED):  MIL TO EXCLUDE OXIDE THICKNESS MEASUREMENTS PURPORTEDLY MADE BY DR. KUHN .................................... 11

XV.  MIL NO. 15:  REFERENCE TO ANY ALLEGED PROTECTIVE ORDER VIOLATION, DISCOVERY DEFICIENCIES, OR ALLEGED DISCOVERY MISCONDUCT ................................................................................. 13

XVI. MIL NO. 16:  EVIDENCE OF CONCEPTION, REDUCTION TO PRACTICE AND DILIGENCE BEYOND THAT STATED IN PLAINTIFF'S TIMELY RESPONSES TO INTERROGATORY NO. 1 ............................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Allergan, Inc. v. Apotex Inc.*,
   754 F.3d 952 (Fed. Cir. 2014)................................................................................15

*Biscotti Inc. v. Microsoft Corp.*,
   No. 2:13-cv-01015 (E.D. Tex. May 30, 2017)..........................................1, 3, 4, 7

*Cellular Commc'ns Equip. LLC v. Apple Inc.*,
   No. 6:14-cv-251 (E.D. Tex. Sept. 2, 2016)................................................................3

*Chrimar Sys., Inc. v. Alcatel-Lucent USA, Inc.*,
   No. 6:15-cv-163–JDL (E.D. Tex. Sept. 28, 2016)....................................................8

*ContentGuard Holdings, Inc. v. Amazon.com, Inc.*,
   No. 2:13-CV-01112-JRG, 2015 WL 12915561 (E.D. Tex. Aug. 3, 2015)............14

*CoreLogic Info. Sols., Inc. v. Fiserv, Inc.*,
   No. 2:10-cv-132, 2012 WL 4761739 (E.D. Tex. Sept. 20, 2012)............................5

*Cybergym Res. LLC v. Icon Health & Fitness Inc.*,
   No. 2:05-cv-527, 2007 U.S. Dist. LEXIS 102194 (E.D. Tex. Oct. 7, 2007)............7

*Daubert v. Merrill Dow Pharms.*,
   509 U.S. 579 (1993)....................................................................................8, 11, 12, 13

*Droplets, Inc. v. Overstock.com, Inc.*,
   No. 2:11-cv-401, 2014 WL 11515642 (E.D. Tex. Dec. 10, 2014) ..........................3

*Ecolochem, Inc. v. S. Cal. Edison Co.*,
   227 F.3d 1361 (Fed. Cir. 2000)..............................................................................14

*Elder v. A.D. Tanner*,
   205 F.R.D. 190 (E.D. Tex. 2001).............................................................................10

*LaserDynamics, Inc. v. Quanta Comput., Inc.*,
   694 F.3d. 51 (Fed. Cir. 2012).............................................................................1, 5

*Mahurkar v. C.R. Bard, Inc.*,
   79 F.3d 1572 (Fed. Cir. 1996).................................................................................15

*MobileMedia Ideas, LLC v. HTC Corp.*,
   No. 2:10-CV- 112-JRG, 2013 WL 12158524 (E.D. Tex. Apr. 24, 2013) ................2

*Mondis Tech., Ltd v. LG Elecs., Inc.*,
   No. 2:07-cv-565-TJW, 2011 U.S. Dist. LEXIS 47807 (E.D. Tex. May 4,
   2011) .........................................................................................................................7

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
   No. 2:13-CV-213-JRG-RSP, 2015 WL 627430 (E.D. Tex. Jan. 31, 2015)......................2, 3, 6

*Retractable Technologies Inc. v. Becton, Dickinson & Co.*,
   No. 2:07-cv-250, 2009 WL 8725107 (E.D. Tex. Oct. 8, 2009)................................................6

*Semcon IP Inc. v. Huawei Device USA Inc.*,
   No. 2:16-cv-437 (E.D. Tex. Dec. 15, 2017) ...........................................................................4

*Uniloc USA, Inc. v. Microsoft Corp.*,
   632 F.3d 1292 (Fed. Cir. 2011)...............................................................................................1

*Whirlpool Corp. v. TST Water, LLC*,
   No. 2:15-cv-1528-JRG, 2017 WL 2931403 (E.D. Tex. Mar. 3, 2017)....................................3

**Statutes**

35 U.S.C. § 119.........................................................................................................................14

