**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| KAIST IP US LLC, | |
| Plaintiff and Counterclaim-Defendant, | |
| v. | Case No.:  2:16-cv-01314-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD.; | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS AMERICA, INC.; | |
| SAMSUNG SEMICONDUCTOR, INC.; | Honorable Rodney Gilstrap |
| SAMSUNG AUSTIN SEMICONDUCTOR, LLC; | |
| GLOBALFOUNDRIES, INC.; | *FILED UNDER SEAL* |
| GLOBALFOUNDRIES U.S. INC.; and | |
| QUALCOMM INC., | |
| Defendants and Counterclaim-Plaintiffs. | |

## KAIST IP US'S OPPOSITION TO DEFENDANTS' OMNIBUS MOTION *IN LIMINE*

KIPB LLC, formerly known as KAIST IP US LLC ("KAIST IP US"), hereby opposes Defendants' omnibus motion *in limine* ("MIL"):

## I.    Defendants' MIL No. 1

Defendants seek to exclude ████████████████████████████████████ ███████████████████████████████████████████████████████████████

████████████████████████    Under the unique facts of this case, this broad brush approach is improper.  First, ███████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████

Second, KAIST IP US's damages analysis employs a regression study in which ███████ ████████████████████████████████████████████████████████████

███████████████████████████████    In order for the jury to understand this analysis, the average starting point for the devices must be discussed.  ██████████████████████████████

1



KAIST IP US has a right to explain the steps in its regression analysis to the Jury, while making clear that the average sales price of the device is not the proper basis for damages.

Third, ███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████ *See, e.g., Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified sub nom. Georgia-Pac. Corp. v. U.S. Plywood-Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971) ("6. The effect of selling the patented specialty in promoting sales of other products of the licensee; that existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales. … 8. The established profitability of the product made under the patent; its commercial success; and its current popularity. … 11. The extent to which the infringer has made use of the invention; and any evidence probative of the value of that use.  12. The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions.  13. The portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.").

Defendants' cases do not support excluding this evidence targeted at the Accused

Devices incorporating the patented technology, rather, they pertain to improper application of the

entire market value or reference to companywide revenues and profits.  *Uniloc USA, Inc. v.*

*Microsoft Corp.*, 632 F.3d 1292, 1318-21 (Fed. Cir. 2011) (improper to use entire market value

of Microsoft Office and Windows where patentee conceded customers do not buy these products

because of the patented feature); *LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d. 51, 67–

68 (Fed. Cir. 2012) (improper use of the entire market value rule); *Biscotti Inc. v. Microsoft*

*Corp.*, No. 2:13-cv-01015, 2017 WL 2537021 at *1 (E.D. Tex. May 30, 2017) (by parties'

agreement, excluding reference to defendant's "**overall** size, net worth, market capitalization, or

stock value"); *MobileMedia Ideas, LLC v. HTC Corp.*, No. 2:10-CV- 112-JRG, 2013 WL

12158524 at *3 (E.D. Tex. Apr. 24, 2013) (excluding reference to defendant's "**total** revenue or

operating profits"); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-CV-213-

JRG-RSP, 2015 WL 627430 at *5 (E.D. Tex. Jan. 31, 2015) (by parties' agreement, excluding

expert testimony on "Samsung's **total** revenues, gross profits, and operating profits")[1].

For these reasons, Defendants' MIL No. 1 should be denied.

## II.      Defendants' MIL No. 2

Defendants seek to exclude ██████████████████████████████████████████

KAIST IP US agrees that there should be no disparaging or denigrating of any company or

individual by nationality.  KAIST IP US expects that Defendants will introduce evidence

regarding ████████████████████████████████████████.  In response,

KAIST IP US will seek to introduce evidence regarding ███████████████████

████████████████████████████████████████████████████████

---

[1] Defendants' motion misquotes Samsung's requested relief as the granted relief in this case.

3



This is a proper source of cross-examination if witnesses attempt to focus on ████████████████.  Moreover, KAIST IP US must retain the ability to correct the record if, for example, ████████████████ ████████████████.

For these reasons, Defendants' MIL No. 2 should be denied.  KAIST IP US would not oppose a narrower motion that excludes disparaging or denigrating individuals or entities on the basis of nationality, but the fact of ████████████████████████████ is relevant and admissible.

## III.    Defendants' MIL No. 3

KAIST IP US does not oppose exclusion of reference to the facts of Defendants' having filed a second set of IPR petitions, the Board's denial of institution of Defendants' first set of IPR petitions, or the Board's denial of Defendants' request for rehearing on those denials of institution.  However, KAIST IP US maintains that it should be permitted to submit testimony, evidence, and argument regarding and in reference to the content supplied in the IPR papers submitted by Defendants.  For example, to the extent Defendants open the door by arguing that certain prior references were not before the PTO and that this impacts validity, KAIST IP US should be allowed, on cross examination, to show that these references were considered on IPR to correct the record.  This provides meaningful evidence that the references are in fact not material.  KAIST IP US will work with Defendants to prepare the text of an agreed MIL.

