# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| KAIST IP US LLC, | § § § | |
| Plaintiff | § § | |
| v. | § § | NO. 2:16-cv-01314-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR, INC.; SAMSUNG AUSTIN SEMICONDUCTOR, LLC; GLOBALFOUNDRIES INC.; GLOBALFOUNDRIES U.S. INC.; and QUALCOMM INC., | § § § § § § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE***

**TABLE OF CONTENTS**

Page

I. PLAINTIFF'S MIL NO. 6: COMPARING ACCUSED PRODUCTS TO THE PREFERRED EMBODIMENTS OF THE PATENTS ...................................................... 1

II. PLAINTIFF'S MIL NO. 7: ANY ALLEGED PRIOR DEVELOPMENT OF BULK FINFETS BY DEFENDANTS ........................................................................ 1

III. PLAINTIFF'S MIL NO. 8: THAT THE ACCUSED INSTRUMENTALITIES PRACTICE OTHER PATENTS ................................................................................. 3

IV. PLAINTIFF'S MIL NO. 9: ANY ALLEGED NON-INFRINGING ALTERNATIVES THAT WERE NOT COMMERCIALLY AVAILABLE ................... 4

V. PLAINTIFF'S MIL NO. 10: LAY TESTIMONY REGARDING INVALIDITY OR NONINFRINGEMENT ........................................................................................ 5

VI. PLAINTIFF'S MIL NO. 11: SETTLEMENT DISCUSSIONS CONDUCTED UNDER NON-USE NDA ......................................................................................... 5

VII. PLAINTIFF'S MIL NO. 12: REFERENCE TO KAIST IP US AS AN NPE OR "PATENT TROLL" ................................................................................................... 6

VIII. PLAINTIFF'S MIL NO. 13: LUMP SUM DAMAGES CALCULATIONS, OR IMPLYING THAT THE CALCULATIONS OF DAMAGES EXPERTS RESULT IN, OR THAT THE JURY MAY AWARD, A "LUMP SUM" ......................... 7

IX. PLAINTIFF'S MIL NO. 14: ALLEGING RELATIVE IMPORTANCE OF CLAIM ELEMENTS OF THE CLAIMS................................................................... 7

X. PLAINTIFF'S MIL NO. 15: COMPARING PRIOR ART TO PLAINTIFF'S INFRINGEMENT CONTENTIONS OR SAMSUNG'S PRODUCTS RATHER THAN TO CLAIMS AS CONSTRUED BY THE COURT ........................................... 8

XI. PLAINTIFF'S MIL NO. 16: SAMSUNG'S COMPANY CHARACTER AND ACHIEVEMENTS .................................................................................................... 9

XII. PLAINTIFF'S MIL NO. 17: ALLEGED FAILURE TO DISCLOSE PRIOR ART REFERENCES TO THE PATENT OFFICE .................................................... 9

XIII. PLAINTIFF'S MIL NO. 18: PROSECUTION HISTORY FOR THE JAPANESE PATENT APPLICATION ....................................................................................... 10

XIV. PLAINTIFF'S MIL NO. 19: ALLEGED SPONSORSHIP OF PROF. LEE'S UNRELATED RESEARCH BY SAMSUNG.............................................................. 10

XV. PLAINTIFF'S MIL NO. 20: HONORARIA RECEIVED BY PROF. LEE FROM SAMSUNG ................................................................................................. 11

XVI. PLAINTIFF'S MIL NO. 21: MASSACHUSETTS INSTITUTE OF TECHNOLOGY (MIT) ............................................................................................ 12

XVII. PLAINTIFF'S MIL NO. 22: UNDISCLOSED PRIOR ART ....................................... 12

## TABLE OF AUTHORITIES
Page(s)

**Cases**

*Advanced Tech. Incubator, Inc. v. Sharp Corp.*,
   No. 5:09-CV-135, 2010 WL 11451797 (E.D. Tex. Mar. 31, 2010) ......................................3, 4

*Apple Inc. v. Samsung Elecs. Co.*,
   No. 11-CV-01846-LHK, 2016 WL 524904 (N.D. Cal. Feb. 10, 2016).....................................4

*CardSoft, Inc. v. VeriFone Sys., Inc.*,
   No. 2:08-CV-98-RSP, 2012 WL 1995302 (E.D. Tex. June 4, 2012) ........................................3

