IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KAIST IP US LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 2:16-CV-01314-JRG-RSP |
| | § | |
| SAMSUNG ELECTRONICS CO., | § | |
| LTD., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

In this patent case, KAIST moves for leave to supplement two of its expert reports based on purportedly new assertions from Defendants. Pl.'s Mot. for Leave to Supplement [Dkt. # 215]. The Court will **GRANT** the motion **IN PART**.

**I.      BACKGROUND**

KAIST asserts U.S. Patent 6,885,055, which relates generally to semiconductor manufacturing techniques for field effect transistors (FETs). '055 Patent abst. More particularly, the '055 Patent relates to the formation of a fin field effect transistor, also called a FinFET. *Id.*

In February 2018, KAIST served the expert reports of David Witt, one of KAIST's technical experts, and Roy Weinstein, KAIST's damages expert. Witt's report analyzed the benefits obtained by Defendants in practicing the accused bulk FinFET design. *See generally* Witt Rep. (Feb. 5, 2018) [Dkt. # 235-4, 235-5]. Relying in part on Witt's analysis,

Weinstein analyzed KAIST's alleged damages. *See generally* Weinstein Rep. (Feb. 5, 2018) [Dkt. # 225-2].

In March, Defendants served the rebuttal expert damages report of Stephen Becker. The report asserts a 14 nm SOI (silicon-on-insulator) process as a commercially acceptable, noninfringing alternative and presents a cost comparison between 14 nm SOI and 14 nm bulk processes. Becker Rep. (Mar. 2, 2018) [Dkt. # 224-2] ¶¶ 143–44. Becker relied on a conversation with Globalfoundries' Rule 30(b)(6) witness, Srikanth Samavedam, for estimates of the comparative costs of the two different processes. *Id.* ¶ 144.

According to KAIST, Defendants first proffered the 14 nm SOI process as an alternative in Becker's report. KAIST notes that Samavedam testified he was not involved in the development of the 14 nm SOI process, had no direct knowledge of it, and did nothing to investigate the facts surrounding the process. KAIST's Motion [Dkt. # 215] at 2–3. Also, in September 2017, KAIST asked Defendants to identify each commercially feasible alternative to the accused technology, but Defendants never referenced 14nm SOI in their responses. *See generally* KAIST's Reply [Dkt. # 275] at 2–3.

Defendants make five arguments in opposition. First, Defendants complain the supplemental reports do not "supplement," but rather respond to Defendants' damages rebuttal report. Defs.' Opp'n [Dkt. # 258] at 1–2. Second, Defendants contend the information addressed by the proposed supplements is not new, noting Samavedam specifically testified in January 2018 that Globalfoundries' 14 nm SOI process was a commercially feasible alternative. *Id.* [Dkt. # 258] at 2–4 (citing Samavedam Dep. (Mar.

14, 2018) [Dkt. # 258-3] at 137:18–22). Third, Defendants contend Weinstein admitted he was aware of Globalfoundries' 14 nm HP SOI product while preparing his report, but did not ask Witt to perform any analysis. *Id.* 4–5 (citing Weinstein Dep. (Mar. 14, 2018) [Dkt. # 285-4] at 119:9–20). Fourth, Defendants contend Witt inserts new opinions unrelated to the SOI process in an attempt to cure fundamental defects in his opening report. *Id.* at 5–6. Finally, Defendants contend they would be prejudiced given the short time until trial. *Id.* at 6–7.

## II.  APPLICABLE LAW

In deciding whether there is good cause to grant leave to supplement expert reports, courts in the Fifth Circuit consider "(1) the explanation for the failure to submit a complete report on time; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

## III.  DISCUSSION

The Court will grant leave to supplement concerning the 14 nm SOI process. First, nothing in the record suggests KAIST should have been aware that Defendants intended to proffer evidence that its 14 nm SOI process was a non-infringing alternative before they served Becker's report. Although Defendants argue KAIST should have anticipated that position based on Samavedam's testimony, Samavedam's deposition is not so clear as to indicate whether that is a position Globalfoundries *would* take or simply *could* take. In fact, the record is not clear about whether Samavedam's testimony was as a Rule 30(b)(6)

witness,[1] as Samavedam indicates his answer was based only on personal knowledge. Samavedam Dep. (Jan. 4, 2018) [Dkt. # 258-3] at 144:24–145:4. Identifying the 14 nm SOI process in an interrogatory response would strengthen Defendants' position, but Defendants did not make such an identification. Thus, KAIST was reasonably diligent in seeking leave to supplement once it was certain Defendants were taking that position.

Second, the supplement is important because, given that experts are confined to the content of their reports, KAIST would arguably be unable to respond to Defendants' contention that their 14 nm SOI process was an acceptable alternative. *Witt v. Chesapeake Exploration, LLC*, No. 2:10-CV-00022-TJW, 2011 WL 2790174, at *6 (E.D. Tex. July 14, 2011) (noting "[t]his Court has consistently limited experts' testimony to the opinions and bases disclosed in their expert report" and collecting cases).

Third, to the extent the supplements only rebut affirmative testimony within Becker's report concerning the 14 nm SOI process, Defendants will not be prejudiced. The supplementation is minimal and will not impede trial preparation. Moreover, Defendants have examined at least Witt concerning his proposed supplement.

Given KAIST's reasonable diligence, the importance of the supplement, and the lack of prejudice, the Court finds good cause and will grant leave as to the portions of the Witt and Weinstein supplements that relate to the 14 nm SOI process.

---

[1] KAIST noticed Samavedam as both a Rule 30(b)(1) and 30(b)(6) witness. Samavedam Dep. [Dkt. # 258-3] at PageID #: 15955. Moreover, none of the deposition questions cited by Defendants asks whether Defendants will be contending the 14 nm SOI process is an acceptable alternative for royalty-calculation purposes.

The Court, however, will deny leave as to other portions of Witt's supplement. The last two paragraphs surrebut parts of Becker's report. Witt Supp. Rep. [Dkt. # 215-1] ¶¶ 21–22 (noting the Becker report critiques his assessment of the value contributed by the '055 Patent). Thus, granting leave with respect to these paragraphs would fall into the pattern of perpetual supplementation frowned upon by the Court. *See, e.g.*, *Biscotti Inc. v. Microsoft Corp.*, No. 2:13-CV-01015-JRG-RSP, 2017 WL 2607882, at *2 (E.D. Tex. May 25, 2017). The last sentence of Paragraph 1 comments about the amount of evidence relied on by Becker, which is not necessary to assist the trier of fact under Rule 702(a). Similarly, Paragraph 2 is more appropriately attorney argument than expert testimony given Witt is in no better position than a lay person to determine whether Becker's reliance on Samavedam in light of Samavedam's prior testimony is confusing. *See, e.g.*, *United States v. Vest*, 116 F.3d 1179, 1185 (7th Cir. 1997) (noting "[c]redibility is not a proper subject for expert testimony; the jury does not need an expert to tell it whom to believe, and the expert's 'stamp of approval' on a particular witness' testimony may unduly influence the jury").

IV. **CONCLUSION**

The Court **GRANTS** Plaintiff's Motion for Leave to Supplement [Dkt. # 215] **IN PART**. Specifically, the Court **GRANTS** the motion *except* for (1) the last sentence of the first paragraph of Witt's supplement; (2) paragraph 2 of Witt's supplement and (3) paragraphs 21–22 of Witt's supplement.

**SIGNED this 16th day of April, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE