# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| KAIST IP US LLC,<br><br>  Plaintiff and Counterclaim-Defendant,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD.;<br>SAMSUNG ELECTRONICS AMERICA, INC.;<br>SAMSUNG SEMICONDUCTOR, INC.;<br>SAMSUNG AUSTIN SEMICONDUCTOR, LLC;<br>GLOBALFOUNDRIES INC.;<br>GLOBALFOUNDRIES U.S. INC.; and<br>QUALCOMM INC.,<br><br>  Defendants and Counterclaim-Plaintiffs. | Case No.: 2:16-cv-01314-JRG-RSP<br><br>JURY TRIAL DEMANDED<br><br>Honorable Rodney Gilstrap<br><br>*FILED UNDER SEAL* |

**SURREPLY IN OPPOSITION TO DEFENDANTS'**
**MOTION TO EXCLUDE ROY WEINSTEIN**

KAIST IP US files this surreply in opposition of Defendants' motion to exclude Roy Weinstein (Dkt. 225) to narrowly respond to issues raised in Defendants' reply (Dkt. 306).  As set forth in KAIST IP US's opposition (Dkt. 266), Mr. Weinstein uses hedonic regression, an established statistical tool, to determine the incremental economic benefit to Defendants associated with the infringement of the '055 Patent.  The inputs to his model are well-documented ███████████████████████████████████.  He properly relies on technical opinions by other experts and evidence from Defendants.  For these reasons, and the reasons set out below, the Court should deny Defendants' motion to exclude Mr. Weinstein.

I.   ARGUMENT

   A.   Mr. Weinstein's Regression Analysis Satisfies *Daubert*

Defendants continue to object to Mr. Weinstein's regression analysis.  Reply at 1-2.  But the hallmarks for reliability under *Daubert* include "whether [the methodology] can be (and has been) tested," "whether the [methodology] has been subjected to peer review and publication," "known or potential rate of error," and "general acceptance."  *Daubert v. Merrell Dow Pharm.*, Inc., 509 U.S. 579, 593 (1993).  And it is undisputed that the hedonic regression used by Mr. Weinstein is a generally-accepted methodology.  Opp. at 3-4 (citing Fifth Circuit cases where regression analysis was accepted).  In addition to using an accepted method, it is undisputed that Mr. Weinstein properly applied that method such that other experts, ███████████, are able to reproduce his work.  Indeed, without the ability to recreate Mr. Weinstein's work, Defendants would not be able to critique his opinion.  Moreover, any potential for error in hedonic regression is known and can be addressed through cross-examination.

Defendants set forth a critique of Mr. Weinstein's analysis by arguing that the results will change unreliably if other variables are introduced.  But they do not actually show this to be true.  The only example Defendants give in support of their proposition here is to argue that ████

[redacted]

Defendants do not provide any other example. Thus, their critique fails to show that Mr. Weinstein's analysis is unreliable in any way, and certainly not to any extent that would justify exclusion in lieu of cross examination.

### B. Mr. Weinstein's Inputs Are Reasonably Tied to the Facts of the Case

[redacted]

3



*i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 855–56 (Fed. Cir. 2010) ("Microsoft is correct that i4i's expert could have used other data in his calculations. The existence of other facts, however, does not mean that the facts used failed to meet the minimum standards of relevance or reliability."). Mr. Weinstein's opinion is reliable because it implements a generally-accepted, well-published methodology, and

the analysis can be tested (as Defendants have done) for potential errors. For this reason, the Court should allow Mr. Weinstein to testify subject to Defendants' cross-examination.

### C. Mr. Weinstein's Damages Analysis Is Tied to the '055 Patent

Defendants do not dispute any of the analytical steps that KAIST IP US's experts took but argue that Mr. Weinstein's damages analysis is not tied to the '055 Patent. Reply at 3. Defendants do not dispute that Dr. Kuhn opined that ███████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████ And, Defendants do not dispute that Mr. Witt ██████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████. Thus, by the time Mr. Weinstein applies ███████████████████████ identified by Mr. Witt, those improvements have already been technically apportioned to the '055 Patent by Dr. Kuhn. Opp. at 13.

