# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| KAIST IP US LLC, | § § § | |
| Plaintiff | § § | |
| v. | § § | NO. 2:16-cv-01314-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR, INC.; SAMSUNG AUSTIN SEMICONDUCTOR, LLC; GLOBALFOUNDRIES INC.; GLOBALFOUNDRIES U.S. INC.; and QUALCOMM INC., | § § § § § § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**DEFENDANTS' MOTION TO ENTER MODEL ORDER
FOCUSING PATENT CLAIMS AND PRIOR ART**

**I.    INTRODUCTION**

This is a single patent case.  Plaintiff's continued assertion of 17 claims from one patent (Dkt. No. 323 at 3) is inconsistent with the long-standing practice in this District and General Order 13-20, Model Order Focusing Patent Claims and Prior Art to Reduce Costs ("Model Order").  Plaintiff either intends to overwhelm the jury with an excessive number of claims or is playing "hide the ball" with the claims it actually intends to present at trial.  Regardless of which is true, in order to streamline the case and aid the efficient presentation of claims and defenses at trial, Defendants respectfully request that the Court order Plaintiff to comply with the Model Order and elect no more than eight asserted claims on which to proceed at trial.

**II.   ARGUMENT**

   **A.   Plaintiff Should Adhere to the Model Order's Limitation on the Number of Asserted Claims to Present at Trial**

In this District, in order to "streamline[] the issues in th[e] case to promote a 'just, speedy, and inexpensive determination' of th[e] action," plaintiffs are frequently required to elect a reasonable number of claims to present at trial.  Model Order ¶ 1 (quoting Fed. R. Civ. P. 1).  In order to accomplish its goal of streamlining issues, the Model Order requires a plaintiff make a final identification of asserted claims limited to "no more than five asserted claims per patent . . . and no more than a total of 16 claims."  *Id.* ¶ 3.  Where, as here, "the patent claimant asserts infringement of only one patent, all per-patent limits . . . are increased by 50%, rounding up." *Id.* ¶ 4.  Thus, in a single patent case, the Model Order holds a patentee to a final election of no greater than eight asserted claims for trial.  Plaintiff should also be held to this limit.

Plaintiff's assertion of 17 claims from the lone asserted patent is a far cry from the reasonable limitations contemplated by the Model Order.  Even at this late stage, Plaintiff is attempting to assert more than double the limit prescribed in the Model Order for a single patent

limit, and Plaintiff's current election is also greater than the total number of claims the Model Order prescribes for multiple-patent cases. With fact and expert discovery complete, and on the eve of trial, Plaintiff has more than sufficient information to identify which claims it will present to the jury. Plaintiff would not, therefore, suffer any prejudice or be deprived of any property rights by limiting its asserted claims for trial. *In re Katz*, 639 F.3d 1303, 1311–13 (Fed. Cir. 2011) ("Katz has failed to demonstrate that the allocation of burdens in the claim selection procedure adopted by the district court unfairly prejudiced it by creating a significant risk that Katz would be erroneously deprived of property rights in unselected claims."). To the contrary, it is prejudicial to make Defendants defend against an excessive number of claims in the limited amount of trial time available. Plaintiff should be limited to eight asserted claims so that the parties may efficiently and effectively present their claims and defenses to the jury.

During a meet-and-confer regarding Defendants' request that Plaintiff adhere to the Model Order, Plaintiff's counsel made much of the fact that only three of the 17 asserted claims are independent. Declaration of Jeffrey D. Comeau ("Comeau Decl.") ¶ 2. This argument misses the mark. Each claim (whether independent or dependent) provides a new limitation on the alleged invention, which then needs to be addressed by Defendants. That is, for each claim Plaintiff asserts, Defendants will be forced to devote trial time to the alleged disclosure of purported technology in each asserted claim and explain why each such claim is invalid and non-infringed. The fact that the Model Order is silent on how many independent and dependent claims a party may assert confirms that the distinction Plaintiff draws does not accord with its provisions, or achieve its goals of efficiency. Instead, consistent with the Model Order, Plaintiff should elect a total number of claims to assert at trial regardless of how many are dependent or independent.

Plaintiff further referenced *Allergan, Inc. v. Teva Pharmaceuticals USA* in support of its argument that it need not limit its asserted claims, but that case is of no avail to Plaintiff's position. Comeau Decl. ¶ 2. First, in *Allergan* the Court denied a request to limit the number of asserted claims (the proposition for which Plaintiff cited the case), but only because Allergan's counsel made a proposal on reducing the claims asserted in the case. *Allergan*, No. 2:15-cv-1455-WCB, 2017 WL 373462, at *2 (E.D. Tex. Jan. 26, 2017) ("The Court is satisfied that Allergan's proposed reductions in the number of its asserted claims is reasonable and satisfies the objectives of this district's Order Focusing Patent Claims and Prior Art while avoiding prejudice to Allergan."). Second, the Court adopted plaintiff's proposal to limit the total number of asserted claims to 15 for a six-patent case. *Id.* ("The Court views 15 as a reasonable number of claims for trial[.]"). Plaintiff makes no such concession that it will reduce the number of asserted claims, and asserts more claims from one patent than the total number for six patents that the *Allergan* court accepted. Consistent with its cited authority, therefore, Plaintiff should reduce the number of claims it asserts in this action.

