**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| KAIST IP US LLC,<br><br>　　Plaintiff and Counterclaim-Defendant,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD.;<br>SAMSUNG ELECTRONICS AMERICA, INC.;<br>SAMSUNG SEMICONDUCTOR, INC.;<br>SAMSUNG AUSTIN SEMICONDUCTOR, LLC;<br>GLOBALFOUNDRIES INC.;<br>GLOBALFOUNDRIES U.S. INC.; and<br>QUALCOMM INC.,<br><br>　　Defendants and Counterclaim-Plaintiffs. | Case No.: 2:16-cv-01314-JRG-RSP<br><br>JURY TRIAL DEMANDED<br><br>Honorable Rodney Gilstrap |

**JOINT MOTION FOR ENTRY OF DISPUTED POST-TRIAL BRIEFING SCHEDULE**

Plaintiff KAIST IP US LLC and Defendants, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Semiconductor, Inc., Samsung Austin Semiconductor, LLC, Globalfoundries Inc., Globalfoundries U.S. Inc., and QUALCOMM Incorporated (collectively, "the Parties") move the Court for entry of a briefing schedule for post-trial motions.

On June 15, 2018, the jury reached a verdict in Plaintiff's favor against Defendants (Dkt. No. 481). At present, the Court has not yet issued a judgment on the verdict or a schedule for post-trial briefing. The Parties have met and conferred and disagree as to an appropriate briefing schedule.

## EQUITABLE AND STANDING ISSUES

| Plaintiff's Proposal | Defendants' Proposal | Event |
|---|---|---|
| July 10, 2018 (Defendants' Opening Brief on Equitable Estoppel and Implied License) | August 10, 2018 (Defendants' Opening Brief on Equitable Estoppel, Implied License and Standing) | Motion |
| July 24, 2018 | August 31, 2018 | Response |
|  | September 14, 2018 | Reply |
|  | September 28, 2018 | Sur-Reply |

**PLAINTIFF'S POSITION REGARDING EQUITABLE ISSUES**.

The only remaining equitable defenses are implied license and equitable estoppel.  As noted in Dkt. 395 at 1, implied license is not even properly in this case because it was not disclosed as required by the local rules.  Defendants have already fully briefed their standing arguments and Magistrate Judge Payne has ruled on those arguments (Dkt. No. 508).  Given the limited nature of Defendants' equitable defenses, KAIST IP US proposes a 20-page limit for each side's brief.  This is consistent with how the Court has treated post-trial briefing on equitable issues.  *See Saint Lawrence Communications LLC v. Motorola Mobility LLC*, 2:15cv351, Dkt. 72, p. 2.

Defendants assertion that it needs three months from the jury verdict in this case to brief its remaining equitable defense is not reasonable.  First, Defendants' claim that they need to take the deposition of Professor Lee to support their equitable defenses.  Fact discovery in this case has long closed.  Judge Payne has repeatedly rejected the request for additional depositions of Professor Lee.  Dkt. 206; Dkt. 380.  Judge Payne has also already considered the 2003 agreement

referenced by Defendants in their argument below.  Dkt. 508 at 3; *see* Dkt. 342 at 3; Dkt. 342-2 (certified translation of 2003 funding contract); *see also* Dkt. 421 at 1-2.

More importantly, if Defendants believed they needed testimony from Professor Lee, he was sitting outside the courtroom for an entire week.  Defendants could have requested that the Court take testimony from him on equitable issues, something they declined to request.   This leads to the conclusion that Defendants' current attempt to re-open the record is purely tactical.

Moreover, Defendants' theory that the source of funds that paid for the patent prosecution has an impact on constitutional standing has no connection to the law or facts.  In 2003, Professor Lee's support came from government grants that were paid through KNU.  This is exactly what Defendants' argued to Judge Payne.  As Judge Payne ruled, the invention of the '055 Patent was completed before Professor Lee joined KNU, and the invention was assigned to KAIST -- the lead organization for the government grant that funded Professor Lee's work.  These undisputed facts defeat any challenge to the ***constitutional standing*** of KAIST IP US.  KNU has known for years about the '055 Patent and, before this litigation, never took any step to claim any rights in the patent.  Indeed, if the double hearsay the Defendants' rely on is correct, it simply confirms that Professor Lee fully disclosed the existence of the patent to both KNU and the government, neither of whom sought title in the invention as consideration for funding in2003.

