# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| KAIST IP US LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> SAMSUNG ELECTRONICS CO., LTD.,, § <br> SAMSUNG ELECTRONICS AMERICA, § <br> INC, SAMSUNG SEMICONDUCTOR, § <br> INC.,, SAMSUNG AUSTIN § <br> SEMICONDUCTOR, LLC, <br> GLOBALFOUNDRIES, INC., <br> GLOBALFOUNDRIES U.S. INC., <br> QUALCOMM INC., <br> <br> Defendants. | CIVIL ACTION NO. 2:16-CV-01314-JRG |

## ORDER

Before the Court is the Parties' Joint Motion for Entry of Disputed Post-Trial Briefing Schedule. (Dkt. No. 513.) In the Motion, the Parties submit competing proposals as to deadlines, page limits, whether a reply or sur-reply is needed, and whether standing remains an issue for the Court to resolve as part of the post-trial briefing schedule. (*See generally* Dkt. No. 513.) It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| Deadline | Event |
|---|---|
| July 17, 2018 | Defendants' Opening Brief on Equitable Estoppel and Implied License |
| July 31, 2018 | Plaintiff's Response |

The Parties are each limited to thirty (30) pages for the opening brief and response. No reply or sur-reply is permitted unless ordered by the Court.

Defendants' opening brief shall address and is limited to the issues of equitable estoppel

and implied license. The opening brief is not to address the issue of standing, as the Court is satisfied that this issue has been fully briefed and a determination can be made on the record currently before the Court. (*See* Dkt. Nos. 221, 229, 233, 238, 297, 299, 344, 394, 397, 421, 422, 424, 425, 509.) In light of such exhaustive briefing, the Court is unwilling to re-open this issue to permit further argument.[1]

Additionally, the Court notes that it will dispose of the equitable issues before entering judgment. At such time, the Court will issue a docket control order that will set forth the remaining deadlines for any post-judgment motions.

**So ORDERED and SIGNED this 29th day of June, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[1] Further, in light of the Court's unwillingness to re-open the standing issue, the Court finds no reasonable basis for Defendants' request to re-depose Professor Lee about the alleged agreement with Kyungpook National University (KNU). (Dkt. No. 513 at 2, 4.) While Defendants claim that they need his testimony about this agreement "in order to fully brief the important equitable issues," it is clear that this agreement only goes to Defendants' standing arguments. (*Id.* at 4 ("Plaintiff finally produced the most relevant agreement *on which Defendants' standing arguments rely*.") (emphasis added).) The Court notes that during June 11-15, 2018, Professor Lee (who resides in South Korea) was physically present in Marshall, Texas for trial, but during such time, Defendants never raised this issue or sought to take his deposition (after hours).