# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

KAIST IP US LLC,

       Plaintiff and Counterclaim-Defendant,

       v.

SAMSUNG ELECTRONICS CO., LTD.;
SAMSUNG ELECTRONICS AMERICA, INC.;
SAMSUNG SEMICONDUCTOR, INC.;
SAMSUNG AUSTIN SEMICONDUCTOR, LLC;
GLOBALFOUNDRIES INC.;
GLOBALFOUNDRIES U.S. INC.; and
QUALCOMM INC.,

       Defendants and Counterclaim-Plaintiffs.

Case No. 2:16-cv-01314-JRG-RSP

JURY TRIAL DEMANDED

Honorable Rodney Gilstrap

## OPPOSITION BY KAIST IP US TO DEFENDANTS' MOTION TO STAY CASE PENDING *EX PARTE* REEXAMINATION

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................. 1

II.     THE ASSERTED CLAIMS ARE VALID AND ENFORCEABLE ................................. 2

        A.     Procedural Posture ................................................................................. 2

        B.     Reexamination Request ......................................................................... 2

        C.     Reexamination Process .......................................................................... 3

III.    ALL FACTORS WEIGH AGAINST A POST-TRIAL STAY ........................................ 5

        A.     A Stay Will Not Simplify or Streamline Trial ......................................... 5

        B.     A Stay Would Unduly Prejudice KAIST IP US and Give Samsung an Unfair
               Tactical Advantage ............................................................................. 11

        C.     There Is More Efficiency to Be Gained by Moving Forward with Judgment ...... 13

        D.     Discovery Has Already Closed and Trial Concluded ........................................ 15

IV.     CONCLUSION ................................................................................................. 15

# TABLE OF AUTHORITIES

## Cases

*Apple, Inc. v. Samsung Elecs. Co., Ltd.*,
No. 5:11-cv-1846, 2013 WL 6225202 (N.D. Cal. Nov. 25, 2013) .............................. 3, 8, 9, 10

*Betcher Indus. v. Bunzl*,
661 F.3d 629 (Fed. Cir. 2011) ................................................ 4

*Cherokee Nation of Okla. v. United States*,
124 F.3d 1413 (Fed. Cir. 1997) ................................................ 12

*CollegeNet, Inc. v. ApplyYourself, Inc.*,
418 F.3d 1225 (Fed. Cir. 2005) ................................................ 10

*CyWee Grp. Ltd. v. Samsung Elecs. Co., Ltd.*,
No. 2:17-cv-00140-WCB-RSP, slip op. (E.D. Tex. Feb. 14, 2019) ........................ 14

*eBay, Inc. v. MercExchange, L.L.C.*,
547 U.S. 388 (2006)................................................ 12

*ePlus, Inc. v. Lawson Software, Inc.*,
760 F.3d 1350 (Fed. Cir. 2014) ................................................ 4

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
721 F.3d 1330 (Fed. Cir. 2013) ................................................ 4

*In re Arunachalam*,
824 F.3d 987 (Fed. Cir. 2016) ................................................ 3

*In re Bingo Card Minder Corp.*,
152 F.3d 941 (Fed. Cir. 1998) ................................................ 3

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)................................................ 12

*Orion IP, LLC v. Mercedes-Benz USA, LLC*,
No. 6:05-CV-322, 2008 WL 5378040 (E.D. Tex. Dec. 22, 2008) .................................... 13, 14

*Slip Track Sys., Inc. v. Metal Lite, Inc.*,
159 F.3d 1337 (Fed. Cir. 1998) ................................................ 6, 7

*Smartflash LLC v. Apple Inc.*,
621 F. App'x 995 (Fed. Cir. 2015) ................................................ 5, 6, 11, 13, 14, 15

*Smartflash LLC v. Apple Inc.*,
No. 6:13-cv-447-JRG, 2015 WL 3453343 (E.D. Tex. May 29, 2015)................ 5, 6, 11, 12, 15

*Standard Havens Prods. v. Gencor Indus.*,
996 F.2d 1236, 1993 WL 172432 (Fed. Cir. 1993) ................................................ 8

*SynQor, Inc. v. Artesyn Techs., Inc.*,
No. 2011-1191, 2012 U.S. App. LEXIS 1992, slip op. (Fed. Cir. Jan. 31, 2012) ..................... 9

*Tate Access Floors, Inc. v. Interface Archtcr'l Res., Inc.*,
35 F. App'x 884 (Fed. Cir. 2002) ................................................ 8

KAIST IP US OPP'N TO DEFS.' MOT. TO STAY CASE

*Ultratec, Inc. v. CaptionCall, LLC,*
    611 F. App'x 720 (Fed. Cir. 2015) ........................................................ 8

