# KAIST IP US LLC v.
# Samsung Electronics Co., LTD., et al.

## Samsung Defendants' Opposition To Motion For Prejudgment Interest

July 25, 2019

# Plaintiff Should Not Be Awarded Prejudgment Interest



"We do not construe § 284 as requiring the award of prejudgment interest whenever infringement is found.  That provision states that interest shall be 'fixed by the court,' and in our view it leaves the court some discretion in awarding prejudgment interest."

*Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 656-57 (1983)



"The purpose of prejudgment interest is to place the patentee in as good a position as he would have been had the infringer paid a reasonable royalty rather than infringe."

*SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1094 (Fed. Cir. 2014)

# Plaintiff Should Not Be Awarded Prejudgment Interest

## Plaintiff

Reply brief:  "[T]he jury awarded substantially less than what KAIST IP US requested."

Closing:  "Plaintiff should receive 300 million from Samsung …."

## Mr. Weinstein

"I have concluded that damages adequate to compensate for infringement for the period November 29th, 2016, through May 14th, 2018, are $321,438,451.00 for Samsung …."





# Plaintiff Should Not Be Awarded Prejudgment Interest



# If Prejudgment Interest Is Awarded, This Court Should Use The 5-Year Treasury Bill Rate

This Court frequently applies the 5-year Treasury Bill rate, compounded monthly.



*Whirlpool Corp. v. TST Water, LLC*, No. 2:15-CV-01528-JRG, 2018 WL 1536874, at *12 (E.D. Tex. Mar. 29, 2018)

*Saint Lawrence Commc'ns LLC v. Motorola Mobility LLC*, No. 2:15- CV-351-JRG, 2017 WL 6268735, at *5–6 (E.D. Tex. Dec. 8, 2017)

*Packet Intelligence LLC v. NetScout Sys., Inc.*, No. 2:16-CV-00230-JRG, 2018 WL 7508613, at *2 (E.D. Tex. Sept. 7, 2018)

*Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-00033-JRG, Dkt. 622 at 36 (E.D. Tex. Mar. 22, 2018)

# If Prejudgment Interest Is Awarded, This Court Should Use The 5-Year Treasury Bill Rate

The 5-year Treasury Bill rate is more than adequate to compensate Plaintiff.

- Using the Treasury Bill rate would result in approximately $31 million in prejudgment interest, which is more than sufficient given the $400 million jury award.

- Plaintiff has provided no evidence that it borrowed money at any rate, and thus no basis to believe the prime rate is necessary to compensate it for any lost time value of money.

- Plaintiff delayed for 18 months after discussing a license with Samsung until it brought suit.

- Plaintiff did not have rights to the '055 Patent until June 12, 2016, and thus for over 17 months of the alleged infringement, Plaintiff lost nothing from the supposed delay in Samsung paying for the alleged infringement.