# KAIST IP US LLC v. Samsung Electronics Co., LTD., et al.

**Defendants' Motion To Stay Case Pending *Ex Parte* Reexamination**

July 25, 2019

# The PTO's Final Office Action Invalidated All Asserted Claims



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/014,227 | 10/31/2018 | 6885055 | 75281.00043 | 8099 |

30954   7590   06/18/2019
LATHROP GAGE LLP
10851 MASTIN BLVD
BLDG 82, SUITE 1000
OVERLAND PARK, KS 66210

| EXAMINER |
|---|
| WHITTINGTON, KENNETH |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 06/18/2019 | PAPER |

**FINAL OFFICE ACTION**

This Final Office Action addresses claims 1-6, 11-13 AND 15-17 of United States Patent No. 6,885,055 to Jong-Ho Lee, entitled DOUBLE GATE FINFET DEVICE AND FABRICATION METHOD THEREOF (hereinafter the "**055 Patent**").

Claims 1-6, 11-13 and 15-17 are subject to reexamination herein.

Claims 1-6, 11-13 and 15-17 are rejected.

2

# The PTO's Final Office Action Invalidated All Asserted Claims

| Claim | Final Rejection Invalidity Grounds |
|---|---|
| 1 | 1. Anticipated by Inokawa<br>2. Anticipated by Hisamoto<br>3. Obvious in view of Mizuno |
| 2, 3 | 1. Obvious in view of Inokawa and Yagishita<br>2. Anticipated by Hisamoto<br>3. Obvious in view of Mizuno |
| 4 | 1. Obvious in view of Inokawa and Yagishita<br>2. Anticipated by Hisamoto<br>3. Obvious in view of Hisamoto<br>4. Obvious in view of Mizuno |
| 5 | 1. Anticipated by Inokawa<br>2. Anticipated by Hisamoto<br>3. Obvious in view of Hisamoto<br>4. Obvious in view of Mizuno |

| Claim | Final Rejection Invalidity Grounds |
|---|---|
| 6 | 1. Anticipated by Inokawa<br>2. Anticipated by Hisamoto<br>3. Obvious in view of Mizuno |
| 11, 12 | 1. Obvious in view of Hisamoto |
| 13 | 1. Anticipated by Inokawa<br>2. Anticipated by Hisamoto<br>3. Obvious in view of Mizuno |
| 15 | 1. Obvious in view of Inokawa and Chen<br>2. Obvious in view of Hisamoto and Chen<br>3. Obvious in view of Mizuno and Chen |
| 16 | 1. Obvious in view of Inokawa and Yagishita<br>2. Anticipated by Hisamoto<br>3. Obvious in view of Mizuno |
| 17 | 1. Obvious in view of Inokawa and Yagishita<br>2. Anticipated by Hisamoto<br>3. Obvious in view of Hisamoto<br>4. Obvious in view of Mizuno |

# Cancellation of All Asserted Claims Is the Most Likely Outcome

- General PTAB Appeal statistics show high affirmance rate:



Appeal outcomes in FY19
(Oct. 1, 2018 - May 31, 2019)

- Affirmed 57.4%
- Reversed 31.1%
- Affirmed-in-Part 9.5%
- Dismissed 1.3%
- Administrative and Panel Remands 0.7%

uspto

Dkt. 659-5 (PTAB Appeal and Interference statistics (May 31, 2019)) at 29

4

# Cancellation of All Asserted Claims Is the Most Likely Outcome

- EPR decisions are rendered by senior primary patent examiners and affirmed at an even higher rate at the PTAB.
  - Primary Examiner Whittington's EPR decisions have never been reversed:

| EPR | PTAB Appeal |
| --- | --- |
| 90/012,086 | Affirmed-in-full |
| 90/012,087 | Affirmed-in-full |
| 90/011,275 | Affirmed-in-full |
| 90/011,864 | Affirmed-in-full |
| 90/011,865 | Affirmed-in-full |
| 90/010,980 | Affirmed-in-full |

See Dkt. 660-2 (90/011,864), 660-3 (90/011,865), 660-4 (90/011,086), 660-5 (90/011,087), 660-6 (90/012,275), 660-7 (90/010,980); 660-1 at ¶¶ 2-8

5

# The PTO's Final Office Action Invalidating All Claims Warrants A Stay Pending The PTAB's Decision



Granting stay because "[a]s long as any portion of this case remained open at the time the court of appeals ruled on the board's final decisions (which is highly likely given the timing of the appeals processes), cancellation of the patent claims would moot plaintiffs' infringement claims."

*Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, 2015 U.S. Dist. LEXIS 62561, at *12 (W.D. Wisc. May 13, 2015)



Affirming because "[t]he extent of remaining post-judgment motions in this case plausibly favors a stay," and the patentees "cite no authority that precludes a district court from staying proceedings once a jury has rendered a verdict, while the district court and Respondents cite contrary cases."

*Ultratec, Inc. v. CaptionCall, LLC*, 611 F. App'x 720, 722 (Fed. Cir. 2015)

6

# The PTAB Decision Will Be Issued Before The Federal Circuit Would Decide An Appeal From This Court

Based on an average time for decision of 5.7 months, and assuming Plaintiff does not seek an extension, the PTAB decision would come in August 2020.
- Aug. 19, 2019:     Notice of Appeal due.
- Oct. 19, 2019:     Plaintiff opening brief due.
- Dec. 19, 2019:     Examiner answer brief due.
- Feb. 19, 2020:     Plaintiff reply brief due.
- Aug. 2020:          PTAB decision.

- Even with a 2-month extension for its notice of appeal, the PTAB decision would likely be issued October 2020 at the latest.

- An appeal to the Federal Circuit takes an average of 14 months from notice of appeal to decision.

- There is no reasonable prospect of the Federal Circuit deciding an appeal from judgment of this Court before the PTAB decision, especially given the Federal Circuit's general practice of maintaining awareness of pending related cases in the PTAB.

7