# Post-trial Motions Hearing

# KAIST IP US MOTION FOR JUDGMENT (DKT. 587)

**DEFENDANTS' OPPOSITION (DKT. 601)**
**KAIST IP US REPLY (DKT. 617)**
**DEFENDANTS' SURREPLY (DKT. 632)**

# KAIST IP US is Entitled to Judgment

KAIST IP US Is Entitled to **Judgment** that:

1. Each Defendant infringed the Asserted Claims.
2. The Asserted Claims are not invalid.
3. The Samsung Defendants' infringement was willful.
4. KAIST IP US's damages are $400 million.

KAIST IP US Is Entitled to **Costs**

KAIST IP US Is Entitled to Pre- and Post-Judgment **Interest**

# KAIST IP US is Prevailing Party

"To be the prevailing party, we require:  (1) that the party received at least some relief on the merits, and (2) [t]hat relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that directly benefits the opposing party."

*SSL Services, LLC v. Citrix Sys., Inc.,* 769 F.3d 1073, 1086 (Fed. Cir. 2014)

Plaintiff's Complaint for Patent Infringement -- "REQUEST FOR RELIEF": "that this Court . . . Enter judgment in favor of Plaintiff KAIST IP US that each Defendant has infringed and continues to infringe the '055 Patent." Dkt. 1 ¶ 72(b).

# Gentry Gallery Did Not Involve Judgment of Infringement

"When a plaintiff succeeds only in overcoming a defense raised to the claims it sought in bringing suit, the plaintiff is not 'the prevailing party.'"

*Gentry Gallery v. Berline*, 134 F.3d 1473, 1480 (Fed. Cir. 1998)

*Gentry* cited Supreme Court cases.

> *Hensley v. Eckerhart:* civil rights violation found.  A typical formulation is that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."
>
> "[W]e hold that the prevailing party inquiry does not turn on the magnitude of the relief obtained."   *Farrar v. Hobby,* 506 U.S. 103, 114 (1992)

*Gentry* does not require award of damages.

# Federal Circuit Affirms That Damages Is Not Required

In *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183, 37 USPQ2d 1707, 1711 (Fed.Cir.1996), Plaintiff:

- Lost all coercive claims (antitrust) and was awarded no damages

- Prevailed on declaratory judgment of invalidity

- "A judicial declaration that one is free from another's right to exclude alters the legal relationship between the parties."

- "[A]s a matter of law, a party who has a competitor's patent declared invalid meets the definition of 'prevailing party.'"

Qualcomm and GlobalFoundries can no longer use non-infringement and invalidity as a defense to an injunction or exclusion order.

# KAIST IP US is Entitled to Costs & Interest

"Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."

Fed. R. Civ. P. 54(d)(1)

"Upon finding for the claimant the court shall award the claimant damages … together with interest and costs as fixed by the court."

35 U.S.C. § 284

"[P]rejudgment interest should be awarded under § 284 absent some justification for withholding such an award."

*General Motors v. Devex*, 461 U.S. 648, 657 (1983)

# Standard is Prime Rate, Compounded Quarterly

"[T]he standard practice in the Eastern District of Texas is to award prejudgment interest at the prime rate, compounded quarterly."

*Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-cv-01202, 2017 WL 2190055, at *8 (E.D. Tex. May 18 2017) (citing cases)
*Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 6:11-cv-00201-JRG, 2018 WL 1156284, at *8-9 (E.D. Tex. Mar. 5, 2018)
*Ericsson Inc. v. TCL Commu'n Tech. Holdings, Ltd.*, No. 2:15-cv-00011, 2018 WL 3089701, at *8 (E.D. Tex. Mar. 7, 2018)

"[I]t is not necessary that a patentee demonstrate that it borrowed at the prime rate in order to be entitled to prejudgment interest at that rate."

**Uniroyal, Inc. v. Rudkin-Wiley Corp.,** 939 F.2d 1540, 1545 (Fed. Cir. 1991)

# Prejudgment Interest Accrues

"Generally, prejudgment interest should be awarded from the date of infringement to the date of judgment."

