# Post-trial Motions Hearing

# DEFENDANTS' MOTION TO STAY CASE PENDING *EX PARTE* REEXAMINATION (DKT. 651)

KAIST IP US OPPOSITION (DKT. 659)
DEFENDANTS' REPLY (DKT. 660)
KAIST IP US SURREPLY (DKT. 661)

# State of the Case

Defendants made a conscious, strategic choice to have a large gap between Federal Circuit review of any EPR outcome and this Court

Before this Court:

- January 31, 2018: discovery closed
- May 29, 2018: last of 4 IPRs denied
- June 15, 2018: trial concluded
- Mar. 15, 2019: post-trial briefing completed

Before the USPTO:

- Oct. 31, 2018: EPR requested
- Dec. 21, 2018: EPR granted
- Feb. 13, 2019: first office action
- June 18, 2019: second office action
- Oct. 19, 2019: notice of appeal due
- *Oct. 20, 2020: PTAB decision (est.)*

# State of the Case

## Upcoming PTO deadlines:

- **Aug. 19, 2019**: Patent Owner's after-final response, and request to reopen

    MPEP § 2272; 37 C.F.R. § 1.181; Dkt. 659-3, at 103.

- **Oct. 19, 2019**: Notice of Appeal to PTAB

    MPEP §§ 2272-2273.

- **Dec. 19, 2019**: Patent Owner's appeal brief

    MPEP §§ 2274.

- **Feb. 18, 2020**: Examiner's answer

    MPEP §§ 2274.

- **Apr. 20, 2020**: Patent Owner's reply and request for oral hearing

    37 C.F.R. §§ 41.41, 41.47.

# Defendants' Contradictory Positions

- Represented to the PTO that there is no overlap:

  > None of these invalidity grounds, which were considered at trial, are raised in this reexamination request.
  >
  > *Mizuno #2* and *Seliskar*, which were part of invalidity grounds considered at trial, are not part of any invalidity ground raised in this reexamination request.

  Dkt. 659-2 (EPR Request), at 12

- Failed to disclose these "new" references during discovery:

  - *Mizuno* (JP H08-139325A): counterpart to US *Mizuno* presented at trial
  - *Hisamoto* (US 5,115,289): same inventor who worked at Berkeley labs and co-authored cited articles with Dr. Subramanian
    - also cited on the face of Globalfoundries' U.S. Patent No. 7,679,134
    - also cited against Samsung's US Patent Appl. Pub. No. 2013/0285019 to Dongwon Kim, et al.
  - *Inokawa* (JP 2,633,011)
  - *Hsu* (US 6,259,135)

# A Stay Won't Streamline Issues for Trial

"When the motion to stay is made post-trial, many of the advantages flowing from the agency's consideration of the issues—such as resolving discovery problems, using pre-trial rulings to limit defenses or evidence at trial, limiting the complexity of the trial, etc.—cannot be realized."

-- ***Smartflash LLC v. Apple Inc.***, 621 F. App'x 995, 1000 (Fed. Cir. 2015)

# Discovery & Trial Have Already Concluded

"We also find [Defendant]'s argument regarding its diligence in filing unpersuasive.  The district court considered the timing of these petitions in order to assess the state of the proceeding when [Defendant] actually filed its petitions and when it *could have* filed its petitions. . . . [T]he district court concluded that, but for [Defendant]'s own decision to delay filing its petitions, the stage of the litigation had progressed to a point that no longer justified a stay.  We see no error in this analysis."

-- ***Smartflash LLC v. Apple Inc.***, 621 F. App'x 995, 1002 (Fed. Cir. 2015)
(emphasis in original)

# More Efficient to Proceed to Appeal

"The Court finds Samsung's reliance on *Standard Havens* unpersuasive. By the time the district court had denied the stay in *Standard Havens*, the PTAB had already affirmed the PTO's final office action rejecting the patent-at-issue and the patentee had already filed a civil action in the District Court for the District of Columbia against the PTO . . . . Here, in contrast, Apple has not yet undertaken an administrative appeal to the PTAB, much less initiated any action to challenge the PTO's decision in federal court. Further, the Court's review of the regulations governing the PTAB appeal process suggests that the process may take years."

-- ***Apple, Inc. v. Samsung Elecs. Co., Ltd.***, No. 5:11-cv-1846, 2013 WL 6225202, at *3 (N.D. Cal. Nov. 25, 2013)

"Because copending actions in the district court and PTO are neither duplicative nor dependent on another, there is neither any need nor any justification for staying . . . ."

-- ***Viskase Corp. v. Am. Nat'l Can Co.***, 261 F.3d 1316, 1328 (Fed. Cir. 2001) (affirming denial of stay)

# More Efficient to Proceed to Appeal




MPEP § 2201

# More Efficient to Proceed to Appeal

PTAB appeals take a long time:

- ***Apple, Inc. v. Samsung Elecs. Co., Ltd.***

    - May 2012: reexamination requested by Samsung

    - May 2018: Reexam No. 09/012,332 still pending

- ***Smartflash LLC v. Apple Inc.***

    - Oct. 2015: appeal of judgment docketed

    - Apr. 2016: appeal of CBM decision docketed

    - Mar. 2017: Fed. Cir. issues opinion on appeal of judgment

    - Apr. 2018: Fed. Cir. issues opinions on appeal of CBMs

# More Efficient to Proceed to Appeal

Even the cases to which Defendants cite involving Examiner Whittington show that PTAB appeals take a long time.

