IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KAIST IP US LLC,<br><br>          Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC, SAMSUNG SEMICONDUCTOR,<br>INC.,, SAMSUNG AUSTIN<br>SEMICONDUCTOR, LLC,<br>GLOBALFOUNDRIES, INC.,<br>GLOBALFOUNDRIES U.S. INC.,<br>QUALCOMM INC.,<br><br>          Defendants. | CIVIL ACTION NO. 2:16-CV-01314-JRG |

## FINAL JUDGMENT

A jury trial commenced in this case on June 11, 2018. On June 15, 2018, the jury returned a unanimous verdict (Dkt. No. 499) finding that Defendants Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, LLC (collectively, "Samsung"); GlobalFoundries, Inc. and GlobalFoundries U.S. Inc. (collectively, "GlobalFoundries"); and Qualcomm Inc. ("Qualcomm") each infringed one or more claims asserted by Plaintiff KAIST IP US LLC ("KAIST"), such claims being claims 1–6, 11–13, and 15–17 of U.S. Patent No. 6,885,055 (collectively, the "Asserted Claims"); that none of the Asserted Claims were invalid; that Samsung's infringement had been willful; that GlobalFoundries and Qualcomm's infringement had not been willful; that KAIST should recover from Samsung $400,000,000.00 for such infringement as a lump-sum royalty; that KAIST should recover from GlobalFoundries $0.00 for such infringement; and that KAIST should recover from Qualcomm $0.00 for such infringement.

On January 18, 2019, the Court issued findings of fact and conclusions of law, wherein the Court held that KAIST is not barred from asserting its patent infringement claims based on equitable estoppel or implied license. (Dkt. No. 574.) On February 13, 2020 the Court issued an Order addressing the parties' renewed motions for judgment as a matter of law, motion for new trial, and motion for enhancement of damages under 35 U.S.C. § 284. (Dkt. No. 676.) In that Order, the Court left undisturbed the jury's findings regarding infringement, invalidity, and willfulness but otherwise concluded that the evidence adduced a trial did not support a damages award higher than $101,501,708.00, that an enhancement of two-times that damages amount pursuant to § 284 was appropriate, and that a new trial on damages should be denied conditioned on a remittitur by KAIST of $203,003,416.00. (*Id.*) On February 19, 2020, KAIST accepted remittitur in the amount of $203,003,416.00. (Dkt. No. 677.)

KAIST has moved for entry of Final Judgment (Dkt. No. 587), which the Court now **GRANTS**.

Pursuant to Rule 58 of the Federal Rules of Civil Procedure and in accordance with the foregoing, the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows:

1. Samsung has infringed one or more of the Asserted Claims;
2. GlobalFoundries has infringed one or more of the Asserted Claims;
3. Qualcomm has infringed on or more of the Asserted Claims;
4. The Asserted Claims are not invalid;
5. Samsung's infringement was willful;
6. GlobalFoundries' infringement was not willful;
7. Qualcomm's infringement was not willful;

8. KAIST is hereby awarded damages from and against Samsung and shall accordingly have and recover from Samsung the sum of $203,003,416.00 U.S. Dollars;

9. KAIST is hereby awarded damages from and against GlobalFoundries and shall accordingly have and recover from GlobalFoundries the sum of $0.00 U.S. Dollars;

10. KAIST is hereby awarded damages from and against Qualcomm and shall accordingly have and recover from Qualcomm the sum of $0.00 U.S. Dollars;

11. Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule CV-54, and 28 U.S.C. § 1920, KAIST is the prevailing party in this case and shall recover its costs from Defendants, and KAIST is directed to file its proposed Bill of Costs;

12. Pursuant to 35 U.S.C. § 284, the Court awards pre-judgment interest applicable to all sums awarded herein, at the applicable prime rate for each quarter, compounded quarterly, from January 1, 2015 until the date of the entry of this Judgment;

13. Pursuant to 28 U.S.C. § 1961, the Court awards post-judgment interest applicable to all sums awarded herein, at the statutory rate, from the date of entry of this Judgment until paid; and further

KAIST's Motion for Exceptional Case and Award of Attorney Fees and Costs (Dkt. No. 585) is **CARRIED**. All other requests for relief now pending before the Court and not specifically addressed herein are **DENIED**. The Clerk is directed to **CLOSE** the above-captioned case.

**So ORDERED and SIGNED this 21st day of February, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE