# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| KAIST IP US LLC,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD.;<br>SAMSUNG ELECTRONICS AMERICA, INC.;<br>SAMSUNG SEMICONDUCTOR, INC.;<br>SAMSUNG AUSTIN SEMICONDUCTOR, LLC;<br>GLOBALFOUNDRIES INC.;<br>GLOBALFOUNDRIES U.S. INC.; and<br>QUALCOMM INC.,<br><br>    Defendants and Counterclaim-Plaintiffs. | Case No.: 2:16-cv-01314-JRG-RSP<br><br>JURY TRIAL DEMANDED<br><br>Honorable Rodney Gilstrap |

**KIPB'S OPPOSITION TO MOTION BY GLASER WEIL**

32428971

Plaintiff KIPB LLC, formerly known as KAIST IP US LLC, ("KAIST IP US") hereby responds to the motion and response filed by Glaser Weil, Dkts. 699 and 702.  The Glaser Weil motion should be struck and/or outright denied.  Glaser Weil has no standing to request this Court to issue orders.  This case was closed in February 2020, and Glaser Weil has never been and is not a party, intervenor or third-party plaintiff or defendant to this action.  Glaser Weil does not currently represent any party to this action nor has it been listed on the docket since on or about September 21, 2018, when it withdrew as counsel.  Dkt. 564.

Glaser Weil cites no authority that would allow it standing to intervene in this action.  Moreover, on its face, the Glaser Weil motion asks this Court to adjudicate a purported anticipatory breach of contract claim.  Such a claim has never been pled or asserted in this case or anywhere else in the country.  In fact, such a claim could not be filed in this Court.  The fee agreement between Glaser Weil and KIPB provides for breach of contract disputes between the parties to be handled through arbitration by either the Judicial Arbitration and Mediation Service (JAMS) or ADR Services, Inc. (ADR) in Los Angeles, California[1].  Thus, in essence, the Glaser Weil motion seeks an advisory opinion from this Court on a claim that has not even been filed and would never be filed in this Court.  Accordingly, Glaser's motion should be denied outright.

KIPB would also note for the Court that Glaser Weil's public, unsealed filings disclosed the privileged and confidential information of KIPB in violation of Glaser Weil's professional and ethical duties and responsibilities.  The Glaser Weil motion at Dkt. 699 literally quotes substantive content from the confidential attorney-client engagement agreement between Glaser Weil and KIPB.  KIPB did not authorize this disclosure.  It is a breach of attorney-client

---

[1] A copy of the fee agreement between Glaser Weil and KIPB can be made available for in camera inspection if the Court desires

privilege and confidentiality.  On the same day that Glaser Weil filed its motion at Dkt. 699, counsel for KIPB emailed the attorneys who had filed the Glaser Weil motion, notified them of the violation, and requested that they immediately withdraw the filing.  As of this filing, they have not responded, have not withdrawn the filing, and did not elect to file their motion under seal.

      For the foregoing reasons, KIPB respectfully requests that the Glaser Weil motion be struck from the docket and denied outright.[2]  This case and the related second case should be dismissed pursuant to the parties' stipulated motions, and any alleged third-party disputes over settlement proceeds left to the appropriate arbitration forum.

Date:  September 8, 2020

Respectfully submitted,

*/s/ Robert Christopher Bunt*

Robert Christopher Bunt
Texas Bar No. 00787165
PARKER, BUNT & AINSWORTH PC
100 E. Ferguson St., Suite 418
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
Email: rcbunt@pbatyler.com

*Attorneys for Plaintiff and Counterclaim-*
  *Defendant KIPB LLC*

---

[2] KIPB reserves all rights and claims, including to seek damages and sanctions, for Glaser Weil's violations.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on September 8, 2020.

*/s/ Robert Christopher Bunt*
ROBERT CHRISTOPHER BUNT