**Other Authorities**

Fed. R. Evid. 401 .................................................................................................................4, 13

Fed. R. Evid. 402 .............................................................................................................4, 6, 13

Fed. R. Evid. 403 ............................................................................................................. *passim*

Fed. R. Evid. 408 ...................................................................................................................6, 7

Fed. R. Evid. 602 ...................................................................................................................9, 11

Fed. R. Evid. 702 ......................................................................................................................11

Fed. R. Evid. 802 ...................................................................................................................9, 11

Defendants move the Court *in limine* to enter an order instructing Plaintiff, its counsel, representatives, and any witnesses tendered by Plaintiff (whether live or by deposition) to refrain from referring to, in any way, either directly or indirectly, any matters which are the subject of this motion without first approaching the bench outside the hearing of the jurors and obtaining a favorable ruling regarding the admissibility and relevance of the matters sought to be presented to the jury.  Defendants further move the Court to enter an order: (1) instructing Plaintiff's counsel to discuss this Motion *in Limine* with all of Plaintiff's witnesses before they testify; and (2) that such information be redacted from otherwise admissible evidence contained in documents, papers and things used by Plaintiff as exhibits and/or evidence in this case.

## I.  MIL NO. 1 (OPPOSED):  DEFENDANTS' MARKET CAP, TOTAL ANNUAL REVENUE, TOTAL PROFITABILITY, OR ANY OTHER FINANCIAL METRICS NOT TIED TO THE ACCUSED CHIPS AT ISSUE IN THE CASE

Defendants' total revenues or profits from accused or non-accused products are irrelevant to this case, and Plaintiff should be precluded from referencing such numbers—figures that would "skew the damages horizon." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011).  Such numbers are prejudicial:  "The disclosure that a company has made $19 billion dollars in revenue from an infringing product cannot help but skew the damages horizon for the jury, regardless of the contribution of the patented component to this revenue." *Id.*; *LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d. 51, 67–68 (Fed. Cir. 2012) ("[D]isclosure to the jury of the overall product revenues 'cannot help but skew the damages horizon for the jury, regardless of the contribution of the patented component to this revenue.'").

Once large numbers are disclosed to the jury, cross-examination, and instructions to the jury cannot cure the effect. *Uniloc*, 632 F.3d at 1320 ("[The] $19 billion cat was never put back into the bag even by [defendant's] cross-examination . . . and in spite of a final instruction [to] the jury"). Accordingly, this Court has routinely excluded such evidence. *See, e.g.*, *Biscotti Inc.*

*v. Microsoft Corp.*, No. 2:13-cv-01015, slip op. at 2 (E.D. Tex. May 30, 2017) (excluding reference to Defendant's "overall size, net worth, market capitalization, or stock value"); *MobileMedia Ideas, LLC v. HTC Corp.*, No. 2:10-CV- 112-JRG, 2013 WL 12158524, at *3 (E.D. Tex. Apr. 24, 2013) (excluding references to defendant's "total revenue or operating profits"); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-CV-213-JRG-RSP, 2015 WL 627430, at *5 (E.D. Tex. Jan. 31, 2015) (granting motion to "exclude evidence of Samsung's size, wealth, total revenues or profits").

Defendants respectfully request the Court preclude Plaintiff from eliciting testimony, introducing evidence, or presenting argument about financial amounts that are irrelevant to this action or are otherwise intended to present large numbers to the jury to create the impression that Plaintiff's damages claim is small by comparison, including without limitation any reference to Defendants' wealth, revenue (including revenue/profits from the accused products), market value, market share, and comparisons of the price of the accused devices to the unit royalty.

## II.    MIL NO. 2 (OPPOSED):  THE FACT THAT ███████████ HAS INVESTED IN GLOBALFOUNDRIES

Globalfoundries has received investments from ███████████████████ ███████████████████████████████████████ have no connection to this case. Nevertheless, Plaintiff has specifically elicited and designated testimony from Globalfoundries witnesses in order to tell the jury that Globalfoundries has investors from ████████ ██ ██ ███████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████

---

[1] Unless otherwise stated, all documents referenced herein are attached to the Declaration of Jeffrey D. Comeau, filed concurrently herewith.