IV.    **Defendants' MIL No. 4**

Defendants seek to exclude ███████████████████████████████████

███████████████████████████████████████████████████

Defendants have waived the right to present a state of mind defense in this case because they

have declined to assert an advice of counsel defense and waive privilege.  To present a state of

mind defense would therefore allow Defendants to use the privilege as both a sword and shield,

presenting only a partial picture of their true state of mind.  *See* Dkt. 291, at 2, 5-6 (KAIST IP

US's MIL Nos. 2, 10).  As a result, the presence or absence of an opinion of counsel is not

relevant.  However, to the extent Defendants are allowed to discuss their state of mind at trial

regarding infringement and validity, it would be proper to introduce evidence that this constitutes

a selective waiver, because there was advice provided to Defendants that is not being disclosed.

Indeed, Defendants plan to present testimony or evidence that ██████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████    Defendants cannot have it both ways.  Since Defendants

seek to introduce "opinions" against willfulness, then KAIST IP US should be allowed to present

evidence that Defendants failed to obtain opinion of counsel despite knowing of the '055 Patent

and numerous discussions with Dr. Lee, the inventor.  Defendants' citations to *Biscotti* and

*Semcom* are inapposite.  Those cases involved agreed-upon MILs.

For these reasons, Defendants' MIL No. 4 should be denied.

## V.       Defendants' MIL No. 5

Defendants seek to exclude ████████████████████████████████████████

███████████████████████████████████████████████████████████████████

But this MIL is too vague and ambiguous, and cannot be granted.  Defendants' examples are not

illuminating.  For example, ██████████████████████████████████████

████████████████████████████████████████         However, this concedes that

KAIST IP US should be permitted to present testimony, evidence, and argument on such matters

that *are relevant to issues in this case.*  Samsung's corporate and management structure,

leadership decisions, and culture of copying are all relevant to at least the issue of willfulness.

They are part of the body of evidence that describe how Prof. Lee's research and invention came

to be in the hands of Samsung, and give important context and motivation to Samsung's

subsequent decision not to acknowledge Prof. Lee's patent.

Moreover, Samsung's corporate culture, expectations of employee loyalty, and influence

in Korea are all relevant to issues of credibility of Defendants' witnesses and evidence,

especially where they challenge the history of interactions between Samsung's management and

Prof. Lee, and their hearsay allegations of purported claims by the Korean government and

universities.  This is especially critical where Samsung management refused to submit to

discovery and none of Samsung's Rule 30(b)(6) witnesses were prepared to testify as to the early

interactions between Samsung management and Prof. Lee.  Defendants cannot refuse discovery

and now seek to preclude KAIST IP US from raising relevant evidence to these issues.

To the extent that Defendants seek to exclude specific items on KAIST IP US's exhibit

list, ████████████████████         those should be addressed on an item-by-item basis, not as part

of a blanket preclusion.  For these reasons, Defendants' MIL No. 5 should be denied.

## VI.  Defendants' MIL No. 6

Defendants seek to exclude ███████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████

Defendants' MIL No. 6 should be denied for the additional independent reason that it is effectively a late-filed motion to strike expert testimony.  *See* Dkt. 202, at 2 (Docket Control Order setting March 16, 2018 as the deadline to file motions to strike expert testimony).

## VII.    Defendants' MIL No. 7

Defendants seek to exclude ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████  *See Retractable Technologies*

*Inc. v. Becton, Dickinson & Co.*, No. 2:07-cv-250, 2009 WL 8725107, at *2 (E.D. Tex. Oct. 8,

2009) (where other litigation was offered to prove liability or the extend of damages). ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████  These are

discrete, relevant issues, not the broad attacks that Defendants have manufactured.  For these

reasons, Defendants' MIL No. 7 should be denied.

Defendants' MIL No. 7 should be denied for the additional independent reason that it is

effectively a late-filed motion to strike expert testimony.  *See* Dkt. 202, at 2 (Docket Control

Order setting March 16, 2018 as the deadline to file motions to strike expert testimony).

## VIII.   Defendants' MIL No. 8

Defendants seek to exclude evidence of ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████  However,  KAIST IP US is entitled to disclose to the jury that it approached

the Defendants regarding taking a license, because these approaches are not covered by the

settlement NDAs.

1473788.4

KAIST IP US does not seek to introduce conduct or statements made during compromise discussions to prove the validity or amount of its claim, as prohibited by FRE 408.  Rather, KAIST IP US may seek to introduce regarding the *existence* and *timing* of these settlement negotiations for the purposes or proving actual notice, as well as Defendants' states of mind for KAIST IP US's willfulness and indirect infringement claims.