*Commonwealth Scientific & Indus. Research Org. v. Cisco Sys., Inc.*,
   809 F.3d 1295 (Fed. Cir. 2015)..................................................................................................8

*France Telecom S.A. v. Novell, Inc.*,
   No. 02-437-GMS, 65 U.S.P.Q.2d 1055, 2002 WL 31355254 (D. Del. Oct. 17,
   2002) ........................................................................................................................................9

*Grain Processing Corp. v. Am. Maize-Prod. Co.*,
   185 F.3d 1341 (Fed. Cir. 1999)..................................................................................................4

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016).................................................................................................10, 11, 12

*Intelligent Verification Sys., LLC v. Microsoft Corp.*,
   No. 2:12-CV-525, 2015 WL 1518099 (E.D. Va. Mar. 31, 2015).............................................3

*Interactive Health LLC v. King Kong USA, Inc.*,
   No. CV 06-1902-VBF (PLAx), 2008 WL 8793640 (C.D. Cal. July 24, 2008)........................3

*Metaswitch Networks Ltd. v. Genbank US LLC*,
   No. 2:14-cv-744-JRG-RSP, 2016 WL 3618831 (E.D. Tex. Mar. 1, 2016) ..............................1

*Micro Chem., Inc. v. Lextron, Inc.*,
   317 F.3d 1387 (Fed. Cir. 2003)..................................................................................................4

*Mobile Telecommunications Techs., LLC v. LG Elecs. Mobilecomm U.S.A., Inc.*,
   No. 2:13-CV-947-JRG-RSP, 2016 WL 3611559 (E.D. Tex. Feb. 4, 2016).............................9

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
   No. 2:13-CV-213-JRG-RSP, 2015 WL 627430 (E.D. Tex. Jan. 30, 2015).........................6, 8

*Scantibodies Lab., Inc. v. Immutopics, Inc.*,
   No. CV04-8871 MRP (MANx), 2009 WL 1182743 (C.D. Cal. Feb. 9, 2009).........................7

# TABLE OF AUTHORITIES
## (continued)

*Semcon IP Inc. v. Huawei Device USA Inc.*,
    No. 2:16-cv-437 (E.D. Tex. Dec. 15, 2017) ..............................................................................6

*Summit 6, LLC v. Samsung Elecs. Co.*,
    802 F.3d 1283 (Fed. Cir. 2015) ................................................................................................7

*United States v. Certain Land Situated in City of Detroit, Wayne Cty., State of Mich.*,
    547 F. Supp. 680 (E.D. Mich. 1982) ........................................................................................9

*Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*,
    103 F.3d 1571 (1997) ........................................................................................................10, 11

*Wonderland NurseryGoods Co. v. Thorley Indus., LLC*,
    No. CIV.A. 12-196, 2014 WL 241751 (W.D. Pa. Jan. 22, 2014) .............................................3

*Zygo Corp. v. Wyko Corp.*,
    79 F.3d 1563 (Fed. Cir. 1996) ..................................................................................................9

**Rules**

Fed. R. Evid. 403 .................................................................................................................................1

**I.   PLAINTIFF'S MIL NO. 6: COMPARING ACCUSED PRODUCTS TO THE PREFERRED EMBODIMENTS OF THE PATENTS**

Defendants do not oppose this motion *in limine*, provided that any preclusion is reciprocal and applied equally to both parties. Defendants agree that the parties should not be permitted to compare the accused products with the '055 Patent embodiments for purposes of demonstrating infringement or non-infringement, consistent with this Court's previous rulings. *Metaswitch Networks Ltd. v. Genbank US LLC*, No. 2:14-cv-744-JRG-RSP, 2016 WL 3618831, at *4 (E.D. Tex. Mar. 1, 2016) ("No party may argue that the claims are limited to a specific embodiment or compare an accused product to a specific embodiment to argue infringement or non-infringement, but parties may refer to an embodiment in the context of explaining the patent."). Plaintiff's motion, however, seeks a one-way preclusion order, requesting to preclude Defendants alone from making such comparisons. Of course, the Court has previously ruled that no party (and neither side) should make such comparisons. *See id*. Thus, Plaintiff should likewise be precluded regarding any argument, testimony, evidence, reference or suggestion comparing the accused products with the embodiments of the '055 Patent for infringement purposes, in order to prevent juror confusion and substantial unfair prejudice, under Fed. R. Evid. 403 and this Court's prior rulings.