Defendants continue to misunderstand the facts when they contend Mr. Weinstein's per-device royalties are not apportioned. Reply at 3-4. ███████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ████████████████████████

4
SURREPLY IN OPPOSITION TO MOTION TO EXCLUDE WEINSTEIN

### D. Mr. Weinstein Properly Calculated Damages for Each Defendant

Defendants argue that KAIST IP US never alleged indirect infringement against Qualcomm.  Reply at 4.  That is false.  KAIST IP US's March 13, 2017 Infringement Contentions assert "Defendants indirectly infringe by actively, knowingly, and/or intentionally inducing or contributing to the direct infringement of the Asserted Claims . . . Such indirect infringement includes the Defendants' inducement through affirmative acts, each other Defendant and third parties . . . to directly infringe the '055 Patent by making, using, selling, and/or importing the Accused Instrumentalities."  Dkt. 120-2 at 5-6.  Further, KAIST IP US also listed exemplary affirmative acts, including "(i) designing infringing processors for manufacture according to specification; (ii) collaborating on and/or funding the development of the infringing processors and/or technology; [and] (iii) soliciting and sourcing the manufacture of infringing processors."  *Id.* at 6.

### E. Mr. Weinstein's Cost Savings Analysis is Properly Tied to the Incremental Benefits Provided by the '055 Patent

Defendants continue to challenge Mr. Weinstein's cost savings opinion.  Reply at 5.  Defendants do not dispute that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Defendants also do not dispute that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Since

all of the cost savings are directly attributable to the '055 Patent, Mr. Weinstein properly used evidence from the Defendants that ▮▮▮▮▮▮▮▮▮▮ in his analysis.  Opp. at 15.

## II.     CONCLUSION

For these reasons, and the reasons set forth in KAIST IP US's opposition (Dkt. 266), the Court should deny Defendants' motion to exclude Mr. Weinstein.


Date:  April 18, 2018                                          Respectfully submitted,

                                                               */s/ Andrew Y. Choung*

                                                               Andrew Y. Choung
                                                               Cal. Bar No. 203192 (admitted in E.D. Texas)
                                                               Rex Hwang
                                                               Cal. Bar No. 221079 (admitted in E.D. Texas)
                                                               Guy M. Rodgers
                                                               Cal. Bar No. 303229 (admitted in E.D. Texas)
                                                               Thomas P. Burke Jr.
                                                               Cal. Bar No. 288261 (admitted in E.D. Texas)
                                                               S. Desmond Jui
                                                               Cal. Bar No. 262200 (admitted *pro hac vice*)
                                                               GLASER WEIL FINK HOWARD
                                                                 AVCHEN & SHAPIRO LLP
                                                               10250 Constellation Blvd., 19th Floor
                                                               Los Angeles, California  90067
                                                               Telephone:  (310) 553-3000
                                                               Facsimile:   (310) 556-2920
                                                               Email: achoung@glaserweil.com
                                                               Email: rhwang@glaserweil.com
                                                               Email: grodgers@glaserweil.com
                                                               Email: tburke@glaserweil.com
                                                               Email: djui@glaserweil.com

                                                               Jason Sheasby
                                                               Cal. Bar No. 205455 (admitted *pro hac vice*)
                                                               Charlotte Wen
                                                               Cal. Bar No. 313572 (admitted *pro hac vice*)
                                                               IRELL & MANELLA LLP
                                                               1800 Avenue of the Stars
                                                               Los Angeles, California  90067
                                                               Telephone: (310) 553-3000

        Facsimile:  (310) 556-2920
        Email: jsheasby@irell.com
        Email: cwen@irell.com

        Robert Christopher Bunt
        Texas Bar No. 00787165
        Charles Ainsworth
        Texas Bar No. 00783521
        PARKER, BUNT & AINSWORTH PC
        100 E. Ferguson St., Suite 1114
        Tyler, Texas  75702
        Telephone:  (903) 531-3535
        Facsimile:  (903) 533-9687
        Email: rcbunt@pbatyler.com
        Email: charley@pbatyler.com

        *Attorneys for Plaintiff and Counterclaim-*
         *Defendant KIPB LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on April 18, 2018.

        */s/ Andrew Y. Choung*
        Andrew Y. Choung

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that, under L.R. CV-5(a)(7)(B), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter (Dkt. No. 54).

        */s/ Andrew Y. Choung*
        Andrew Y. Choung