The *Allergan* decision further supports Defendants' position because it recognizes, with a string cite, the long-standing practice in this District of limiting the number of claims a plaintiff may assert at trial:

> Courts in this district, in appropriate circumstances, have required patentees to reduce the number of asserted claims, both before and after the issuance of the Order Focusing Patent Claims. *See VirnetX Inc. v. Apple, Inc.*, No. 6:12-cv-855, Dkt. No. 283, at 1 (E.D. Tex. Oct. 29, 2015); *Commonwealth Sci. & Indus. Research Org. v. Mediatek Inc.*, No. 6:12-cv-578, Dkt. No. 672, at 2 (E.D. Tex. June 5, 2015); *Konami Digital Ent. Co., Ltd. v. Harmonix Music Sys., Inc.*, No. 6:08-cv-286, Dkt. No. 247, at 2, 5 (E.D. Tex. Feb. 3, 2010); *Widevine v. Verimatrix*, 2:07-cv-321, at 2 (E.D. Tex. Dec. 28, 2009) (Rader, J., sitting by designation); *Negotiated Data Solutions, LLC v. Dell, Inc.*, No. 2:06-cv-528, Dkt. No. 105, at 1 (E.D. Tex. July 31, 2008); *Hearing Components, Inc. v. Shure, Inc.*, No. 9:07-cv-104, 2008 WL 2485426, at *1 (E.D. Tex. June 13, 2008); *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreation Prods., Inc.*, No. 5:06-cv-222, at 1

(E.D. Tex. Jan. 22, 2007); Data Treasury Corp v. Wells Fargo & Co., No. 2:06-cv-72, at 3-5 (E.D. Tex. Oct. 25, 2006).

*Allergan*, 2017 WL 373462, at *1. As demonstrated by *Allergan*—and the numerous cases it cites—plaintiffs are routinely subject to limits on the number of claims they may assert at trial. Plaintiff should likewise be held to the standard set in the Model Order, and limited to eight asserted claims.

Like the parties in the *VirnetX* case cited by Judge Bryson in *Allergan*, Plaintiff and Defendants "will be under time limits at trial." Comeau Decl., Ex. 1 at 1. In fact, Plaintiff has opposed Defendants' request that each side be granted 15 hours (instead of 12 hours) to present its case. *See* Dkt. No. 389.[1] Given that there are three defendant groups, that the parties will need translators for key witnesses, and in order to focus on the issues in dispute, Plaintiff's attempt to force Defendants to spend additional time in rebuttal to an excessive number of asserted claims is unreasonable. Thus—like in *VirnetX*—Plaintiff should be ordered to comply with the Model Order and identify no more than eight claims to assert at trial.

### B. If Plaintiff Reduces Its Asserted Claims, Defendants Will Reduce Their Asserted Prior Art in Accordance with the Model Order

As Defendants have explained to Plaintiff, pursuant to the Model Order, in the event Plaintiff is ordered to limit its assertion to no more than eight claims, Defendants will limit their assertion of prior art to no more than nine references after receiving Plaintiff's final election of asserted claims. *See* Model Order ¶¶ 3–4.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant

---

[1] Plaintiff itself initially proposed 15 hours per side in the Joint Proposed Pretrial Order (Dkt. No. 323 at 15), but changed its position at the initial pretrial conference (4/18/18 Hr'g Tr. at 4:14–20).

Defendants' motion and order Plaintiff to elect no more than eight asserted claims for trial.

Dated: April 30, 2018                                                   Respectfully submitted,

                                                          */s/ Allan M. Soobert*
Allan M. Soobert
Blair M. Jacobs
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, DC 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
allansoobert@paulhastings.com
blairjacobs@paulhastings.com

Christopher W. Kennerly
Joseph J. Rumpler, II
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900
chriskennerly@paulhastings.com
josephrumpler@paulhastings.com

Jeffrey D. Comeau
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005
jeffreycomeau@paulhastings.com

Soyoung Jung (*pro hac vice*)
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705
soyoungjung@paulhastings.com

Melissa R. Smith
Texas State Bar No. 24001351
GILLAM & SMITH, LLP

>303 S. Washington Ave.
>Marshall, Texas 75670
>Telephone: (903) 934-8450
>Facsimile: (903) 934-9257
>melissa@gillamsmithlaw.com
>
>*Counsel for Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Semiconductor, Inc.; Samsung Austin Semiconductor, LLC; Globalfoundries Inc.; Globalfoundries U.S. Inc.; and Qualcomm Incorporated*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 30th day of April, 2018. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

>*/s/ Melissa R. Smith*
>Melissa R. Smith

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the Defendants met and conferred telephonically with counsel for the Plaintiff on April 27, 2018 in a good faith attempt to resolve the matters raised by this motion. No agreement could be reached. Plaintiff indicated it opposes the relief requested by this motion. Thus, these discussions have conclusively ended in an impasse and leave an open issue for the Court to resolve.

>*/s/ Melissa R. Smith*
>Melissa R. Smith