The schedule provides Defendants' with almost a month of time since the jury's verdict to brief their remaining equitable defenses.   Plaintiff is respectful of family commitments of counsel, but the same holds for professional commitments.  Lead counsel for Plaintiff is preparing for another trial before this Court in August, making Defendants' schedule a significant prejudice.

Defendants have requested replies and sur replies. Plaintiff believes these are unnecessary and serve no other purpose than to delay this case. If Defendants believed their remaining equitable defenses required greater attention, they could have and should have requested time for testimony to be taken by the Court.

**DEFENDANTS' POSITION REGARDING EQUITABLE AND STANDING ISSUES.**

Plaintiff proposes a schedule that is totally unrealistic for Defendants to fully brief the equitable and standing issues in this case. Notwithstanding Magistrate Judge Payne's recent Report and Recommendation (R&R) on Defendants' Motion to Dismiss for Lack of Standing, the ultimate resolution of the standing questions remain for this Court to resolve. For example, Plaintiff's motion for summary judgment on standing has not yet been ruled on, and there are substantial factual issues that this Court will need to resolve. Significantly, Professor Jong-Ho Lee, who owns more than 60% of the outcome of this case, has repeatedly withheld discovery and made misrepresentations to the Court about the absence of critical documents, which has significantly prejudiced Defendants' case. *See, e.g.*, Dkt. 261. Plaintiff now attempts to further prejudice Defendants' case on these important equitable issues.

On the eve of trial, Plaintiff finally produced the most relevant agreement on which Defendants' standing arguments rely, but this was long after briefing on the standing motions closed, and only after a third party Kyungpook National University (KNU) attached that agreement in a cease and desist letter to Prof. Lee. *See* Dkt. 421-2. Prof. Lee is a signatory to that agreement but had refused to produce it throughout the case, and Plaintiff incorrectly denied that it existed. Defendants were never permitted the opportunity to even depose Prof. Lee about the agreement. Defendants need to have his testimony about this agreement in order to fully brief the important equitable issues in this case. Defendants' proposed schedule will allow time

4

to accomplish this, whereas Plaintiff's proposed schedule seeks to thwart Defendant's ability to have its day in Court on these important issues.[1]

Further, new evidence surfaced just last week which bears on an issue Judge Payne expressed concern in his R&R—that there was no evidence that Prof. Lee used the funding he received to file the U.S. application that issued into the '055 Patent.  *See* 5/15/2018 Hearing Tr. 225:17-22.  Earlier this week, Defendants submitted a notice of an article that was published on June 21, 2018, in the *Electronic Times* (available online at http://www.etnews.com/20180620000278) , reporting that KNU found an expense request form and tax invoice indicating that it paid for the filing of the U.S. patent application that issued as the '055 Patent.  Defendants need time to obtain this underlying evidence of the payment, as it directly addresses Judge Payne's concern.

***Second***, Plaintiff's characterization that Defendants' equitable defenses are of a "limited nature" is totally incorrect and attempts to minimize the importance of these issues.  Plaintiff seeks to prejudice Defendants with a restrictive page limit and no reply brief.  Plaintiff's proposal lacks precedent and contravenes the Local Rules permitting replies.  *See* L.R. CV-7(f).

Defendants propose a reasonable schedule that would allow the parties to address standing and equitable defenses simultaneously.  Plaintiff's proposed schedule would not permit that.  Moreover, because these issues are fact intensive, Defendants respectfully request that the Court allow 50 pages for the motion and response, and 20 pages for a reply and sur-reply.

---

[1] Plaintiff's assertion that Judge Payne considered the relevant agreement is also misplaced. Judge Payne only addressed certain regulations and laws in the R&R, concluding that Defendants "have not established these regulations and legislation caused automatic vesting of ownership in either university.  Absent some express assignment of rights, this compels a conclusion that Professor Lee retained ownership of both the Korean application and the '055 Patent."  Dkt. 508 at 7.  The R&R neither cites nor considers the agreement with the express assignment provisions applicable to the '055 Patent that Prof. Lee agreed to be bound by.

Finally, Defendants note that Plaintiff's proposed date of July 10 for Defendants' opening brief on equitable defenses is less than two weeks from this joint submission, and overlaps not only with the July 4th holiday but a long-planned family vacation of Defendants' lead counsel and travel for other team members during this timeframe. It is also nearly coincident with the deadline for Defendants' objections to Judge Payne's R&R on their motion to dismiss for lack of standing, which are due on July 9. Plaintiff's accelerated schedule is nothing more than an attempt to prejudice and effectively deny Defendants an opportunity to fully brief and present the Court with important evidence and argument on their equitable and standing defenses. These issues were not presented during the jury trial, but they should not be summarily dealt with post-trial as Plaintiff proposes. They are too important to a just resolution of this case.