*Ultratec, Inc. v. Sorenson Commc'ns, Inc.,*
    No. 13-cv-346, 2015 WL 2248437 (W.D. Wis. May 13, 2015) ........................................... 7, 9

*VirtualAgility Inc. v. Salesforce.com, Inc.,*
    759 F.3d 1307 (Fed. Cir. 2014) ........................................................ 12, 13

*Viskase Corp. v. Am. Nat'l Can Co.,*
    261 F.3d 1316 (Fed. Cir. 2001) ........................................................ 6

*WesternGeco L.L.C. v. ION Geophysical Corp.,*
    913 F.3d 1067 (Fed. Cir. 2019) ........................................................ 10

**Statutes**

35 U.S.C. § 307 ........................................................................................ 3, 4

35 U.S.C. § 324 ........................................................................................ 5

AIA § 18, Pub. L. No. 112-29, 125 Stat. 329 (2011) ................................... 5

## I.       INTRODUCTION

Defendants made two conscious, tactical decisions.  First, they delayed filing the *ex parte* reexamination ("EPR") until more than four months after the jury trial.  That ensures that there will be a significant gap between the Federal Circuit's review of the jury verdict in this case and the PTAB's assessment of the EPR.  Second, Defendants made sure that the invalidity grounds in the EPR were distinct from those presented at trial.  These are Samsung's words in its EPR request: "<u>None of these invalidity grounds, which were considered at trial, are raised in this reexamination request</u>" and the U.S. *Mizuno* reference presented at trial (which Samsung labeled as "*Mizuno #2*" in the EPR) "<u>is not part of any invalidity ground raised in this reexamination request</u>."  Declaration of Andrew Choung ("Choung Decl."), Ex. 1, at 12 (emphases added).

This is Defendants' third motion to stay in this case.  The first two were based on empty promises to this Court that a Korean university would bring civil and criminal actions against Professor Lee over title to the '055 Patent.  Dkt. 380 (Order Denying Defs.' Mot. to Stay, Dkt. 287); Dkt. 452 (Order Denying Defs.' Renewed Mot. to Stay, Dkt. 422).

Trial concluded on June 15, 2019.  Defendants did not seek a stay when they filed their EPR request on October 31, 2018; or when the EPR was granted on December 21, 2018; or when the examiner issued his first office action on February 13, 2019; or when the examiner issued his second office action June 18, 2019.  Clearly, Defendants had no intention to seek a stay.  Indeed, at the June 25, 2019 telephonic hearing, when the Court asked Defendants' counsel point-blank if Defendants sought a stay, the response was "*maybe*."

The PTAB already rejected Defendants' invalidity challenges to the '055 Patent six times.  *See* Dkts. 79, 79-1, 79-2, 443, 443-1, 443-2.  The PTAB will weigh in a seventh time, but that decision is at least 15 months from now.  A stay in this matter does nothing more than reward Defendants' extreme gamesmanship of filing an EPR post-trial and with references

consciously withheld from trial.

## II. THE ASSERTED CLAIMS ARE VALID AND ENFORCEABLE

### A. Procedural Posture

This case was filed on November 29, 2016.  Invalidity contentions were due on May 8, 2017.  Pursuant to the Local Patent Rules and the Docket Control Order, Defendants were obligated to identify each item of prior art and disclose the grounds for anticipation and obviousness.  P.R. 3-3 and Dkt. 46.  Defendants filed four IPR petitions and two requests for reconsideration.  The PTAB denied Defendants' first two petitions on October 2 and 3, 2017.  *See* Dkt. 79.  The final pretrial conference was held on June 8, 2018.  Dkt. 465.  Trial commenced on June 11, 2018.  Dkt. 468.  On June 15, 2018, a jury returned a verdict in favor of KAIST IP US, rejecting Defendants' invalidity challenges.  Dkt. 481.

### B. Reexamination Request

On October 31, 2018 – over four months after trial and over a year after the PTAB's first rejection of the IPRs – Samsung requested reexamination citing new prior art references and obviousness combinations.  Samsung told the Patent Office that it had raised *Mizuno*, *Hieda*, and *Seliskar* at trial, but represented that there was no overlap between the district court proceedings and its reexamination request: "None of these invalidity grounds, which were considered at trial, are raised in this reexamination request."  Choung Decl., Ex. 1, at 12 (emphasis added).