*Nickson Indus., Inc. v. Rol Mfg. Co.,* 847 F.2d 795, 800 (Fed. Cir. 1988)

"The purpose of prejudgment interest is to place the patentee in as good a position as he would have been had the infringer paid a reasonable royalty rather than infringe."

*SSL Servs. v. Citrix Sys., Inc.,* 769 F.3d 1073, 1094 (Fed. Cir. 2014)

KAIST IP US is entitled to interest through the entire damages period because it was assigned past damages

DX-536

# Date of First Infringement – Jan 2015

[FF111] Both parties' experts in this case confirmed that the first act of infringement was either at the end of 2014 or the beginning of 2015. (See, e.g., Dkt. 547-21, Ex. T ¶ 62 (Report of Roy Weinstein); Dkt. 547-22, Ex. U ¶ 11 (Report of Stephen Becker).)

Dkt. 574 (**Findings of Fact and Conclusions of Law**)

"But we put them back together in January of 2015 because that's the first date of – of alleged infringement in this case."

Dkt. 491 (**June 12, 2018 PM Trial Tr.**) at 174:19-23 (Roy Weinstein)

"With respect to Samsung and GlobalFoundries, their 14-nanometer node began customer sales in January of 2015, and I've run that out to February of 2023."

Dkt. 497 (June 14, 2018 PM Trial Tr.) at 75:22-76:2 (Dr. Becker)

9

# Historical Prime Rates

Since January 1, 2015, the historical prime rate has fluctuated between 3.25 percent and 5.5 percent (Dkt. 587-2):

### 1983 - Present

| Effective Date | Rate* |
|---|---|
| 12/20/2018 | 5.5% |
| 9/27/2018 | 5.25% |
| 6/14/2018 | 5.00% |
| 3/22/2018 | 4.75% |
| 12/14/2017 | 4.50% |
| 6/15/2017 | 4.25% |
| 3/16/2017 | 4.00% |
| 12/15/2016 | 3.75% |
| 12/17/2015 | 3.50% |
| 12/16/2008 | 3.25% |

# Prejudgment Interest

Calculated at historical prime rates for first quarter 2015 through entry of final judgment

| Period | Interest Rate | Starting Value | Prejudgment Interest | Ending Value |
|---|---|---|---|---|
| 2015-04-01 to 2015-06-30 | 3.25% | $ 400,000,000 | $ 3,250,000 | $ 403,250,000 |
| 2015-07-01 to 2015-09-30 | 3.25% | $ 403,250,000 | $ 3,276,406 | $ 406,526,406 |
| 2015-10-01 to 2015-12-31 | 3.25% | $ 406,526,406 | $ 3,303,027 | $ 409,829,433 |
| 2016-01-01 to 2016-03-31 | 3.50% | $ 409,829,433 | $ 3,586,008 | $ 413,415,441 |
| 2016-04-01 to 2016-06-30 | 3.50% | $ 413,415,441 | $ 3,617,385 | $ 417,032,826 |
| 2016-07-01 to 2016-09-30 | 3.50% | $ 417,032,826 | $ 3,649,037 | $ 420,681,863 |
| 2016-10-01 to 2016-12-31 | 3.50% | $ 420,681,863 | $ 3,680,966 | $ 424,362,829 |
| 2017-01-01 to 2017-03-31 | 3.75% | $ 424,362,829 | $ 3,978,402 | $ 428,341,231 |
| 2017-04-01 to 2017-06-30 | 4.00% | $ 428,341,231 | $ 4,283,412 | $ 432,624,643 |
| 2017-07-01 to 2017-09-30 | 4.25% | $ 432,624,643 | $ 4,596,637 | $ 437,221,280 |
| 2017-10-01 to 2017-12-31 | 4.25% | $ 437,221,280 | $ 4,645,476 | $ 441,866,756 |
| 2018-01-01 to 2018-03-31 | 4.50% | $ 441,866,756 | $ 4,971,001 | $ 446,837,757 |
| 2018-04-01 to 2018-06-30 | 4.75% | $ 446,837,757 | $ 5,306,198 | $ 452,143,956 |
| 2018-07-01 to 2018-09-30 | 5.00% | $ 452,143,956 | $ 5,651,799 | $ 457,795,755 |
| 2018-10-01 to 2018-12-31 | 5.25% | $ 457,795,755 | $ 6,008,569 | $ 463,804,324 |
| 2019-01-01 to 2019-02-15 | 5.50% | $ 463,804,324 | $ 3,188,655 | $ 466,992,979 |