- Reexam No. 90/010,980 (Dkt. 660-7):
    - Apr. 16, 2012: Examiner Whittington files his appeal brief
    - Mar. 8, 2013: PTAB issues its decision
    - Sept. 4, 2013: Reexam certificate issues

- Reexam No. 90/012,086 (Dkt. 660-4):
    - Sept. 18, 2013: Examiner Whittington files his appeal brief
    - Apr. 10, 2014: PTAB issues decision
    - May 31, 2016: Fed. Cir. issues decision
    - Oct. 14, 2016: Reexam certificate issues

# More Efficient to Proceed to Appeal

"Here, we do not find an abuse of discretion by the district court in the circumstances of this case. Similarly, [staying the appeal] would render almost meaningless [litigants'] right to appeal a case that is final except for an accounting."

-- ***Tate Access Floors, Inc. v. Interface Arch. Res., Inc.***, 35 F. App'x 884, 884-85 (Fed. Cir. 2002)

"Under the statutory scheme, district courts have no role in reviewing the PTAB's determinations regarding the patentability of claims that are subject to CBM proceedings. . . . If the district court were required to 'review' the merits of the PTAB's decision to institute a CBM proceeding as part of its stay determination, it would undermine the purpose of the stay. When the stay decision is then appealed to this court, we would be required to likewise review the PTAB's decision to institute a CBM proceeding. This is clearly not how or when Congress intended review of the PTAB's CBM determinations to take place."

-- ***VirtualAgility Inc. v. Salesforce.com, Inc.***, 759 F.3d 1307, 1313 (Fed. Cir. 2001)

## *Smartflash* Is On Point

"As other courts have observed, when the case reaches post-trial motions, it is most efficient for the Court to move forward with all post-trial motions so that the Federal Circuit may review the entire case on appeal, including the validity . . . as soon as possible."

-- ***Smartflash LLC v. Apple, Inc.***, No. 6:13-cv-447-JRG, 2015 WL 3453343, at *11 (E.D. Tex. May 29, 2015)

"The primary cost of litigation is incurred pretrial and in a trial on the merits. Where a case has advanced past trial, it is not unreasonable for a district court to conclude that it is more efficient to resolve all the post-trial motions so that the case can be appealed. This is especially true here, where the district court is intimately familiar with the case, the technology, and the patents at issue after hearing six days of evidence and testimony."

-- ***Smartflash LLC v. Apple, Inc.***, 621 F. App'x 995, 1004 (Fed. Cir. 2015) (citation omitted)

# Defendants' Unfair Tactical Advantage

"[A] stay would present Apple with a clear tactical advantage and encourage gamesmanship through splitting invalidity defenses and delaying filing of CBM petitions."

-- ***Smartflash LLC v. Apple, Inc.***, No. 6:13-cv-447-JRG, 2015 WL 3453343, at *9 (E.D. Tex. May 29, 2015)

"By waiting to submit its petitions until almost the eve of trial and well after it filed its motion for summary judgment on the § 101 issue, Apple was able to first pursue its § 101 defense at the district court and then at the PTAB.  <u>As the district court correctly found, this strategy thus afforded Apple multiple opportunities to pursue a single defense—a clear tactical advantage</u>."

-- ***Smartflash LLC v. Apple, Inc.***, 621 F. App'x 995, 1003 (Fed. Cir. 2015) (emphasis added)

13

# Defendants' Unfair Tactical Advantage

"[Plaintiff] has a recognized interest in timely enforcement of its patent rights, and that interest is entitled to weight."

-- *Smartflash LLC v. Apple, Inc.*, No. 6:13-cv-447-JRG, 2015 WL 3453343, at *9 (E.D. Tex. May 29, 2015)

"[G]ranting a stay at the latest conceivable stage of district court litigation would encourage parties to misuse the CBM review."

-- *Smartflash LLC v. Apple, Inc.*, 621 F. App'x 995, 1001 (Fed. Cir. 2015) (emphasis added)

"[Plaintiff's] certain prejudice if the stay is continued pending the re-examination proceeding outweighs [Defendant's] speculative prejudice if the stay is not continued."

-- *Orion IP, LLC v. Mercedes-Benz USA, LLC*, No. 6:05-CV-322, 2008 WL 5378040, at *8 (E.D. Tex. Dec. 22, 2008)

# Prejudice to KAIST IP US

Prejudice to KAIST IP US:

- Defendants immunized their witnesses from being tested on the EPR references and grounds in trial examination

- Defendants were able to first pursue invalidity before this Court, before then pursuing invalidity at PTO with benefit of knowing KAIST IP US's positions & verdict

- Impact to Prof. Lee & KAIST research

Defendants' Position:

- no prejudice because KAIST IP US is just an NPE

- *Defendants* would be prejudiced by a denial of stay