Offering evidence for this purpose is improper.  *See Whirlpool Corp. v. TST Water, LLC*, No. 2:15-cv-1528-JRG, 2017 WL 2931403, at *1 (E.D. Tex. Mar. 3, 2017) ("There will be no disparaging or denigrating of witnesses by nationality or of any individual by nationality. There will be no direct or indirect, overt or non-overt attempt to show that something is superior or inferior based on its place of origin.").  Any reference to ███████████████████████ should be excluded under Rule 403.

## III.    MIL NO. 3:  ANY REFERENCE TO IPR PROCEEDINGS

The Court should preclude reference to any *inter partes* review involving the '055 Patent because the low probative value of such evidence—which will only be used to improperly suggest that the prior art at issue in this case is not invalidating—is substantially outweighed by the risk of unfair prejudice, misleading the jury, confusing the issues, and wasting time.

This district routinely excludes reference to IPRs at trial due to their (at best) marginal relevance and high risk for undue prejudice and confusion. *See Biscotti*, No. 2:13-cv-01015, slip op. at 3; *Cellular Commc'ns Equip. LLC v. Apple Inc.*, No. 6:14-cv-251, slip op. at 4 (E.D. Tex. Sept. 2, 2016); *Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-cv-401, 2014 WL 11515642, at *4–5 (E.D. Tex. Dec. 10, 2014); *Rembrandt*, 2015 WL 627430, at *5.

The same result follows here, where Plaintiff has included the institution decisions on its exhibit list.  The jury, which will have benefit of the full scope of prior art, should be allowed to reach its own independent decision regarding the validity of the '055 Patent after hearing all of the evidence and testimony, including cross-examination.  Permitting such evidence would also unfairly prejudice Defendants, confuse the issues, mislead the jury, and waste time. It would allow Plaintiff to tell the jury that the PTAB has "blessed" the '055 Patent.  Such evidence or testimony is even more prejudicial where, as here, several of the prior art references at issue in this case were never analyzed on the merits.  Allowing such evidence would mislead the jury to

believe that Defendants cannot meet their burden of proving invalidity, must satisfy a burden

beyond the clear and convincing standard, or that the jury is free to defer to the PTAB and

abdicate their duty to independently determine invalidity. And it would waste time by requiring a

"trial within a trial" to put the PTAB's rulings in context.[2]

## IV.     MIL NO. 4 (OPPOSED):  DEFENDANTS' NON-RELIANCE ON AN OPINION OF COUNSEL DEFENSE

Defendants have elected not to assert an advice of counsel defense against Plaintiff's

claims of willful infringement.  Any suggestion that Defendants failed to obtain an opinion of

counsel or suggestion that Defendants' non-reliance on an opinion of counsel defense should be

excluded under Rule 403.  Indeed, this district regularly grants this type of motion *in limine* as

agreed.  *See Biscotti*, No. 2:13-cv-01015, slip op. at 2; *Semcon IP Inc. v. Huawei Device USA

Inc.*, No. 2:16-cv-437, slip op. at 5 (E.D. Tex. Dec. 15, 2017).

## V.      MIL NO. 5 (OPPOSED):  EVIDENCE OFFERED TO PAINT DEFENDANTS IN A NEGATIVE LIGHT

Any evidence offered to malign or distort the impression of Defendants, including their

individual employees, representatives, corporate identity or culture, is irrelevant to any issue in

this case, highly prejudicial, and inadmissible under Fed. R. Evid. 401–403.  Examples of topics

that should be excluded under this category include any charges against Defendants of crimes

unrelated to any issue in this case, and corresponding public opinion.  *See, e.g.*, KAIST-024221–

331.[3]  Further examples include any negative reference to Samsung as a dynasty or

conglomerate, and any negative portrayal of its management structure.  Additional examples

include any negative opinions about Defendants' leadership decisions, treatment of their

employees, foreign origins or corporate structuring, and purported influence on any governing

---

[2] The parties plan to discuss further whether an agreed MIL can be submitted to the Court on this
topic.
[3] One such document is attached hereto as Exhibit 2 to the Comeau Declaration.

body, public or private actors.  The introduction of such evidence, or reference thereto, would result in unfair surprise and undue prejudice, and its use would have no probative value.