For these reasons, Defendants' MIL No. 8 should be denied.

## IX.    Defendants' MIL No. 9

Defendants seek to exclude



Specifically,

Of course, incremental profits are distinct from lost profits, and, moreover, the Federal Circuit has stated that "anticipated *incremental profits* under the hypothesized conditions are conceptually central to constraining the royalty negotiation, as recognized in *Trans–World Mfg.,* 750 F.2d at 1568." *Aqua Shield v. Inter Pool Cover Team*, 774 F.3d 766, 772 (Fed. Cir. 2014).

As an expert witness, Mr. Weinstein can and will explain these concepts to the jury.  Mr. Weinstein's usage of these term in his report is descriptive and proper, and, for these reasons, Defendants' MIL No. 9 should be denied.

Defendants' MIL No. 9 should be denied for the additional independent reason that it is effectively a late-filed motion to strike expert testimony.  *See* Dkt. 202, at 2 (Docket Control Order setting March 16, 2018 as the deadline to file motions to strike expert testimony).

## X.     Defendants' MIL No. 10

Defendants seek to exclude ████████████████████████████

████████████████████████████████████████████ This case addresses

Defendants' infringement through their 14 nm bulk FinFET technology.  Through agreement by

the parties, damages based on Defendants' other infringing devices will be addressed in a later

case.  ███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████ This is highly relevant to the current case because it strongly

evidences both the commercial success and praise in the industry of the '055 Patent (which  is

relevant to validity) and the absence of any non-infringing alternatives (which is relevant to

damages).  In particular, the fact that Samsung has continued to use the infringing technology in

future generations of products strongly contradicts Defendants' position that there are

commercially viable alternatives.  The same holds for Dr. Kuhn's analysis that TSMC's 16 nm

bulk FinFET process technology infringes the '055 Patent.  It shows that the entire industry has

embraced the technology of the '055 Patent.  *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813

F.2d 1207, 1212 (Fed. Cir. 1987) ("Since at least *Graham v. John Deere Co.,* 383 U.S. 1, 17, 86

S.Ct. 684, 693, 15 L.Ed.2d 545, 148 USPQ 459, 467 (1966), the commercial success of a

patented invention is clearly important. That evidence is 'secondary' in time does not mean that

it is secondary in importance.").  KAIST IP US will make explicit in its damages presentation

that the only damages that will be awarded are for the accused 14 nm FinFETs.

Additionally, this MIL is yet another attempt to strike KAIST IP US's amended

infringement contentions in disguise.  That motion is currently pending and would render

Defendants' MIL No. 10 moot.  Defendants' MIL may also be denied for the separate reason that

10

KAIST IP US' operative infringement contentions do in fact specifically identify chips made by Defendants' 14 nm bulk FinFET technology and products containing such 14 nm bulk FinFET chips as accused instrumentalities. ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

For these reasons, Defendants' MIL No. 10 should be denied.

## XI.     Defendants' MIL No. 11

Defendants seek to exclude ███████████████████████████████████████

It is unclear what Defendants seek with this seemingly redundant MIL.  KAIST IP US agrees that no party should try to introduce matters excluded or struck by the Court.

## XII.     Defendants' MIL No. 12

Defendants seek to exclude ████████████████████████████████████

█████████████████████████████████████████████████████████

████████   This is not an evidentiary issue.   █████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████

Defendants seek to exclude these statement as inadmissible hearsay; however, they are non-hearsay statements of a party opponent under FRE 801(d)(2), and may also be statements against interest per 804(b).  ("The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness: ... (3) Statement Against Interest. A statement that: (A) a reasonable person in the declarant's position would have made only if the person believed it to

be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else.").

Furthermore, Defendants could have chosen to bring the declarant to trial to explain his statement, and, of course, may cross-examine Prof. Lee on the statement. Defendants focus unnecessarily on Dr. Kuhn's relationship to the email. While experts such as Dr. Kuhn can review and rely on materials that are otherwise hearsay, Prof. Lee is a recipient and can authenticate this email. For these reasons, Defendants' MIL No. 12 should be denied.

## XIII.   Defendants' MIL No. 13

Defendants seek to exclude ██████████████████████████████████████

████████████   Prof. Lee has provided Samsung with information about his invention and worked with Samsung's engineers over a number of years. There is significant evidence to support a finding that ████████████████████████████████████████████████████████████

███████████████   ████████████████████████████████████████████████

████████████████████████████; however, it is a non-hearsay statement by a party opponent under FRE 801(d)(2). Defendants other arguments regarding this email or Dr. Kuhn's inferences therefrom attack the *weight* of the evidence, not its admissibility. And since this evidence is highly probative of intent regarding willfulness and indirect infringement, Defendants' cries of unfair prejudice ring hollow. Dr. Kuhn should be allowed to provide her opinion for the jury to consider, so that the jury can then reach its own opinion on the matter. For these reasons, Defendants' MIL No. 13 should be denied.