**II.   PLAINTIFF'S MIL NO. 7: ANY ALLEGED PRIOR DEVELOPMENT OF BULK FinFETs BY DEFENDANTS**

Defendants respectfully oppose this motion *in limine*, which broadly—and impermissibly—seeks preclusion of defendants' prior development efforts before Prof. Lee's filing of the Korean counterpart application. Plaintiff's argument is based on a false premise; Defendants do not contend that they had "developed" any accused instrumentality prior to the filing of the Korean counterpart application. That is merely a term that Plaintiff creates to support a flawed straw man argument. The development effort here took place over many years,

but initially arose out of a collaborative effort between Prof. Lee and Dr. Park from Samsung. While Plaintiff contends that Prof. Lee should alone be credited with the development of the alleged the invention and that Dr. Park merely assisted Prof. Lee in reducing the alleged invention to practice, this is in dispute and Defendants should be permitted to introduce evidence and testimony demonstrating that Dr. Park was working with Prof. Lee before the filing of the Korean counterpart application (and any alleged conception of the claimed invention) and later reduced the invention to practice at Samsung.  This initial development work and subsequent efforts spawned a long-term collaborative effort, which began with Prof. Lee and Dr. Park working together at Seoul National University prior to the filing of the Korean counterpart application and continued over the years, with as many as 40-50 Samsung engineers later working to perfect and implement the accused infringing technology.  Plaintiff contends (incorrectly) that Samsung engaged in a systematic effort to copy Prof. Lee's work and hopes to cut off the origins of the initial development effort, by precluding any mention of the collaboration between Prof. Lee and Dr. Park.  This collaboration and the initial development efforts are an important part of the story here and is highly probative to a number of issues, including the date of invention (including conception and reduction to practice), inventorship, implied license, estoppel and unclean hands.  Defendants contend that Prof. Lee misled them over a course of many years by taking advantage of manufacturing facilities that allowed his invention to morph into something well beyond what he ever contemplated or could have effectuated on his own.  There is no prejudice in allowing Dr. Park to testify as to his role in collaborating with Prof. Lee early on as it is part of a much larger story that rebuts Plaintiff's willfulness allegations and supports Defendants' defenses.  Samsung should be permitted to present evidence and testimony on this effort to the jury, as this is a classic factual dispute.

### III. PLAINTIFF'S MIL NO. 8: THAT THE ACCUSED INSTRUMENTALITIES PRACTICE OTHER PATENTS

Plaintiff's experts have taken the outrageous position that every advance and benefit of bulk FinFET technology over planar FET technology is attributable solely to the asserted patent. *See* Dkt. Nos. 225, 231. Defendants are entitled to rebut this position by presenting evidence that, *e.g.*, other patented inventions account for such alleged benefits. Other courts have recognized that such evidence is admissible. *See*, *e.g.*, *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. 5:09-CV-135, 2010 WL 11451797, at *2 (E.D. Tex. Mar. 31, 2010) ("Defendants can use their own patents or third party patents to argue invalidity and lack of willfulness . . . ."); *CardSoft, Inc. v. VeriFone Sys., Inc.*, No. 2:08-CV-98-RSP, 2012 WL 1995302, at *1 (E.D. Tex. June 4, 2012) (Defendants may refer to a prior art patent owned by one of the Defendants.); *Wonderland NurseryGoods Co. v. Thorley Indus., LLC*, No. CIV.A. 12-196, 2014 WL 241751, at *2 (W.D. Pa. Jan. 22, 2014) (finding Defendants' patents admissible and relevant to Georgia-Pacific factor 13); *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-CV-525, 2015 WL 1518099, at *11 (E.D. Va. Mar. 31, 2015) (denying motion *in limine* to exclude evidence of defendant's patents, noting "[a] defendant's patents are relevant to rebut a claim of willful infringement, and any relevance to the development process and damages defense will be determined based on the Defendants' factual context and proffered purpose of the evidence at trial.") (citation omitted); *Interactive Health LLC v. King Kong USA, Inc.*, No. CV 06-1902-VBF (PLAx), 2008 WL 8793640, at *8 (C.D. Cal. July 24, 2008) (denying motion in limine regarding "Other Patents Covering the Accused Devices[,]" noting relevance to doctrine of equivalents and willfulness). Defendants have already agreed not to argue that they do not infringe because they have their own patents. *See* Dkt. No. 291 at 2 (Agreed MIL No. 1). Therefore, Plaintiff's MIL No. 8 should be denied.