Defendants respectfully request that the Court reject Plaintiff's proposal and adopt Defendants' proposed schedule and page limits. Defendants are in the best position to know what arguments and facts in support of their defenses are outstanding, and what is necessary to properly present them for resolution by the Court.

## POST-TRIAL BRIEFING

## PLAINTIFF'S POSITION REGARDING POST-TRIAL BRIEFING

KAIST IP US proposes that the parties file any motions for final judgment as the prevailing party, supplemental damages, enhancement for willfulness, fees and costs, and interest, as well as any Rule 50(b) and 59 motions, by August 14, 2018. The motions, opening and responsive briefs, shall be subject to the Court's local rules as to page limits and timing.

The jury issued a verdict on infringement, validity and damages. All of these are ripe for entry of judgment at any time. The fact that the Court may revise the entry of judgment after deciding the remaining equitable claims (implied license and estoppel) as the final step toward

appeal does not detract from the fact that judgment can now be entered and post-trial briefing an begin. Plaintiff's proposed schedule for briefing gives Defendants far more than the maximum of 28 days allotted under Fed. R. Civ. P. 50(b), 59(b) for renewed JMOLs and new trial motions from the date of judgment. Defendants will have almost two months from the jury's verdict to prepare their motions. At the same time, this schedule avoids unduly protracting the post-trial schedule and appeal to the Federal Circuit.

**DEFENDANTS' POSITION REGARDING POST-TRIAL ISSUES.**

Plaintiff's proposed schedule is improper and unworkable. In particular, post-trial motions would not yet be ripe. Plaintiff's assertion that "judgment can now be entered" completely ignores the fact that the Court has not entered judgment, because is premature to do so before the standing and equitable issues are resolved.

Motions for new trial and for renewed motions for judgment of law are due 28 days from the entry of judgment. Fed. R. Civ. P. 50(b), 59(b). That period cannot be extended. Fed. R. Civ. P. 6(b)(2). No judgment (even an interlocutory one) can be entered on a claim when standing has not yet been determined. *See, e.g., Steel Co. v. Citizens for a Better Environmen*t, 523 U.S. 83, 93-102 (1998).

This Court has also consistently resolved all equitable issues before entering judgment; it makes no sense to enter judgment on an infringement claim before all defenses to the claim are determined. *See Saint Lawrence Commc'n LLC v. Motorola Mobility LLC,* No. 2:15-cv-351 (E.D. Tex.); *Genband US LLC v. Metaswitch Networks Corp. et al.,* No. 2:14-cv-33 (E.D. Tex.); *Biscotti Inc. v. Microsoft Corp*., No. 2:13-cv-1015 (E.D. Tex.); *Smartflash LLC, et al. v. Apple Inc., et al.*, No. 6:13-cv-447 (E.D. Tex.); *TQP Dev. LLC VS v. 1-800-Flowers.Com Inc. et al*., No. 2:11-cv-248 (E.D. Tex.); *Eidos Display, LLC et al. v. Au Optronics Corp. et al*., No. 6:11-

cv-201 (E.D. Tex.); *Luv N' Care, Ltd. et al. v. Royal King Infant Prod. Co., Ltd. et al.*, No. 2:10-cv-461 (E.D. Tex.); *Opti Inc. v. Silicon Integrated Sys. Corp. et al.*, No. 2:10-cv-279 (E.D. Tex.); *Fiber Sys. Int'l, Inc. v. Applied Optical Sys., Inc.*, No. 2:06-cv-473 (E.D. Tex.); *Golden Hour Data Sys., Inc. v. Emscharts, Inc. et al.*, No. 2:06-cv-381 (E.D. Tex.); and *Laserdynamics, Inc. v. Asus Comput. Int'l et al.*, No. 2:06-cv-348 (E.D. Tex.).

Indeed, before entering a valid final judgment, a court must resolve all open issues, including equitable ones. *See* 12 Moore's Federal Practice – Civil § 58.03 (2018) ("Generally, if an order or decision adjudicates some but not all claims, the clerk must await further action by the court before entering judgment.  Under Rule 54(b), the court may direct the clerk to enter a final judgment as to the adjudicated claims if the court expressly finds that there is no just reason for delay."); *Nat'l Oilwell Varco, L.P. v. Pason Sys. USA Corp.*, 346 F. App'x 582 (Fed. Cir. 2009) (unpublished) ("Here, it was improper for the district court to enter Rule 54(b) judgment because the inequitable conduct defense is pending. Thus, the patent infringement claim was not finally adjudicated.").