At the June 25, 2019 hearing, Defendants' counsel told the Court that there was an overlap.  However, to the Patent Office examiner, Samsung represented that "*Mizuno #2*, which was considered as primary art at trial, is not part of invalidity ground raised in this reexamination request."  Choung Decl., Ex. 1, at 12 (emphasis added).  The following EPR references are ***not*** identified in Defendants' invalidity contentions: *Inokawa* (JP 2,633,011), *Hisamoto* (U.S. 5,115,289), *Mizuno* (JP H08-139325A), and *Hsu* (U.S. 6,259,135).

## C. Reexamination Process

The EPR process involves multiple stages at the Patent Office:

- Stage 1 typically involves an examiner's nonfinal office action, a Patent Owner response, and a final office action. At this point, the record is closed. This stage was completed on June 18, 2019. Choung Decl. ¶¶ 4–9.

- Stage 2 is an after-final practice period after the second office action but before the actual filing of appeal to the PTAB. During this stage, the examiner can reopen prosecution or issue an allowance. *Id.* ¶¶ 9, 14. The EPR is at this stage.

- Stage 3 is appeal briefing before the PTAB: Patent Owner's appeal brief, the examiner's answer, and Patent Owner's reply. Once the briefing record is complete, the case is forwarded to the PTAB. *Id.* ¶¶ 10–11, 15–21.

- Stage 4 starts when the PTAB accepts the record, issues a docket number, determines whether to hold an oral hearing, and then issues an opinion. *Id.* ¶¶ 22–22. The PTAB, under *de novo* review, can reverse or affirm, in whole or in part, and remand to the examiners for further prosecution consistent with its decision.[1] *Id.* ¶¶ 23. At this point, the Patent Owner can appeal to the Federal Circuit. *Id.* ¶ 12.

A patent remains in full force and effect until all appeals through the Federal court system are exhausted. Under 35 U.S.C. § 307(a), a Reexamination Certificate only issues after the patent is finally determined to be unpatentable. *See In re Arunachalam*, 824 F.3d 987, 988 (Fed. Cir. 2016) ("[T]here can be no doubt that the Patent Office's actions are non-final.... A patent owner dissatisfied with an examiner's rejection of a claim in reexamination may proceed with a two-step appeals process."); *In re Bingo Card Minder Corp.*, 152 F.3d 941 (Fed. Cir. 1998) ("[A] patent is presumed valid and it remains so until it is no longer viable as an enforceable right. A claim is not canceled until the Board acts and the [Director] cancels the claim. Because the [Director] has not yet issued a certificate canceling the claims, they have not been finally determined to be unpatentable.") (citations, quotations omitted); *Apple v. Samsung*, No. 5:11-cv-1846, 2013 WL 6225202, at *3 (N.D. Cal. Nov. 25, 2013) ("The PTO will issue a certificate canceling any [claim] determined to be unpatentable <u>only</u> after the time for appeal has

---

[1] Nearly half of PTAB appeals result in partial or full reversal of claim rejections. *Id.* ¶ 23.

expired or any appeal proceeding has terminated.") (emphasis added) (citing 35 U.S.C. § 307(a)). The Federal Circuit has held "finally determined" means "exhaustion of all appeal rights, including appeals to this court." *Betcher Indus. v. Bunzl*, 661 F.3d 629 (Fed. Cir. 2011).

In *ePlus v. Lawson Software*, the injunction was vacated only after the Federal Circuit invalidated the patent in a separate appeal. 760 F.3d 1350, 1355-57 (Fed. Cir. 2014). *Fresenius USA v. Baxter Int'l* was different because the Federal Circuit had affirmed the invalidation in the reexamination *before* the jury verdict became final. 721 F.3d 1330, 1331, 1341-42 (Fed. Cir. 2013). But the Federal Circuit held that a final affirmed jury verdict would take precedence over an invalidation in a reexamination proceeding. *Id.* at 1340-41 ("[T]he cancellation of a patent's claims cannot be used to reopen a final damages judgment[.]").

Defendants' conscious, strategic decision to wait so long to file the EPR has significant consequence. Based on statutory regulations, neither the EPR process in the Patent Office nor the PTAB appeal briefing will be completed any time soon:

- Aug. 19, 2019 – Patent Owner's after-final response and request to reopen prosecution
- Oct. 19, 2019 – Notice of Appeal to PTAB
- Dec. 19, 2019 – Patent Owner's appeal brief
- Feb. 18, 2020 – Examiner's answer
- Apr. 20, 2020 – Patent Owner's reply and request for oral hearing

Choung Decl. ¶¶ 14–20. The record is then forwarded to the PTAB at the same time as the Patent Owner's reply – this is the date of receipt. *Id.* ¶ 21. A written decision by the PTAB takes on average from six to eight months *from this point*. *Id.* ¶ 22. Defendants claim that the entire PTAB process takes only six to eight months. But Defendants misunderstand the word "pendency" in PTAB statistics. "Pendency is calculated as average months <u>from Board receipt date to final decision</u>." *Id.*, Ex. 4, at 4 (emphasis added).