Prejudgment interest through Feb. 15, 2019:   $ 66,992,979

Daily prejudgment interest thereafter:   $ 70,369

Dkt. 587-1

11

# Post-Judgment Interest

"[Plaintiff], as the prevailing party, is entitled to post-judgment interest.  Accordingly, the Court orders [Defendant] to pay [Plaintiff] post-judgment interest at the statutory rate upon entry of judgment pursuant to 28 U.S.C. § 1961."

*VirnetX Inc. v. Apple Inc.,* 324 F.Supp.3d 836, 874 (E.D. Tex. 2017) (emphasis added)

"Interest shall be computed daily to the date of payment . . . , and shall be compounded annually."

28 U.S.C. § 1961(b)

# Defendants' Arguments

*No interest should be awarded because damages were "high"*

Defendants want less infringement to pay interest
But massive scale infringement should go free

Jury awarded substantially less than what KAIST IP US asked

| KAIST IP US Asked | Jury Awarded |
|---|---|
| Minimum of $321M for just past damages period (Nov 2016 – May 2018) + Running royalty per unit (through 2023) | $400M Lump sum through expiration For all 14LPE and 14LPP |

13

# Defendants' Arguments

*Lower T-Bill rate should be applied*
*KAIST IP US did not borrow money*

No requirement that "a patentee demonstrate that it borrowed at the prime rate in order to be entitled to prejudgment interest at that rate."

*Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991).

Forces KAIST IP US into unwilling lender at unfavorable rate.

*Erfindergemeinschaft UroPep GbR v. Eli Lilly and Co.,* No. 2:15-cv-01202, 2017 WL 2190055, at *25 (E.D. Tex. May 18, 2017)

Takes away any incentive for defendants to resolve claims

14

# Defendants' Arguments

*KAIST IP US delayed bringing suit*

There was no delay
- KAIST IP US engaged in licensing discussions pre-suit
- As early as 2011
- Last pre-suit discussion on October 4, 2016
- Samsung ended the discussions on November 23, 2016
- Case filed on Nov. 29, 2016

**[FF118]** P&IB contacted Samsung about licensing the '055 Patent in 2011, 2012, 2015, and 2017. (Dkt. No. 489, June 12, 2018 A.M. Trial Tr. at 29:11-15.)

Dkt. 574 (Findings of Fact and Conclusions of Law)

15

# Defendants Presented Unified Joint Defense

Samsung, Qualcomm and Globalfoundries litigated and tried this case jointly:

> Q. Was -- is Samsung in a joint defense relationship with Global Foundries [*sic*] and Qualcomm as to this litigation?
> A. Yes.
>
> Jan. 16, 2018 Youngjoon Lee Dep. Tr. at 63:22-64:4 (objections omitted)

- Dkt. 220-3, **Defendants'** Invalidity Contentions (joint set of invalidity contentions for all defendants)

- Dkt. 220-4, **Defendants'** P.R. 4-1(a) Proposed Terms and Claim Elements for Construction (joint set of proposed constructions for all defendants)

- Dkt. 496 (6/14/18 AM) at 5:23-42:13 (joint noninfringement defense at trial)

- Dkt. 496 (6/14/18 AM) at 42:14-75:20 (joint invalidity defense at trial)

- Dkt. 534, **Defendants'** Opening Brief on Equitable Estoppel and Implied License (joint equitable defenses) at, *e.g.*, 5 ("*Samsung's implied license extends to GlobalFoundries and Qualcomm*")