## VI.    MIL NO. 6 (OPPOSED):  CALCULATION OF A RUNNING ROYALTY BASED ON LICENSES THAT PLAINTIFF'S EXPERTS HAVE NOT CONTENDED ARE COMPARABLE

"When relying on licenses to prove a reasonable royalty, alleging a loose or vague comparability between different technologies or licenses does not suffice." *LaserDynamics*, 694 F.3d at 79.  This Court has previously held that "no party may introduce the amount of a settlement or royalty payment until the technical and economic comparability of the settlement or license has been established or will not be disputed."  *CoreLogic Info. Sols., Inc. v. Fiserv, Inc.*, No. 2:10-cv-132, 2012 WL 4761739, at *2 (E.D. Tex. Sept. 20, 2012).

Plaintiff's damages expert has not opined that any of Defendants' patent license agreements in this case are technically or comparable.  He explicitly states, for example, "I have concluded that none of these Samsung agreements provide meaningful insight to the damages that Samsung and P&IB would agree to."  Nevertheless, Plaintiff's damages expert purports to calculate running royalties based on licenses he disclaimed as *not comparable*.  *See, e.g.*, ███

██████████████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████  He also attempts to introduce general testimony about Samsung licensing practices for licenses he has not reviewed. *See, e.g.*, *id*. at 106 n.371 ("I understand that Samsung has entered into licenses under which it agreed to pay running royalties based on a percentage of net sales revenue.  *See* Transcript of Proceedings Before the Honorable Lucy H. Koh, Volume 10, August 16, 2012, *Apple Inc. v. Samsung Electronics Co. et al*., August 16, 2012, pp. 3125 and 3128- 3132.").

Such opinions, testimony, and evidence should be excluded pursuant to Rule 403 and the clear Federal Circuit authority regarding comparable licenses.

## VII.   MIL NO. 7 (OPPOSED):  LITIGATION INVOLVING THE DEFENDANTS OTHER THAN THE PRESENT CASE

The Court should preclude any evidence, testimony, or reference to other litigation involving the Defendants other than the present litigation under Rules 402 and 403.  This district routinely excludes reference to other litigations.  For example, in *Retractable Technologies Inc. v. Becton, Dickinson & Co.*, the court excluded such evidence because "[o]n balance, evidence of other litigation offered to prove Defendant's liability or the extent of damages should be excluded pursuant to at least Federal Rules of Evidence 403, 404, and 408." No. 2:07-cv-250, 2009 WL 8725107, at *2 (E.D. Tex. Oct. 8, 2009); *Rembrandt*, 2015 WL 627430, at *1.  The same result follows here. Any reference to other litigations should be excluded because they are not relevant to any claim or defense in this lawsuit and any probative value (if any) is substantially outweighed by the danger of unfair prejudice, confusing the issues, and/or misleading the jury.  For example, Plaintiff's damages expert report references both the *Qualcomm v. Apple* and *Apple v. Samsung* litigations.  Such evidence is irrelevant, unduly prejudicial, will only confuse the issues, waste time, and mislead the jury into deciding the issues in this case on something other than the merits.

## VIII.   MIL NO. 8 (OPPOSED):  RULE 408 SETTLEMENT DISCUSSIONS INVOLVING PARTIES TO THIS LAWSUIT, ██████████████████████ ████

Rule 408 prohibits evidence of "conduct or a statement made during compromise negotiations about the claim" "to prove or disprove the validity or amount of a disputed claim" and Fed. R. Evid. 408.  In this district, communications regarding failed settlement discussions are not discoverable, much less admissible, because (1) they are not as reliable as

communications related to completed negotiations, and (2) introduction of such evidence would create a chilling effect on settlement negotiations. *Mondis Tech., Ltd v. LG Elecs., Inc.*, No. 2:07-cv-565-TJW, 2011 U.S. Dist. LEXIS 47807, at *25 (E.D. Tex. May 4, 2011); *see also Cybergym Res. LLC v. Icon Health & Fitness Inc.*, No. 2:05-cv-527, 2007 U.S. Dist. LEXIS 102194, at *17–18 (E.D. Tex. Oct. 7, 2007) (excluding an expert report for relying upon offers made in the course of licensing or settlement negotiations, where no agreement was reached). The Court should exclude Rule 408 settlement discussions involving parties to this lawsuit.