Defendants' MIL No. 13 should be denied for the additional independent reason that it is effectively a late-filed motion to strike expert testimony. *See* Dkt. 202, at 2 (Docket Control Order setting March 16, 2018 as the deadline to file motions to strike expert testimony).

## XIV.   Defendants' MIL No. 14

Defendants seek to exclude ██████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

But this argument is self-defeating in that it exposes this as an area of simple expert

disagreement.  Dr. Kuhn's opinions should not be excluded; rather, Defendants should cross

examine about them, or ████████████████████████████████

██████████. For these reasons, Defendants' MIL No. 14 should be denied.

And, as above, Defendants' MIL No. 14 should be denied for the additional independent

reason that it is a late-filed motion to strike expert testimony. ████████████████

████████████████████ *See* Dkt. 202, at 2 (Docket Control Order setting March 16,

2018 as the deadline to file motions to strike expert testimony).

## XV.   Defendants' MIL No. 15

Defendants seek to exclude ████████████████████████████

██████████████████████████████████ In general, KAIST IP US agrees that

discovery deficiencies and alleged discovery misconduct should not be raised before the jury by

any party.  However, KAIST IP US has recently informed the Court about ██████████████

███████████████████████████████████████████████████████████████████████

████████████████. Dkt. 260.  To the extent that ███████████████████████████

████████████████████████████████, KAIST IP US should be allowed to inform the jury

of those things.  Further, Samsung's and/or Defendants' actions that are reflective of their state

of mind are relevant to KAIST IP US's willfulness and indirect infringement case.  For these

reasons, Defendants' MIL No. 15 should be denied.

## XVI.   Defendants' MIL No. 16

Defendants seek to exclude ███████████████████████████████████████

██████████████████████████████████████ This MIL should be

denied to the extent that it is, in fact, a disguised motion to strike an opinion of Dr. Kuhn's.  Dkt.

202, at 2 (Docket Control Order setting March 16, 2018 as the deadline to file motions to strike

expert testimony).  Indeed, the issues raised in Defendants' MIL No. 16 overlap substantially

with those discussed more fully in KAIST IP US's Opposition to Defendants' Motion to Exclude

Opinion and Testimony of Kelin Kuhn.  Dkt. 265.  Here, as in their briefing on their motion to

exclude, ███████████████████████████████████████████████████

███████████████████████████████. Moreover, ███████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

14



For these reasons, Defendants' MIL No. 16 should be denied.

Respectfully submitted,

*/s/ Thomas P. Burke Jr.*
Andrew Y. Choung
Cal. Bar No. 203192 (admitted in E.D. Texas)
Rex Hwang
Cal. Bar No. 221079 (admitted in E.D. Texas)
Guy M. Rodgers
Cal. Bar No. 303229 (admitted in E.D. Texas)
Thomas P. Burke Jr.
Cal. Bar No. 288261 (admitted in E.D. Texas)

15

S. Desmond Jui
Cal. Bar No. 262200 (admitted *pro hac vice*)
GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, California 90067
Telephone:(310) 553-3000
Facsimile:(310) 556-2920
Email:  achoung@glaserweil.com
Email:  rhwang@glaserweil.com
Email:  grodgers@glaserweil.com
Email:  tburke@glaserweil.com
Email:  djui@glaserweil.com

Jason Sheasby
Cal. Bar No. 205455 (admitted *pro hac vice*)
Charlotte Wen
Cal. Bar No. 313572 (admitted *pro hac vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars
Los Angeles, California 90067
Telephone:(310) 277-1010
Facsimile:(310) 203-7199
Email:  jsheasby@irell.com
Email:  cwen@irell.com

Charles Ainsworth
Texas Bar No. 00783521
Robert Christopher Bunt
Texas Bar No. 00787165
PARKER, BUNT & AINSWORTH PC
100 E. Ferguson St., Suite 1114
Tyler, Texas  75702
Telephone:(903) 531-3535
Facsimile:(903) 533-9687
Email:  charley@pbatyler.com
Email:  rcbunt@pbatyler.com

*Attorneys for Plaintiff and Counterclaim-Defendant
KIPB LLC*

1473788.4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this April 9, 2018.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Thomas P. Burke Jr.*
Thomas P. Burke Jr.

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that under L.R. CV-5(a)(7)(B) that the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter (Dkt. No. 54).

*/s/ Thomas P. Burke Jr.*
Thomas P. Burke Jr.

1473788.4