### IV. PLAINTIFF'S MIL NO. 9: ANY ALLEGED NON-INFRINGING ALTERNATIVES THAT WERE NOT COMMERCIALLY AVAILABLE

Plaintiff alleges that a non-infringing alternative must have been commercially available at the time of the hypothetical negotiation in order to be relevant, citing *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1353 (Fed. Cir. 1999). Plaintiff's authority does not support its position. First, *Grain Processing* addressed non-infringing alternatives in the context of a lost profits claim, and its holding does not necessarily apply to a reasonable royalty case such as this.[1] Second, "[*Grain Processing*] held that a non-infringing substitute not on the market during the time of infringement may nevertheless have been 'available' for purposes of defeating a lost profits claim if other facts show the infringer could have manufactured the non-infringing alternative and would have known it would be acceptable to consumers at the time of infringement." *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1393 (Fed. Cir. 2003). Third, *Grain Processing* indicates that any non-infringing alternatives available during the alleged infringement period is relevant. *Grain Processing Corp.*, 185 F.3d at 1353 ("The critical time period for determining availability of an alternative is the period of infringement for which the patent owner claims damages . . . .").

This Court should hold, as others have, that "an acceptable non-infringing alternative need not be a product that was actually on the market at the time of infringement . . . ." *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2016 WL 524904, at *8 (N.D. Cal. Feb. 10, 2016). Finally, Plaintiff's argument that a non-infringing alternative was merely "theoretical" goes to the weight of the evidence, not admissibility. *See Advanced Tech. Incubator, Inc.*, 2010

---

[1] "This court has not had occasion to address whether the holding of *Grain Processing* has applicability in the reasonable royalty context. We need not decide that issue here . . . ." *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1393 (Fed. Cir. 2003).

WL 11451797, at *3 (denying motion *in limine* to exclude allegedly "theoretical" non-infringing alternatives). Therefore, Plaintiff's MIL No. 9 should be denied.

## V. PLAINTIFF'S MIL NO. 10: LAY TESTIMONY REGARDING INVALIDITY OR NONINFRINGEMENT

In general, Defendants' witnesses should be allowed to testify to their factual knowledge that there were certain solutions in the prior art and/or that the accused products do not contain certain features. Also, Defendants' subjective belief regarding the invalidity or non-infringement of the '055 Patent is relevant to their defenses against Plaintiff's willful infringement claims. As to the specific concern raised in Plaintiff's motion regarding Globalfoundries witness Jesse Abzug, this was already resolved at the February 28 hearing. Globalfoundries does not intend to affirmatively have Mr. Abzug testify that Globalfoundries held a belief that the '055 Patent was invalid based on a privileged study. However, if Plaintiff opens the door by asking (as it did during deposition), Globalfoundries' witnesses should be permitted to answer to the extent of their factual knowledge. Plaintiff's MIL No. 10 should be denied.

## VI. PLAINTIFF'S MIL NO. 11: SETTLEMENT DISCUSSIONS CONDUCTED UNDER NON-USE NDA

Defendants agree that Samsung's settlement discussions with Plaintiff are inadmissible. Defendants have also moved *in limine* to preclude discussion of settlement communications involving the parties. Thus, as explained to Plaintiff, Defendants do not oppose this MIL as they understand it. Defendants simply wish to clarify that this MIL does not preclude admission of

 Moreover, as explained in Defendants' Opposition to Plaintiff's Motion to Strike Dr. Becker's Report (Dkt. No. 224) ▬▬▬▬▬▬▬▬▬▬▬ re highly relevant

- 5 -

(and Plaintiff's own expert agrees). Therefore, Plaintiff's MIL No. 11 should be granted as agreed, but with the clarification that ███████████████ are admissible.