Accordingly, Defendants propose the following schedule and page limits for post-trial briefing:

| Plaintiff's Proposal on Post-Trial Issues | Defendants' Proposal on Post-Trial Issues |
|---|---|
| Post-trial motions – August 14<br><br>Responsive briefing and timing subject to Local Rules | Post-trial motions (60 pages per side) – 28 days from Entry of Judgment<br><br>Responses to post-trial motions (60 pages per side) – 21 days from Opening Motions<br><br>Replies in support (20 pages per side) – 14 days from Responses<br><br>Sur replies (20 pages per side) – 14 days from Replies |

In contrast to Plaintiff's proposal, Defendants' proposal fully comports with the scheduling that this Court has issued in the past and provides the Court reasonable time to consider the remaining issues before entering final judgment.  Plaintiff's proposal presumes that the Court will decide on Defendants' equitable issues and enter final judgment in the limited timeframe after Plaintiff's submission of its opposition brief, and without considering any reply or sur-reply briefing.  That is an unreasonable expectation for the Court and, as noted above, improper under L.R. CV-7(f) permitting reply briefs.

Given that the briefing on proposed findings of fact and conclusions of law on equitable issues will likely be extensive, and that the parties will likely brief objections to Reports and Recommendations on standing in approximately the same timeframe, it does not make sense to expedite briefing on Rule 50 and Rule 59 motions, as Plaintiff proposes.  Thus, Defendants respectfully request that the Court reject Plaintiff's proposal and adopt Defendants' proposed schedule for post-trial briefing.

Date:  June 27, 2018

Respectfully submitted,

*/s/ Andrew Y. Choung*
Andrew Y. Choung
Cal. Bar No. 203192 (admitted in E.D. Texas)
Rex Hwang
Cal. Bar No. 221079 (admitted in E.D. Texas)
Guy M. Rodgers
Cal. Bar No. 303229 (admitted in E.D. Texas)
Thomas P. Burke Jr.
Cal. Bar No. 288261 (admitted in E.D. Texas)
S. Desmond Jui
Cal. Bar No. 262200 (admitted *pro hac vice*)
GLASER WEIL FINK HOWARD
 AVCHEN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, California  90067
Telephone:  (310) 553-3000

Facsimile: (310) 556-2920
Email: achoung@glaserweil.com
Email: rhwang@glaserweil.com
Email: grodgers@glaserweil.com
Email: tburke@glaserweil.com
Email: djui@glaserweil.com

Jason Sheasby
Cal. Bar No. 205455 (admitted *pro hac vice*)
Charlotte Wen
Cal. Bar No. 313572 (admitted *pro hac vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920
Email: jsheasby@irell.com
Email: cwen@irell.com

Robert Christopher Bunt
Texas Bar No. 00787165
Charles Ainsworth
Texas Bar No. 00783521
PARKER, BUNT & AINSWORTH PC
100 E. Ferguson St., Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
Email: rcbunt@pbatyler.com
Email: charley@pbatyler.com

*Attorneys for Plaintiff and Counterclaim-Defendant KIPB LLC*

*/s/ Allan M. Soobert (with permission)*
Allan M. Soobert
Blair Jacobs
PAUL HASTINGS LLP
875 15th Street, N.W. Washington, DC 20005
Telephone: (202) 551-1822
Facsimile: (202) 551-0222
allansoobert@paulhastings.com

Christopher W. Kennerly
PAUL HASTINGS LLP

10

        1117 S. California Avenue Palo Alto, CA 94304
        Telephone:  (650) 320-1800
        Facsimile:  (650) 320-1900
        chriskennerly@paulhastings.com

Melissa R. Smith
Texas State Bar No. 24001351
GILLAM & SMITH, LLP
303 S. Washington Ave. Marshall, TX 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
melissa@gillamsmithlaw.com

COUNSEL FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, LLC, GLOBALFOUNDRIES INC., GLOBALFOUNDRIES U.S. INC., AND QUALCOMM INCORPORATED

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on June 27, 2018.

        */s/ Andrew Y. Choung*
        Andrew Y. Choung