III.    **ALL FACTORS WEIGH AGAINST A *POST-TRIAL* STAY**

In *Smartflash v. Apple*, this Court applied the four-factor test to weigh the appropriateness of a post-trial stay.  No. 6:13-cv-447-JRG, 2015 WL 3453343 (E.D. Tex. May 29, 2015).  Defendant Apple petitioned for CBM review in October and November 2014.  The Apple trial commenced in February 2015 and the jury returned a verdict in favor of the patent owner.  ***After the trial***, the PTAB instituted CBM review in March and April 2015.  Apple then moved to stay the post-trial proceedings, including the July 1, 2015 post-trial motion hearing.  On May 29, 2015, the Court denied Apple's post-trial stay.

Defendants try to distinguish *Smartflash* because it involved a CBM, not an EPR. Dkt. 651, at 13 n.8.  But this difference weighs even more heavily against a stay.  A CBM is conducted by the higher-level PTAB body, not examiners.  As a result, by the time of Apple's motion, the PTAB – the actual body that would make the final determination of invalidity – had already found that it was "more likely than not" that the claims were invalid.  *See* 35 U.S.C. § 324(a) and AIA § 18(a)(1) (standard for instituting a CBM review).  Further, contrary to Defendants' assertion (Dkt. 651, at 13 n.8), this Court had not yet ruled on post-trial motions at the time of Apple's motion.  *Smartflash*, No. 6:13-cv-447-JRG, 2015 WL 3453343, at *10.

The Federal Circuit affirmed the Court's denial of Apple's motion to stay.  621 F. App'x 995, 1006 (Fed. Cir. 2015).  Notably, the Federal Circuit promptly reviewed the appeal of the Apple case and did not wait for the appeal of the CBM.  *Compare* No. 16-1059 (Fed. Cir., filed Oct. 9, 2015, decided Mar. 1, 2017), *with, e.g.*, CBM2015-00016 (P.T.A.B. Mar. 29, 2016), *and* CBM2015-00028 (P.T.A.B. May 26, 2016), *aff'd* No. 16-2457 (Fed. Cir. Apr. 11, 2018).

A.    **A Stay Will Not Simplify or Streamline Trial**

Defendants make the same erroneous argument that the Federal Circuit and this Court rejected in *Smartflash*.  Their entire basis for seeking a stay is, *if* there is a final determination of

unpatentability, this case would go away and they should not have to waste time and money to appeal. But, as this Court held before, that is purely "speculative" and "PTAB cancellation is not guaranteed," despite Samsung's belief to the contrary. *Smartflash*, 2015 WL 3453343 at *6.

In *Smartflash*, the Federal Circuit emphasized, "[i]n its entirety, the focus of this factor is on streamlining or obviating the trial," not what *might* be the ultimate result of the reexamination. 621 F. App'x at 1000 (emphasis added).

> When the motion to stay is made post-trial, many of the advantages flowing from the agency's consideration of the issues-such as resolving discovery problems, using pre-trial rulings to limit defenses or evidence at trial, limiting the complexity of the trial, etc.—cannot be realized.

*Id.* (citations omitted). Defendants' own citations of decisions hold that a stay is only favored if it "would eliminate the need to try the infringement issue." Dkt. 651, at 8 (emphasis added)

Defendants only speak abstractly and do not explain how the "PTO's consideration" would benefit the Court. First, JMOL is decided on the record presented at trial, not on this Court's evaluation of an extrinsic proceeding that is ongoing. Second, Defendants' JMOL on invalidity concerns different prior art grounds. *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001) (affirming denial of stay) (citing *Slip Track Sys. v. Metal Lite*, 159 F.3d 1337, 1341 (Fed. Cir. 1998) ("Because the copending actions in the district court and PTO are neither duplicative nor dependent on another, there is neither any need nor any justification for staying…")).