## IX.   MIL NO. 9 (OPPOSED):  ANY CHARACTERIZATION THAT PLAINTIFF'S DAMAGES CLAIM IS BASED ON "PROFITS" AS CONFUSING

Plaintiff has no claim for lost profits.  Rather, Plaintiff seeks damages in the form of a reasonable royalty.  Plaintiff's damages expert, Mr. Weinstein, opines, in part, that Defendants should pay a per device royalty.[4]  However, Mr. Weinstein confusingly describes these royalties as "profits."  ███████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████   Mr. Weinstein's proposed royalties have no tie to the standard accounting definition of "profits" and, accordingly, will be confusing to the jury.  Therefore, use of the word "profits" to describe Plaintiff's claimed royalties should be excluded under Rule 403.

## X.   MIL NO. 10 (OPPOSED):  REFERENCE TO ALLEGED INFRINGEMENT BY ANY PRODUCTS NOT SPECIFICALLY IDENTIFIED IN PLAINTIFF'S OPERATIVE INFRINGEMENT CONTENTIONS

Evidence or argument that regarding alleged infringement of products that were not properly accused in the patentee's infringement contentions is inadmissible under Rule 403.  *See Biscotti*, No. 2:13-cv-01015, slip op. at 2 (precluding evidence or argument that any non-accused

---

[4] As explained in Defendants' Motion to Strike Mr. Weinstein's Report (Dkt. No. 225), these opinions should be excluded in their entirety.

technology infringes).  Indeed, as Plaintiff recognized in its motion for leave to amend its contentions (filed after the close of discovery), "If leave to amend were denied, [KAIST IP US] would be unable to accuse the new products of infringement."  Dkt. No. 192 at 12.[5]  Accordingly, any reference to alleged infringement by products not specifically identified in Plaintiff's operative infringement contentions should be excluded.

## XI.   MIL NO. 11:  ANYTHING EXCLUDED BY DAUBERT MOTIONS / MOTIONS TO STRIKE

The Court should preclude any reference, testimony or argument on any issue or evidence that has been excluded, stricken or otherwise precluded by the Court's orders in this case, including the Court's rulings and orders on *Daubert* motions, motions to strike and motions to enforce the Local Rules.  The Court typically—and correctly—precludes any testimony that is inconsistent with its *Daubert* and other orders, and the Court should respectfully do the same here. *See, e.g., Chrimar Sys., Inc. v. Alcatel-Lucent USA, Inc.*, No. 6:15-cv-163–JDL, slip op. at 2 (E.D. Tex. Sept. 28, 2016) ("It is expected that no party will discuss the Court's *Daubert* orders with any witness in the course of this trial.").[6]

## XII.   MIL NO. 12 (OPPOSED):  MIL TO EXCLUDE ARGUMENT THAT SAMSUNG ACKNOWLEDGED THAT PROF. LEE WAS THE INVENTOR AND DISCLAIMED ANY ROLE IN THE DEVELOPMENTS OR OWNERSHIP OF THE 055 PATENT (OR THE KR PATENT)

Plaintiff contends that Samsung "disclaimed any role in the development or ownership" of the claimed invention.  For example, Plaintiff's expert Dr. Kelin Kuhn stated in her February 5, 2018 Report that: ███████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████

---

[5] As explained in Defendants' Opposition (Dkt. No. 210), leave should be denied.
[6] The parties plan to discuss further whether an agreed MIL can be submitted to the Court on this topic.

███████████████████████████████████████

████████████████████████████████████

████████████████████████████████

█████████████████████████████████████

████████████████████████████████████

███████████████████████████████████

████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████

████████████████████████████████

█████████████████████████████████████

███████████████████████████████

██████████████████████████████████████

████████████████████████████████

██████████████████████████.  Any such testimony would be inadmissible

hearsay.  *See* Fed. R. Evid. 602 and 802.  █████████████████████

████████████████████████████████

█████████████████████████████████████

████████████████████████████████

██████████████████████████████████████

██████████████████████████████████

███████████████████████████████

████████████████████.

## XIII.   MIL NO. 13 (OPPOSED):  MIL TO EXCLUDE SUGGESTIONS THAT SAMSUNG HAD INTENT NOT SUPPORTED BY EVIDENCE

Plaintiff's expert Dr. Kelin Kuhn stated in her February 5, 2018 Report that: █

█████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████

Dr. Kuhn's assertions are unsupported and contradicted by the record. ████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████   *See Elder v. A.D. Tanner*, 205 F.R.D. 190, 193–94 (E.D.