### VII. PLAINTIFF'S MIL NO. 12: REFERENCE TO KAIST IP US AS AN NPE OR "PATENT TROLL"

Defendants have agreed not to refer to Plaintiff as a "troll" or similar disparaging terms. However, Defendants should be able to explain to the jury that Plaintiff does not practice the asserted patent or compete with Defendants, consistent with this Court's rulings in prior cases. *See Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-CV-213-JRG-RSP, 2015 WL 627430, at *1 (E.D. Tex. Jan. 30, 2015) (granting motion in limine as to derogatory terms, but noting "This *limine* shall not prevent Defendants from arguing that Plaintiff is a patent assertion entity that does not manufacture or sell products in this field" and "This limine does not prohibit Defendants from characterizing Plaintiff as an entity that licenses and litigates, so long as those terms are used in conjunction with one another"); *Semcon IP Inc. v. Huawei Device USA Inc.*, No. 2:16-cv-437, slip op. at 1 (E.D. Tex. Dec. 15, 2017) ("factual evidence on the nature of these companies' business models and non-derogatory statements (i.e. the term Non-Practicing Entity and that such an entity does not make any products or practice the asserted patents) are not excluded to the extent relevant to the parties' claims or defenses."). Indeed, this is relevant to damages under *Georgia-Pacific* factor 5, as Plaintiff's own damages expert recognizes. Ex. 1 at 48 ███████████████████████████████████████. Accordingly, Plaintiff's MIL No. 12 should be denied, except as to disparaging terms such as "troll" (as Defendants have already agreed).

## VIII. PLAINTIFF'S MIL NO. 13: LUMP SUM DAMAGES CALCULATIONS, OR IMPLYING THAT THE CALCULATIONS OF DAMAGES EXPERTS RESULT IN, OR THAT THE JURY MAY AWARD, A "LUMP SUM"

The jury may award any damages as a lump sum. *See Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1301 (Fed. Cir. 2015). The most probative evidence of damages is ▓▓▓ ▓▓▓. Defendants' damages expert, Dr. Becker, opines that ▓▓▓ ▓▓▓ ▓▓▓ Dr. Becker does not opine as to a "lump sum through trial," as Plaintiff claims. Rather, Dr. Becker states ▓▓▓ ▓▓▓ ▓▓▓ ▓▓▓ ▓▓▓ ▓▓▓ Plaintiff's request to exclude references to lump sum damages is contrary to the law, the evidence in this case, and its own damages expert. Accordingly, Plaintiff's MIL No. 13 should be denied.

## IX. PLAINTIFF'S MIL NO. 14: ALLEGING RELATIVE IMPORTANCE OF CLAIM ELEMENTS OF THE CLAIMS

Plaintiff asserts that any reference to the relative importance of claim elements "would be an incorrect assertion of law." But Courts have correctly recognized, for example, that claim limitations can be important insofar as they were added during prosecution to overcome the prior art. *Scantibodies Lab., Inc. v. Immutopics, Inc.*, No. CV 04-8871 MRP (MANx), 2009 WL 1182743, at *5 (C.D. Cal. Feb. 9, 2009), aff'd, 374 F. App'x 968 (Fed. Cir. 2010), and aff'd, 374

F. App'x 968 (Fed. Cir. 2010) (referring to limitations added to overcome prior art as "key limitations."). Here, the applicant added the final limitation in claim 1 (relating to thickness of the gate oxide layer and first oxidation layer) during prosecution to overcome a rejection. Thus, that limitation is important to determining the alleged incremental benefit over the prior art. *See Commonwealth Sci. & Indus. Research Org. v. Cisco Sys., Inc.*, 809 F.3d 1295, 1304 (Fed. Cir. 2015) ("patent holder should only be compensated for the approximate incremental benefit derived from his invention . . . ."). ███████████████████████████████████████
████████████████████████████████

Consistent with this Court's rulings in prior cases, Defendants should be permitted to discuss the importance of the claim elements. *See*, *e.g.*, *Rembrandt Wireless Techs., LP*, 2015 WL 627430, at *3 (denying motion *in limine* regarding references to the "relative importance of the claim elements" noting "Plaintiff's concerns can be adequately addressed in the jury instructions if Plaintiff perceives Defendants' characterizations as giving a false impression of the law."). Accordingly, Plaintiff's MIL No. 14 should be denied.

X.  **PLAINTIFF'S MIL NO. 15: COMPARING PRIOR ART TO PLAINTIFF'S INFRINGEMENT CONTENTIONS OR SAMSUNG'S PRODUCTS RATHER THAN TO CLAIMS AS CONSTRUED BY THE COURT**

Defendants respectfully request that they be permitted to compare the accused products to prior art patents, including Samsung's own patents. As explained above in opposition to Plaintiff's MIL No. 8, such a comparison is relevant to damages and to rebutting Plaintiff's claim of willful infringement and infringement under the doctrine of equivalents. Therefore, Plaintiff's MIL No. 15 should be denied.