Defendants now argue that the EPR invalidity ground based on the JP *Mizuno* reference is identical to what it presented to the jury based on the U.S. *Mizuno* reference. That is the exact opposite of what it represented to the PTO in their EPR request: "None of these invalidity grounds, which were considered at trial, are raised in this reexamination request" and the U.S. *Mizuno* reference (*Mizuno #2*) "is not part of any invalidity ground raised in this reexamination

request." Choung Decl., Ex. 1, at 12. In front of the jury, Defendants combined U.S. *Mizuno* with *Seliskar* and *Hieda* for a large number of claims, which it did not do in the EPR. Defendants emphasized the importance of these distinctions: "*Mizuno #2* and *Seliskar*, which were part of the invalidity grounds considered at trial, are not part of any invalidity ground raised in this reexamination request." *Id.*

Defendants' case citations do not support their position. In *Slip Track*, the Federal Circuit *denied a stay* of the court case because the issues raised in the Patent Office proceeding were different from the underlying patent interference suit. 159 F.3d at 1341 ("In this case, however, the stay was improper, because a foreseeable consequence of staying Slip Track's interfering patents suit in favor of the reexamination proceedings is that Slip Track will be unable to raise the issue of priority of invention in any forum."). In *Ultratec v. Sorenson Commc'ns*, the PTAB had already issued a final written decision invalidating all but one of the claims and the final decision on the last claim was due within a few months. No. 13-cv-346, 2015 WL 2248437, at *1 (W.D. Wis. May 13, 2015). As a result, "the judgment in this case and the Board's inter partes review decisions would be on appeal in the Court of Appeals for the Federal Circuit at approximately the same time." *Id.* at *4.[2]

Here, Defendants made the conscious, strategic decision to delay filing the EPR and represent to the PTO that there was no substantive overlap with the trial proceedings in order to induce the PTO to grant review. As a result, there will be an extremely large gap between the Federal Circuit review of this case and any consideration of the EPR. Indeed, because neither

---

[2] *Ultratec* is also distinguishable because those defendants faced an injunction. 2015 WL 2248437, at *2. Because Samsung does not face an injunction there is none of the potential prejudice identified by *Ultratec*. KAIST IP US has already agreed to forego a supersedeas bond based on Defendants' assurances that they have the means to satisfy the judgment.

the examiner nor Defendants have any right of appeal, the Federal Circuit may never see the

EPR.  Choung Decl. ¶ 11.

Moreover, Defendants' argument that the Federal Circuit will delay its review of the

appeal of this case, while it waits for the EPR, is uncited and untrue.  The Federal Circuit has

never adopted a per-se rule staying a noticed appeal until related matters are ripe for appeal.  In

fact, to the contrary, the Federal Circuit has held that to grant such a stay "would render almost

meaningless [a litigant's] right to appeal a case that is final except for an accounting."  *Tate*

*Access Floors, Inc. v. Interface Archtcr'l Res., Inc.*, 35 F. App'x 884, 884–85 (Fed. Cir. 2002).

Similarly, Defendants' reliance on *Standard Havens Prods. v. Gencor Indus.*, 996 F.2d

1236, 1993 WL 172432, at *1 (Fed. Cir. 1993) (cited by *Ultratec v. CaptionCall*, 611 F. App'x

720 (Fed. Cir. 2015)) is misplaced.  *Standard Havens* involved claim rejections that had already

been affirmed by the PTAB, which is not the case here.  996 F.3d 1236, 1993 WL 172432 at *1.[3]

Samsung tried to make these same arguments in seeking a stay in *Apple v. Samsung*.

There, the court denied the stay:

> The Court finds Samsung's reliance on *Standard Havens* unpersuasive.  By the time
> the district court had denied the stay in *Standard Havens*, the PTAB had already
> affirmed the PTO's final office action rejecting the patent-at-issue and the patentee
> had already filed a civil action in the District Court for the District of Columbia
> against the PTO.... Here, in contrast, Apple has not yet undertaken an administrative
> appeal to the PTAB, much less initiated any action to challenge the PTO's decision
> in federal court.  Further, the Court's review of the regulations governing the PTAB
> appeal process suggests that the process may take years.

No. 5:11-cv-1846, 2013 WL 6225202, at *3 (N.D. Cal. Nov. 25, 2013).

The situation here is precisely the type of "case[] where a lengthy administrative process

must still ensue before patent reexamination proceedings are finalized."  *Id.* at *3.  Both *Apple v.*

*Samsung* and *Ultratec* acknowledge that when there is a large gap between the stages of the

---

[3] *Standard Havens* also involved the threat of an injunction.  *See* 1993 WL 172432 at *1.

31378534

proceedings in the Patent Office and district court, a post-trial stay is not appropriate. *See Ultratec*, 2015 WL 2248437, at *5; *Apple*, 2013 WL 6225202, at *3.