Tex. 2001) (granting defendants' motion to strike expert reports on infringement and invalidity

because the experts offered "conclusory opinions that do not comply with the requirements

established in [Rule 26(a)(2)(B)] for a 'complete statement.'") ████████████████

████████████████████████████████████████████████████

███████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████████████████



## XIV.   MIL NO. 14 (OPPOSED):  MIL TO EXCLUDE OXIDE THICKNESS MEASUREMENTS PURPORTEDLY MADE BY DR. KUHN

Opinion testimony or evidence that is not the product of reliable principles and methods must be excluded.  *See* Fed. R. Evid. 702 (provides that a witness who is "qualified . . . by knowledge, skill, experience, training, or education[,]" may provide opinion testimony if that testimony will assist the trier of fact and "(b) the testimony is based upon sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the [witness] has reliably applied the principles and methods to the facts of the case."); *Daubert v. Merrill Dow Pharms.*, 509 U.S. 579, 589 (1993) ("[T]he trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.").

KAIST IP should be precluded from presenting oxide thickness measurement values purportedly made by its technical expert Dr. Kuhn on photographic images because these

measurement values are inherently unreliable.  Specifically, measuring dimensions directly from

a photograph is inherently limited by the resolution of that photograph.  Such measurement

values were provided in Dr. Kuhn's opening expert report and purport to indicate the nanometer

level thicknesses of oxides in the accused products.  *See, e.g.*, Ex. 4 ¶¶ 122, 124, 318, 320,

322.



Instead of measuring an actual accused product using a TEM machine, which provides

greater resolution and accuracy, Dr. Kuhn applied a non-standard technique of limited

accuracy—measuring the oxide dimensions by hand on a limited resolution photographic image

of an accused product.  *See id.* at 279:5–280:5.  Indeed, Dr. Kuhn provides no support that the

technique she applied is accepted in the field for accurately measuring dimensions of the scale of

the oxide thicknesses at issue in this litigation.  Dr. Kuhn also provided no indication that the

technique she applied has been the subject of publication or peer review as being accurate.  *See*

*Daubert*, 509 U.S. at 593 (Whether the technique applied has been subjected to publication or

peer review is "[a]nother pertinent consideration.").  Further, Dr. Kuhn provided no indication of

the error or potential error of the measurement technique she applied.  *See id.* at 594 ("[T]he court ordinarily should consider the known or potential rate of error" of the technique applied.).  In addition to the inherent limitation on accuracy with measuring dimensions from a photograph, Dr. Kuhn made additional errors in her measurements which further undermine their reliability.  ███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████  hus, given that there is no evidence to support that the oxide thickness measurement values provided by Dr. Kuhn are reliable, the Court should preclude KAIST IP from presenting them at trial.

## XV.   MIL NO. 15:  REFERENCE TO ANY ALLEGED PROTECTIVE ORDER VIOLATION, DISCOVERY DEFICIENCIES, OR ALLEGED DISCOVERY MISCONDUCT

The Court should preclude Plaintiff from making any reference to any alleged violation of the Protective Order in this matter.  KAIST IP has alleged that there has been a violation of the Protective Order (*see* Dkt. No. 260), and while Defendants categorically deny and dispute that any violation has occurred, there is no relevance of this purported violation to any issue in the case.  It is appears, instead, that Plaintiff plans to introduce such prejudicial evidence in an effort to paint Defendants in a negative light.  To the extent that there is any probative value (which there is not), any such value is clearly and substantially outweighed by unfair prejudice to the Defendants.  The Court should, therefore, preclude Plaintiff from introducing such information under Fed. R. Evid. 401–403.