XI.  **PLAINTIFF'S MIL NO. 16: SAMSUNG'S COMPANY CHARACTER AND ACHIEVEMENTS**

Plaintiff's motion is overbroad and should be denied. *Mobile Telecommunications Techs., LLC v. LG Elecs. Mobilecomm U.S.A., Inc.*, No. 2:13-CV-947-JRG-RSP, 2016 WL 3611559, at *2 (E.D. Tex. Feb. 4, 2016) ("The Court DENIED as overly broad this motion in limine . . . ."); *United States v. Certain Land Situated in City of Detroit, Wayne Cty., State of Mich.*, 547 F. Supp. 680, 681–82 (E.D. Mich. 1982) ("Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence when they arise") (internal citations and quotations omitted). Further, Plaintiffs do not cite any authority to support their position. Courts routinely permit Defendants to present information about their company and achievements. For example, information such as Defendants' contributions to accused products and Defendants' capabilities to make non-infringing alternatives are relevant to damages. *Zygo Corp. v. Wyko Corp.*, 79 F.3d 1563, 1571–72 (Fed. Cir. 1996) (Whether an accused infringer hypothetically could have continued to market a noninfringing alternative is relevant to a reasonable royalty determination). Accordingly, Plaintiff's MIL No. 16 should be denied.

XII. **PLAINTIFF'S MIL NO. 17: ALLEGED FAILURE TO DISCLOSE PRIOR ART REFERENCES TO THE PATENT OFFICE**

Defendant's agree that Prof. Lee's failure to disclose certain prior art reference to the Patent Office cannot be used to argue inequitable conduct in this case. However, Plaintiff's assertion that this evidence "could only be relevant to an affirmative defense of inequitable conduct" is incorrect. Facts about omissions during prosecution of a patent are also relevant to other equitable defenses, such as unclean hands. *France Telecom S.A. v. Novell, Inc.*, No. 02-437-GMS, 65 U.S.P.Q.2d 1055, 2002 WL 31355254 (D. Del. Oct. 17, 2002) (stating that the

defenses of unclean hands and inequitable conduct may be based on the same transactions). Therefore, Plaintiff's MIL No. 17 should be denied.

### XIII. PLAINTIFF'S MIL NO. 18: PROSECUTION HISTORY FOR THE JAPANESE PATENT APPLICATION

Plaintiff's MIL No. 18 is essentially a rehash of a portion of its motion to strike Dr. Subramanian's Rebuttal Report. For the reasons explained in Defendants' Opposition to that motion to strike (Dkt. No. 273 at 11-12), including that the rejection of the Japanese application is relevant to rebutting willful infringement, this MIL should be denied. Furthermore, the Japanese patent application was part of ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Plaintiff's MIL No. 18 should be denied.

### XIV. PLAINTIFF'S MIL NO. 19: ALLEGED SPONSORSHIP OF PROF. LEE'S UNRELATED RESEARCH BY SAMSUNG

Defendants should be permitted to offer evidence, testimony or argument of Samsung's sponsorship of Prof. Lee's other research. This evidence is highly probative and relevant to important defenses in the case. Plaintiff contends, for example, that Defendant Samsung copied the alleged invention from Prof. Lee and plans to present theory as the centerpiece of its willfulness case. Willfulness, of course, requires consideration of the totality of the circumstances, and evidence that Samsung affiliates contemporaneously funded other research projects of Prof. Lee is inconsistent with the type of egregious conduct that is required for willfulness. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016). In addition, this evidence supports key elements of Samsung's implied license defense. *See, e.g.*, *Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1582 (1997) (elements include an existing relationship, during which a right to use was transferred, implicitly or otherwise, in exchange for

valuable consideration). The evidence, for example, supports the elements that there was an existing relationship between Samsung and Prof. Lee, and Prof. Lee received substantial consideration for the work that he allegedly shared with Samsung. Thus, if willfulness is presented to the jury, this evidence should likewise be presented to the jury, not only to allow Samsung to demonstrate the reasonableness of its conduct, but also to support its implied license defense. Defendants, therefore, respectfully request that this motion *in limine* be denied.