The *Apple* case is particularly illuminating as to the delay that Samsung wishes to impose on this Court. In that case, Samsung had requested reexamination in May 2012. As of May 2018, *six years later*, the reexam is still pending, after the Federal Circuit reversed and remanded.[4] *Ex Parte Apple, Inc.*, Reexam. No. 09/012,332. This illustrates precisely why "it would not be an efficient use of judicial resources to stay the entire case, thus further delaying appellate review, simply to account for the <u>possibility</u> that the PTAB and subsequently Federal Circuit will invalidate one of the many patents at issue in this case…." *Apple v. Samsung*, 2013 WL 6225202 at *4 (emphasis added). It would be "most efficient" to move forward and enter final judgment so that the Federal Circuit could review the *entire* case on appeal, *including the invalidity challenges to all the infringed claims*. *Id*. The validity issue would "reach a faster resolution if this case is not stayed." *Id*.

Defendants argue that KAIST IP US should waive its due process right to after final practice in the Patent Office. This is a red herring. After-final practice adds only two months to the timeline. Choung Decl. ¶¶ 9–10. The large gap between the EPR and this case *already exists* and is due to Defendants' delay in filing the EPR.

Further, KAIST IP US is entitled to make full use of the statutory process in a proceeding that Samsung initiated. A patent owner is "entitled to file a response to a 'final' rejection within the period allowed for response, and that the response may still result in the Examiner's withdrawal of the rejection or allowance/certification of the claims under reexamination." *Apple*

---

[4] Similarly, in *Smartflash*, the CBMs in question did not receive final review from the Federal Circuit until approximately three years later. *See* No. 16-2457 (Fed. Cir. Apr. 11, 2018).

*v. Samsung*, 2013 WL 6225202 at \*2.  KAIST IP US's rights should not be prejudiced just so Samsung can avoid judgment and appeal.  In fact, to the contrary, the *Apple* court called Samsung out on its disingenuous position:

> If Samsung is truly concerned about efficiency, the Court encourages Samsung to discuss with Apple an agreement to forgo post-trial motions so that the parties can expeditiously appeal this entire case to the Federal Circuit.

*Id.* at 8.

Defendants also argue that, if even one claim is canceled, then that would be grounds for re-trial.  First, this argument is irrelevant because the Federal Circuit test focuses on simplification of the *trial* process, which is already completed.

Second, *WesternGeco L.L.C. v. ION Geophysical Corp*. does not support Defendants' position.  In that case, the lost profits damages were still pending appeal but the reasonable royalty judgment was final and unappealable when the Federal Circuit affirmed the PTAB's unpatentability determination.  913 F.3d 1067, 1070–71 (Fed. Cir. 2019).  As to the reasonable royalty damages, the Federal Circuit held, "subsequent invalidation of asserted patent claims does not support reopening" of "a fully satisfied and unappealable final judgment."  *Id.* at 1072.  As to the lost profits damages, the Federal Circuit held, "we do not think a new trial is automatically required here" because "the award can be sustained if there was undisputed evidence that the technology covered by '520 patent claim 23 was necessary to perform the surveys."  *Id.* at 1074.  This was necessary because both devices and methods of using the devices (the "surveys") were found infringing, and it needed to be determined which claims covered the different infringements.  In the present case, there was only one infringing design.  Damages are due regardless of how many claims in a patent are infringed.  *CollegeNet, Inc. v. ApplyYourself, Inc.*, 418 F.3d 1225, 1236 (Fed. Cir. 2005) ("[I]nfringement of even a single claim entitles a patentee to damages.").

**B.     A Stay Would Unduly Prejudice KAIST IP US and Give Samsung an Unfair Tactical Advantage**

At the June 25, 2019 hearing, the Court asked why Defendants failed to present the new prior art references and obviousness theories at trial.   Defendants could not answer the Court at the June 25 hearing, and proffer no explanation in their motion.

In affirming the Court's decision in *Smartflash*, the Federal Circuit held that the tactic of filing a late Patent Office proceeding "created a tactical advantage for [defendant]."  621 F. App'x at 1003.

> By waiting to submit its petitions until almost the eve of trial and well after it filed its motion for summary judgment on the § 101 issue, Apple was able to first pursue its § 101 defense at the district court and then at the PTAB.  <u>As the district court correctly found, this strategy thus afforded Apple multiple opportunities to pursue a single defense—a clear tactical advantage</u>.

*Id.* at 1001 (emphasis added).  Defendants argue that their withholding of prior art from the litigation gave them no tactical advantage.  Dkt. 651, at 12.  Not so.  Defendants immunized their witnesses from being tested on the EPR references and grounds in trial examination.

In this case, the delay creates even greater tactical advantage because Samsung filed its EPR *after* trial (which is a worse fact than in either *Smartflash* or *Ultratec*).  Thus, not only was Samsung able to first pursue invalidity at the district court, it was able to then pursue invalidity at the Patent Office with the benefit of knowing KAIST IP US's position and the jury's verdict.  As this Court observed, "a stay would present Apple with a clear tactical advantage and encourage gamesmanship through splitting invalidity defenses and delaying filing of CBM petitions." *Smartflash*, No. 6:13-cv-447-JRG, 2015 WL 3453343 at *9 (E.D. Tex. May 29, 2015).