Plaintiff also apparently plans to raise before the jury alleged discovery deficiencies and misconduct.  For example, Plaintiff has repeatedly—and incorrectly—suggested throughout this litigation that Defendants have failed to comply with their discovery obligations, such as alleged incomplete document and email productions, and have engaged in discovery misconduct.  Plaintiff filed multiple motions to compel documents and emails, and the vast majority of these motions were denied *in their entirety*.  This Court has repeatedly ruled that any reference, testimony or argument relating to alleged discovery deficiencies and alleged discovery misconduct should be precluded.  *See, e.g.*, *ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-01112-JRG, 2015 WL 12915561, at *3 (E.D. Tex. Aug. 3, 2015) (ruling that "[t]he parties shall not introduce any evidence or testimony, or make attorney argument, comments, insinuation, reference, or assertions concerning alleged deficiencies or failures in the parties' production of documents or other discovery (pursuant to any Federal or Local Rules concerning discovery) or litigation misconduct."); *see id.* (ruling that "[t]he parties shall not introduce any argument, evidence, testimony, insinuation, reference, or assertion concerning the sufficiency of a parties' production of documents or information, or any other discovery disputes.")  Defendants respectfully request that Plaintiff likewise be precluded from introducing any such reference, testimony or argument here.

## XVI.   MIL NO. 16:  EVIDENCE OF CONCEPTION, REDUCTION TO PRACTICE AND DILIGENCE BEYOND THAT STATED IN PLAINTIFF'S TIMELY RESPONSES TO INTERROGATORY NO. 1

The '055 Patent does not and cannot claim foreign priority to any earlier application, including an earlier-filed Korean patent application, because that Korean patent application was filed more than one year earlier than the U.S. application that ultimately issued as the '055 patent.  *See* 35 U.S.C. § 119. Thus, the date of invention is presumed to be the filing date of the U.S. patent application unless shown otherwise. *See Ecolochem, Inc. v. S. Cal. Edison Co.*, 227

F.3d 1361, 1371 (Fed. Cir. 2000). To prove an earlier date, the patent holder has the burden to

show the invention was (a) reduced to practice prior to the filing date, or (b) conceived prior to

the filing date and the patent holder exercised diligence in reducing the invention to practice.

*Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1577–78 (Fed. Cir. 1996). Proving an earlier

conception date and diligence requires corroborating evidence—inventor testimony is

insufficient as a matter of law. *Id.* at 1577; *see also Allergan, Inc. v. Apotex Inc.*, 754 F.3d 952,

967–68 (Fed. Cir. 2014).

KAIST IP should be precluded from discussing conception, reduction to practice, or any

other information regarding diligence beyond the information stated in its responses to

Interrogatory No. 1. ███████████████████████████████

████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████

████████████████████████████████████

████████████████████████████████

KAIST IP should be precluded from relying on any new evidence that is not set forth in its

response to Interrogatory No. 1 during discovery.

Dated:  April 6, 2018

Respectfully submitted,

 */s/ Jeffrey D. Comeau*

Allan M. Soobert
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, DC 20005
Telephone:  (202) 551-1822
Facsimile:  (202) 551-0222
allansoobert@paulhastings.com

Christopher W. Kennerly
Joseph J. Rumpler, II
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone:  (650) 320-1800
Facsimile:  (650) 320-1900
chriskennerly@paulhastings.com
josephrumpler@paulhastings.com

Jeffrey D. Comeau
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005
jeffreycomeau@paulhastings.com

Soyoung Jung (*pro hac vice*)
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705
soyoungjung@paulhastings.com

Melissa R. Smith
Texas State Bar No. 24001351
Harry L. Gillam, Jr.
Texas State Bar No. 07921800
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257

melissa@gillamsmithlaw.com
gil@gillamsmithlaw.com

COUNSEL FOR DEFENDANTS SAMSUNG
ELECTRONICS CO., LTD.; SAMSUNG
ELECTRONICS AMERICA, INC.;
SAMSUNG SEMICONDUCTOR, INC.;
SAMSUNG AUSTIN SEMICONDUCTOR,
LLC; GLOBALFOUNDRIES INC.;
GLOBALFOUNDRIES U.S. INC.; and
QUALCOMM INCORPORATED

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed

electronically in compliance with Local Rule CV-5 on this 6th day of April, 2018.  As of this

date, all counsel of record have consented to electronic service and are being served with a copy

of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by

email.

*/s/ Jeffrey D. Comeau*
Jeffrey D. Comeau

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule CV-7(h), I hereby certify that counsel for Defendants met

and conferred with counsel for Plaintiff by telephone on April 6, 2018.  Counsel for Plaintiff

indicated that it would oppose the relief requested herein (except where otherwise indicated).

*/s/ Jeffrey D. Comeau*
Jeffrey D. Comeau

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

*/s/ Jeffrey D. Comeau*
Jeffrey D. Comeau