### XV. PLAINTIFF'S MIL NO. 20: HONORARIA RECEIVED BY PROF. LEE FROM SAMSUNG

Defendants should not be precluded from offering evidence, testimony or argument that Samsung paid Prof. Lee for the lectures that form the basis for Plaintiff's copying allegations. The evidence demonstrating that Prof. Lee was paid for the very lectures that Plaintiff alleges forms the basis for its copying allegations is highly probative and relevant to important defenses in the case. ███████████████████████████████████████████████████ ███. *See, e.g.*, *Wang Lab., Inc.*, 103 F.3d at 1582 (elements include an existing relationship, during which a right to use was transferred, implicitly or otherwise, in exchange for valuable consideration). The evidence supports the elements that (i) there was an existing relationship between Samsung and Prof. Lee, (ii) Prof. Lee transferred the right to use the material conveyed during the lectures, either implicitly or explicitly, and (iii) Prof. Lee received substantial consideration in the form of monetary payments for the lectures and, ultimately, the work that he allegedly shared with Samsung. *See id.* In addition, like the issue with MIL No. 19, this evidence tends to negate Plaintiff's willfulness allegations and demonstrates that Samsung's conduct is not egregious nor is it consistent with that of a pirate. *Halo Elecs., Inc.*, 136 S. Ct. 1923. Rather, the evidence demonstrates that Samsung was collaborating with Prof. Lee and compensated him for the very presentations that Plaintiff plans to tout as the centerpiece of its

copying and willfulness allegations. If willfulness is presented to the jury, this evidence should not be severed and should likewise be permitted to be offered to the jury, as part of the totality of circumstances. *See id*. Defendants would be unfairly prejudiced if Plaintiff were permitted to introduce its evidence, testifying and argument of copying from these same presentations, and Defendants were precluded from offering the circumstances under which these very same presentations were delivered. Defendants, therefore, respectfully request that this motion *in limine* be denied.

## XVI. PLAINTIFF'S MIL NO. 21: MASSACHUSETTS INSTITUTE OF TECHNOLOGY (MIT)

Defendants should be allowed discuss MIT publications and patents, including U.S. Patent No. 7,304,336 (the '336 Patent) to show the state of the art. Plaintiff is incorrect that these references are irrelevant to issues in this case. Defendants agree not to assert undisclosed publications or patents for purposes of arguing the asserted claims are invalid. However, these publications and patents may be relevant to issues other than invalidity, including showing the state of the art. Further, contrary to Plaintiff's claims, the '336 Patent was disclosed in Defendants' invalidity expert report. Ex. 4, ¶¶ 84, 1327. Accordingly, Defendants respectfully request that Plaintiff's MIL No. 21 be denied.

## XVII. PLAINTIFF'S MIL NO. 22: UNDISCLOSED PRIOR ART

Defendants agree not to assert undisclosed prior art for purposes of arguing the asserted claims are invalid. However, "prior art" includes a broad category of documents that may be relevant to issues other than invalidity, including showing the state of the art, as a defense to willful infringement, and in showing appropriate damages (*i.e.*, the incremental benefit compared to the prior art). Defendants were not required to list such prior art for these purposes in their invalidity contentions. Thus, Plaintiff's MIL No. 22 is overbroad and should be denied.

Dated: April 9, 2018                                        Respectfully submitted,

                              */s/ Jeffrey D. Comeau*
Allan M. Soobert
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, DC 20005
Telephone: (202) 551-1822
Facsimile: (202) 551-0222
allansoobert@paulhastings.com

Christopher W. Kennerly
Joseph J. Rumpler, II
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900
chriskennerly@paulhastings.com
josephrumpler@paulhastings.com

Jeffrey D. Comeau
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005
jeffreycomeau@paulhastings.com

Soyoung Jung (*pro hac vice*)
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705
soyoungjung@paulhastings.com

Melissa R. Smith
Texas State Bar No. 24001351
Harry L. Gillam, Jr.
Texas State Bar No. 07921800
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450

Facsimile:  (903) 934-9257
melissa@gillamsmithlaw.com
gil@gillamsmithlaw.com

COUNSEL FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR, INC.; SAMSUNG AUSTIN SEMICONDUCTOR, LLC; GLOBALFOUNDRIES INC.; GLOBALFOUNDRIES U.S. INC.; and QUALCOMM INCORPORATED

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 9th day of April, 2018.  As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

*/s/ Jeffrey D. Comeau*
Jeffrey D. Comeau

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

*/s/ Jeffrey D. Comeau*
Jeffrey D. Comeau