The Federal Circuit has warned that granting a stay under these circumstances creates a dangerous precedent.  *Smartflash*, 621 F. App'x at 1001 ("[G]ranting a stay at the latest conceivable stage of district court litigation would encourage parties to misuse the CBM

review").  It would allow Defendants to hedge their bets, instead of laying all their cards on the table – which is precisely what happened in this case.

A stay here would incentivize a stream of *post-trial* requests at the Patent Office.  There is no statutory time limit for requesting reexaminations like there is with IPRs.  Consequently, if dissatisfied with the results of this EPR, Samsung could request yet another using other prior art references.  That could effectively stay the final resolution of this case indefinitely.

Defendants argue that there is no prejudice because KAIST IP US is just an NPE.  This argument merely reflects Samsung's disdain for Prof. Lee that has been apparent throughout this litigation.  Like any patent owner, KAIST IP US "has a recognized interest in timely enforcement of its patent rights, and 'that interest entitled to weight.'"  *Smartflash*, No. 6:13-cv-447-JRG, 2015 WL 3453343 at *9; *see Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *see also Cherokee Nation v. U.S.*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (holding that a court "must [] balance interests favoring a stay against interests frustrated by the action").  Prof. Lee is a researcher.  KAIST IP US is a joint venture with the Korea Advanced Institute of Science & Technology.  The Supreme Court has recognized that the impact to research, caused by what Defendants would no doubt describe as "efficient" patent infringement, can be irreparable harm. *eBay v. MercExchange*, 547 U.S. 388, 393 (2006).

Defendants cite *VirtualAgility Inc. v. Salesforce.com, Inc.* as "finding no undue prejudice, since a stay 'only delays realization of . . . damages'."  759 F.3d 1307, 1318 (Fed. Cir. 2014).  But in that case, "[Defendant] filed its CBM petition less than four months after [Plaintiff] instituted this infringement action and moved to stay the district court proceedings almost immediately after filing the petition."  *Id.* at 1319–20.  Here, Samsung did not request reexamination until almost two years after the case was filed, one year after its IPR petitions

were denied, and over four months after trial. By Defendants own admissions to the Patent Office, the EPR and this case do not overlap. KAIST IP US and Prof. Lee are entitled to certainty. *Orion IP, LLC v. Mercedes-Benz USA, LLC*, No. 6:05-CV-322, 2008 WL 5378040 at *8 (E.D. Tex. Dec. 22, 2008) ("Orion has an interest in pursuing the finality of the jury's verdict."), *rev'd in part on other grounds*, 605 F.3d 967 (Fed. Cir. 2010). The jury award will never be paid until the Federal Circuit hears this case.

Finally, Defendants argue it would be prejudiced by a denial of stay. Dkt. 651 at 13. First, prejudice to the moving party is not a factor. *See VirtualAgility*, 759 F.3d at 1309. Second, Defendants do not identify any concrete prejudice that it would face. Defendants had a full chance to try its case before a jury; fully brief its equitable defenses and JMOL positions to the Court; and will have a post-trial hearing. Samsung did not have to wait until four months after trial, 12 months after its IPR petitions were denied, or nearly 23 months after this case was filed to seek reexamination. That was its choice. The Federal Circuit finds such claims of "prejudice" to be "unpersuasive" as they are "largely self-inflicted." *Smartflash*, 621 F. App'x at 1003.

### C. There Is More Efficiency to Be Gained by Moving Forward with Judgment

After trial has already concluded, since "the vast majority of civil li[ti]gation costs have already been spent and the heavy burden of litigation has already fallen upon the Court," this factor weighs against a stay. *Id.* at 1004 ("We see no error in this conclusion."). Defendants' only argument here is that it is highly likely that the asserted claims will ultimately be invalidated and cancelled, and so the time and resources spent post-trial would be a waste. Dkt. 651, at 10 n.5. But as discussed above that is pure speculation. What is certain is that KAIST IP US has a jury verdict in its favor and delaying entry of judgment *will* create extreme prejudice to KAIST IP US. *Orion IP*, No. 6:05-CV-322, 2008 WL 5378040 at *8 ("[Plaintiff's] certain prejudice if the stay is continued pending the re-examination proceeding outweighs

[Defendant's] speculative prejudice if the stay is not continued.").

"As other courts have observed, when the case reaches post-trial motions, it is most efficient for the Court to move forward with all post-trial motions so that the Federal Circuit may review the *entire* case on appeal, including the validity… as soon as possible." *Id*. at *11 (emphasis added).  The Federal Circuit endorsed this reasoning:

> The primary cost of litigation is incurred pretrial and in a trial on the merits.  Where a case has advanced past trial, it is not unreasonable for a district court to conclude that it is more efficient to resolve all the post-trial motions so that the case can be appealed.  This is especially true here, where the district court is intimately familiar with the case, the technology, and the patents at issue after hearing six days of evidence and testimony.

*Smartflash*, 621 F. App'x at 1004 (emphasis added) (citation omitted).

Defendants cite *CyWee Grp. v. Samsung Elecs. Co.*, No. 2:17-cv-00140-WCB-RSP, slip op. at 4 (E.D. Tex. Feb. 14, 2019), as "indicat[ing] that special attention should be given to minimizing the burdens of litigation."  *Id*.  But in *CyWee*, "the most burdensome part of the case, for the both the parties and the court," from "filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice," all lay in the future.  *Id*. at 13–14.  Here, the parties have already filed and responded to all pretrial motions; prepared for trial; tried the case; and briefed all post-trial motions.  A stay here would not minimize any burden.

Notably, Defendants speak only abstractly of the remaining "burden" left post-trial.  Defendants say nothing specific as to why the Court should not or cannot render its post-trial decisions.  KAIST IP US is not trivializing the effort that the Court would expend in deciding the post-trial motions.  But not proceeding with this very last step of the district court proceedings would actually waste the hard work of the jury, the Court, and the parties up to this point.

While the affirmation of this case by the Federal Circuit will not necessarily dispose of

the EPR issues, that does not warrant a stay of this case. In the Patent Office, Defendants will have their day in accordance with EPR timing and process *that they chose*. In this case, Defendants had their day in court and made their choice of defenses – and the jury has spoken.

### D.    Discovery Has Already Closed and Trial Concluded

Samsung ignores this factor because it weighs heavily against a stay. As this Court held, "[n]ot only has a trial date been set, the trial is over and a jury rendered a verdict," such that the "vast majority of resources and work have already been expended by both the Court and the parties in this litigation." *Smartflash*, 2015 WL 3453343 at *7; *see also Smartflash*, 621 F. App'x at 1001 ("We agree with the district court that this factor weighs against a stay.").

In *Smartflash,* the Federal Circuit went on to find fault with the tactics employed here:

> We also find Apple's argument regarding its diligence in filing unpersuasive. The district court considered the timing of these petitions in order to assess the state of the proceeding when Apple actually filed its petitions and when it *could have* filed its petitions. *Stay Op.* at *75–78.

*Smartflash*, 621 F. App'x at 1002. The same fault exists here. Defendants could have asserted the invalidity grounds and references that it belatedly raised in the EPR well before trial. But they chose not to, and chose to present different invalidity grounds and references at trial. Defendants also could have sought a stay at any time in the past nine months, certainly before the parties expended immense time and resources briefing the seven post-trial motions. But they chose not to. The Federal Circuit's admonition in *Smartflash* applies equally to Samsung – "but for Apple's own decision to delay filing its petitions, the stage of the litigation had progressed to a point that no longer justified a stay. We see no error in this analysis." *Id*. at 1002.

## IV.    CONCLUSION

For these reasons, KAIST IP US respectfully requests Defendants' motion be denied.

Date: July 8, 2019

Respectfully submitted,

/s/ Andrew Y. Choung

Andrew Y. Choung
Cal. Bar No. 203192 (admitted in E.D. Texas)
S. Desmond Jui
Cal. Bar No. 262200 (admitted *pro hac vice*)
Guy M. Rodgers
Cal. Bar No. 303229 (admitted in E.D. Texas)
LATHROP GAGE LLP
1888 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 789-4660
Facsimile: (310) 789-4601
Email: achoung@lathropgage.com
Email: sdjui@lathropgage.com
Email: grodgers@lathropgage.com

Jason Sheasby
Cal. Bar No. 205455 (admitted *pro hac vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920
Email: jsheasby@irell.com

Robert Christopher Bunt
Texas Bar No. 00787165
Charles Ainsworth
Texas Bar No. 00783521
PARKER, BUNT & AINSWORTH PC
100 E. Ferguson Street, Suite 418
Tyler, Texas 75702
Telephone: (903) 531-3535
Email: rcbunt@pbatyler.com
Email: charley@pbatyler.com

*Attorneys for Plaintiff and Counterclaim-*
 *Defendant KIPB LLC*

31378534

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on July 8, 2019.

*/s/ Andrew Y. Choung*
Andrew Y. Choung